DANIEL J. HILL, ESQ.
NV Bar # 12773
WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN LLP
3556 East Russell Road, 2nd Floor
Las Vegas, Nevada 89120
Tel: (702) 341-5200
Fax: (702) 341-5300
DHill@wrslawyers.com
*Attorney for Defendant Ammon E. Bundy*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | CASE NO.: 2:16-CR-00046-GMN-PAL |
|---|---|
| Plaintiff, | **DEFENDANT AMMON E. BUNDY'S MOTION FOR TWO DAY EXTENSION TO FILE MEMORANDUM REGARDING COMPLEXITY AND MEMORANDUM** |
| vs. | |
| AMMON E. BUNDY, *et al.*, | |
| Defendants. | **Complex Case Hearing:** <br> **April 22, 2016 at 10:00 a.m.** |

This is defendant Ammon E. Bundy's ("Ammon") MOTION FOR TWO DAY EXTENSION TO FILE MEMORANDUM REGARDING COMPLEXITY. Ammon's memorandum regarding complexity is attached as **Exhibit A**.

On March 25, 2016, this Court entered an Order (Doc. 198) setting a hearing to determine this case's complexity for April 22, 2016. On that same date, this Court also ordered the defendants, in the event they could not agree with the government on a case setting, to file points and authorities in support of their position by April 18, 2016. *See* Order, Doc. 198. Undersigned counsel was appointed on this case on April 15, 2016, three days before that filing deadline. *See* Order Appointing Counsel, Doc. 260. Undersigned counsel has spent the last three days familiarizing himself with the voluminous docket in this matter and preparing for Ammon's detention hearing, currently scheduled for the same date as the date of this motion.

Accordingly, Ammon respectfully requests this Court to permit a two-day extension of time to file his memorandum regarding the complexity of this case, up to and including April 20, 2016, and to file the memorandum attached to this motion as (**Exhibit A**).

Respectfully submitted this 20th day of April 2016.

        **WOLF, RIFKIN, SHAPIRO,**
        **SCHULMAN & RABKIN, LLP**

        By: */s/ Daniel Hill*
        DANIEL HILL, ESQ.
        Nevada Bar No. 12773
        3556 E. Russell Road, Second Floor
        Las Vegas, Nevada 89120
        *Attorney for Defendant Ammon E. Bundy*

IT IS SO ORDERED.

Counsel shall forthwith separately file the memorandum which is attached as Exhibit A to this motion.

Dated: April 20, 2016

        _____
        Peggy A. Leen
        United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of April 2016, a true and correct copy of **DEFENDANT AMMON E. BUNDY'S MOTION FOR TWO DAY EXTENSION TO FILE MEMORANDUM REGARDING COMPLEXITY AND MEMORANDUM** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By  */s/ Jennifer Finley*
Jennifer Finley, an Employee of
WOLF, RIFKIN, SHAPIRO, SCHULMAN &
RABKIN, LLP

# EXHIBIT A

EXHIBIT A

DANIEL J. HILL, ESQ.
NV Bar # 12773
WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN LLP
3556 East Russell Road, 2nd Floor
Las Vegas, Nevada 89120
Tel:   (702) 341-5200
Fax:   (702) 341-5300
DHill@wrslawyers.com
*Attorney for Defendant Ammon Bundy*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AMMON E. BUNDY, *et al.*,<br><br>Defendants. | CASE NO.: 2:16-CR-00046-C<br><br>**DEFENDANT AMMON E. BUNDY'S MEMORANDUM IN OPPOSITION TO COMPLEX DESIGNATION**<br><br>**Complex Case Hearing:**<br>**April 22, 2016 at 10:00 a.m.** |

This is defendant Ammon E. Bundy's ("Ammon") MEMORANDUM IN OPPOSITION TO COMPLEX DESIGNATION, filed in accordance with the Court's March 25, 2016 Order (Doc. 198). For the following reasons, Ammon proposes that a generalized exclusion of time is inappropriate, and that his trial be set within the Speedy Trial Act's 70-day requirement subject to particularized requests and findings otherwise.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   **There is No Express Authority In The Speedy Trial Act for the Government's Proposed "Complexity" Designation.**

It is increasingly common for the government to ask courts to declare cases generally "complex," and for courts to issue a preemptive general tolling of time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.* ("STA"). But, there is no statutory authority for any broad, preemptive

Speedy Trial related orders declaring a case "complex" or for blanket exclusions of time. Instead, the STA provides a limited mechanism for the court to exclude specific periods of delay, only after granting a continuance of some proceeding. 18 U.S.C. § 3161(h)(7)(a) ("Any period of delay *resulting from a continuance* granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, *if the judge granted such continuance* on the basis of his finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.") (emphasis supplied). Further, the STA makes clear, "No such period of delay *resulting from a continuance*… shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served *by the granting of such continuance* outweigh the best interest of the public and the defendant in a speedy trial." *Id.* (emphasis supplied).

It is only in this context that the question of "complexity" even arises–specifically under 18 U.S.C. § 3161(h)(7)(B)(ii) and (iv).  Here, the STA provides a list of non-exclusive factors that a court must consider in determining *whether or not to grant a continuance* under this provision of the STA.  One factor is "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." *Id.* at §3161(h)(7)(B)(2). In this case, the government has pointed to no novel legal or factual questions, nor to any unique elements regarding the nature of the case.  The only factor at issue seems to be the government's choice to indict a large number of defendants.  In any event, the first question must be not whether the case is complex, but what continuance is at issue.  Until a specific continuance is at issue, there is no triggering of this provision, and there is no language in the STA addressing a court's advance, cart-blanche

determination that any case under any circumstance is by itself, "complex." This is because the STA provisions require that a case's complexity is not considered as a general matter, but as one factor – among many – in a circumstance-by-circumstance evaluation, with regard to a particular continuance, for a particular purpose, over a specified period of time.

The United States Supreme Court and the Ninth Circuit Court of Appeals have repeatedly, and for more than two decades, been working to reign in the over-broad use of this "ends of justice" provision particularly. *See e.g. Bloate v. United States*, 559 U.S. 196, 211, 130 S. Ct. 1345, 1356, 176 L. Ed. 2d 54 (2010) (expressly rejecting the notion that "pretrial motion" preparation time by itself is an adequate basis for excluding time under the Act); *Zedner v. United States*, 547 U.S. 489, 507, 126 S. Ct. 1976, 1989, 164 L. Ed. 2d 749 (2006) (expressly rejecting "passing reference to the case's complexity" as grounds for excluding time under the Speedy Trial Act). The Ninth Circuit has explained in detail:

> We take this opportunity once again to emphasize that the "ends of justice" exclusion in § 3161(h)(8) ***is not to be routinely applied***, and that it *may not be invoked in such a way as to circumvent the time limitations* set forth in the Act... The Speedy Trial Act and its amendments are the product of a series of delicate legislative compromises. The Act requires criminal cases to be brought to trial promptly, subject to certain, enumerated exceptions. This delicate balance could be seriously distorted if a district court were able to make a single, open-ended "ends of justice" determination early in a case, which would "exempt the entire case from the requirements of the Speedy Trial Act altogether"...Whatever substantive limitations our cases place on the application of that provision, we have also imposed significant procedural constraints on district courts that wish to exclude delay on the basis of the "ends of justice."

*United States v. Clymer*, 25 F.3d 824, 829 (9th Cir. 1994) (Internal citation omitted) (Emphasis supplied).

II.   **With No Specific Period of Continuance At Issue, There is No Statutory Basis for Declaring this Case as Generally "Complex" or for "Ends-Of-Justice" findings under the STA.**

The Ninth Circuit has long ago concluded that generic, advance findings and declarations of "complexity" are not appropriate or legally sufficient under the STA. In *United States v. Jordan*

3

the appellate court reversed the district court because it had "entered a 'general order' that the entire 33-defendant case was complex and came within the 'ends of justice' exclusion, thereby stopping the speedy trial clock." *United States v. Jordan*, 915 F.2d 563, 564 (9th Cir. 1990).

This is because all uses of the Speedy Trial Act's "ends-of-justice" continuances must be *narrowly construed*, on a circumstance-by-circumstance consideration. In contrast to the Act's automatically excluded periods of time, Section 3161(h)(7) gives the district court discretion, "within limits and subject to specific procedures," to exclude additional periods of time by "granting a continuance" for "limited delays" that address "case-specific needs." *Zedner*, 547 U.S. at 498-99. In doing so, the court must explicitly find that "the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. §3161(h)(7)(A). When a court purports to exclude any time through the granting of an ends of justice continuance, the law requires "procedural strictness" to ensure that the granting of such continuances does not "get out of hand and subvert the Act's detailed scheme." *Zedner*, 547 U.S. at 509.

The Ninth Circuit has repeatedly cautioned that such continuances should be a "rarely used" tool, *Clymer*, 25 F.3d 824, 828 (9th Cir. 1994), and when a court seeks to exclude any time from the 70-day Speedy Trial clock by way of an *ends-of-justice* continuance, it must take four specific and deliberate actions:

**First**, it must consider at least the following factors: (1) "Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice," § 3161(h)(7)(B)(i); (2) "Whether the case is so unusual or so complex" that "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Act," 3161(h)(7)(B)(ii); (3) "Whether the failure to grant such a continuance in the proceeding, in a case which taken as a

4

whole, is not so unusual or so complex," and asking in that context, whether such failure (a) "would deny the defendant reasonable time to obtain counsel," (b) "would unreasonably deny the defendant or the Government continuity of counsel," or (c) "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

**Second**, even if the above factors weigh in favor of granting a continuance and to exclude the intervening time from the Act's allowable 70-day clock, the court must also specifically find that: the "ends of justice" served by granting the continuance, "outweigh the best interests of the public and the defendant in a speedy trial." 18 USC § 3161(h)(7) (emphasis added).

**Third**, it must set forth: either orally or in writing, the reasons for concluding that the ends of justice served by the granting of the continuance "outweigh the best interests of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). These findings must made "express[ly]," and "explicitly." *Zedner*, 547 U.S. at 506 ("[T]he District Court's technical failure to make an express finding" is not excusable, and "if a judge fails to make the requisite findings regarding the need for an ends-of-justice continuance, the delay resulting from the continuance must be counted, and if as a result the trial does not begin on time, the indictment or information must be dismissed.") This is particularly true with a supposed "complexity" ruling, where the court must explain the relevance and nature of the discovery at issue, in detail. "[The Act] is not satisfied by the District Court's passing reference to the case's complexity…[and] [t]herefore, the [] continuance is not excluded from the speedy trial clock." *Zedner*, 547 U.S. at 507. It is clearly not sufficient to make findings sometime down the road, regarding the eventually revealed "nature" of the case or the "relevance" of discovery.

**Fourth**, it must actually grant a continuance. *See e.g. United States v. Doran*, 882 F.2d 1511, 1517 (10th Cir. 1989) ("The court did not even explicitly grant a continuance."); *United*

5

*States v. Koerber*, 813 F.3d 1262, 1278 (10th Cir. 2016) (Upholding a district court's finding that "ends-of-justice" continuances were routinely "invalid" under the STA, including instances where "no continuance was granted" but time excluded.)

There is simply no authority in the Act for a general exclusion of time by a preemptive finding of complexity to bypass the STA. Instead, § 3161(h)(7) is specifically predicated upon the court first granting a continuance. In *Bloate v. United States*, 559 U.S. 196, 214 (2010), the Supreme Court observed that a continuance presupposes a request for delay. "In considering any request for delay, whether the exclusion of time will be automatic or not, trial judges always have to devote time to assessing whether the reasons for the delay are justified, given both the statutory and constitutional requirement of speedy trials." *See also United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993) ("Excludable time includes delay resulting from a grant of continuance. A court may grant one if it finds that the "ends of justice" so require.")

### III. The government cannot delay a trial they insisted upon triggering by arraignment by seeking a "complexity" ruling.

The government waited years to bring this case, and then insisted upon arraigning Ammon despite his appearance in a separate out-of-district case. Now that it has demanded so and triggered the STA in this case, the government must not be allowed to use its charging discretion (adding so many defendants) or its discovery practices for the purposes of tactical delay.

First, in addition to the standard outlined above, when the government relies upon the claim of "voluminous" discovery to support a "complexity" determination, the Act requires the court to do more than simply take the government's word. As the Tenth Circuit has explained, the district court must examine the claimed "complexity" and make specific findings as "**to the nature of the recently disclosed discovery, the relevance or importance of the discovery**, or why the district court thought it proper to grant" a specific period of time excludable under the Act. *United States v.*

*Toombs*, 574 F.3d 1262, 1272 (10th Cir. 2009). But, in the present case, the government is impermissibly asking for a complexity determination before producing any discovery at all.

Second, this *Toombs*-style inquiry described by the Tenth Circuit is essential to guard against discovery practices designed to gain unfair advantage by circumventing the provisions of the Act. As the Utah District Court recently noted,

> To put the point simply, § 3161(h)(7) requires a valid 'reason' for the volume of discovery at issue to justify the 'ends-of-justice' being invoked over the public's and defendant's interests in a speedy trial, and that the court must inquire into the 'nature and relative importance' of the discovery. **Without this, the government might bypass speedy trial rights by dumping hundreds of thousands of irrelevant pages of so-called discovery in a defendant's lap and prolong its investigation, virtually indefinitely. This is precisely what happened here.** The 20 boxes of evidence proved largely irrelevant, gave the government a headline referring to a "mountain" of evidence (Dkt.222), and resulted in at least a year of delays before it certified that its document production was complete.(Def.'s Mot. Dismiss 46–47 [Dkt. No. 426].)

*United States v. Koerber*, No. 2:09-CR-00302, 2014 WL 4060618, at *5 (D. Utah Aug. 14, 2014) rev'd and remanded, No. 14-4107, 2016 WL 240537 (10th Cir. Jan. 21, 2016) (Reversed and remanded on other grounds) (Emphasis supplied).

Third, the number of defendants in a case is only one factor listed in the STA, thus this consideration by itself cannot be determinative. Further, if the proposed continuance is caused by the joinder of multiple defendants, the "ends-of-justice" determination, including the "complexity" factor must be analyzed separately under the STA for reasonableness. *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010).

IV. **Proposed trial schedule**

For the foregoing reasons, Ammon requests that this Court set a trial date for 70 days after his first appearance on April 15, 2016, subject to further particularized and proper determinations under the STA. Ammon further requests standard pretrial motions deadlines set for after the

1 disclosure of all evidence, and Jencks Act deadlines at a time before trial reasonably to allow
2 review.

## CONCLUSION

Defendant Ammon Bundy and most of his codefendants are imprisoned and suffering the attendant consequences of imprisonment. Despite the government's tactical choices, they have a right to go to trial, fairly *and* speedily. The STA does not support a blanket declaration of complexity with an accompanying exclusion of time. Accordingly, Ammon Bundy requests that the Court set his trial date for 70 days after his first appearance.

Respectfully submitted this 20th day of April 2016.

**WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP**

By: */s/ Daniel Hill*
DANIEL HILL, ESQ.
Nevada Bar No. 12773
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
*Attorney for Defendant Ammon Bundy*

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of April 2016, a true and correct copy of **DEFENDANT AMMON E. BUNDY'S MOTION FOR TWO DAY EXTENSION TO FILE MEMORANDUM REGARDING COMPLEXITY AND MEMORANDUM** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By  /s/ Jennifer Finley
Jennifer Finley, an Employee of
WOLF, RIFKIN, SHAPIRO, SCHULMAN &
RABKIN, LLP

9