DANIEL J. HILL, ESQ.
NV Bar # 12773
WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN LLP
3556 East Russell Road, 2nd Floor
Las Vegas, Nevada 89120
Tel:   (702) 341-5200
Fax:   (702) 341-5300
DHill@wrslawyers.com
*Attorney for Defendant Ammon E. Bundy*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>AMMON E. BUNDY, *et al.*,<br><br>  Defendants. | CASE NO.: 2:16-CR-00046-GMN-PAL<br><br>**DEFENDANT AMMON E. BUNDY AND DEFENDANT RYAN BUNDY'S JOINT MOTION TO SEVER** |

**Certification: This motion is timely filed.**

This is Defendant Ammon E. Bundy's ("Ammon") Motion to Sever, in which Defendant Ryan Bundy joins below. Ammon files this motion in compliance with the Court's Case Management Order (ECF No. 321). Given the preliminary review of the recently-disclosed discovery, Ammon anticipates that a joint trial may violate his right to confront witnesses, *will* violate his right to due process, *will* prevent him from eliciting exculpatory testimony, and may expose the jury to antagonistic defenses. Alternative to individual severance, and subject to revision after all of the discovery has been disclosed and analyzed, Ammon proposes that he and Defendants Ryan Bundy, Mel Bundy, and Davey Bundy ("the Bundy brothers") be severed and tried as a group.

//

//

//

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Ammon Bundy protested the BLM's militarized roundup of his father's cattle in the days leading up to an interaction with the BLM's main operatives on April 12, 2014, and was subsequently charged along with 18 others in a 16-count indictment. *See* ECF No. 27. Different counts name different defendants, and trial is set for February 2017. Shortly after Ammon's arraignment, the Court forecasted the unlikelihood of a 19-person trial and ordered that the defendants file their motions for severance early in this case. *See* Case Management Order, ECF No. 321.

After analysis of the allegations, preliminary review of the disclosed discovery, and Ammon's own investigation, Ammon anticipates the need for severance. But he is unable to present the grounds for severance with perfect precision. The government has not turned over all discovery in this matter and review of the discovery—which is voluminous although straightforward—will take some time. By order of the Court, the government produced its first two phases of discovery to the Federal Public Defender for dissemination to certain defendants. That discovery included 35 CDs of law enforcement videos and 1.34 terabytes of multimedia. Ammon obtained a copy of the partial discovery on May 20, 2016. Undersigned counsel has not yet been able to review all of the discovery produced, and Ammon is not able to review any of the discovery.[1] The government also has much discovery left to disclose, including law enforcement reports and co-defendant statements. Accordingly, Ammon anticipates seeking leave to supplement this motion with more particularized support and possibly to amend his position.

//
//
//
//
//

---

[1] Ammon filed a Motion for Joinder (ECF No. 457) to Mr. Payne's Motion (ECF No. 442) addressing their inability to review the discovery.

2

## II. ARGUMENT

Trial courts have broad discretion to sever if joinder would prejudice a defendant, even if the joinder is proper under Rule 8. *See* Fed. R. Crim. P. 14; *see also Zafiro v. United States*, 506 U.S. 534, 541 (1993). Courts should grant severance when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt[] or innocence." *United States v. Angwin*, 271 F.3d 786, 795 (9th Cir. 2001); *see also* Fed. R. Crim. P. 14(a) (permitting relief from joinder).

### A. A joint trial may violate Ammon's right to confront witnesses

When a co-defendant has given a statement that the government intends to introduce and that implicates another defendant, severance is the cure. *See Bruton v. United States*, 391 U.S. 123, 136-37 (1968); *see also Zafiro*, 506 U.S. at 539 (prejudice "when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a co-defendant."). The *Bruton* rule also applies to statements of non-testifying co-defendants. *See Richardson v. Marsh*, 481 U.S. 200, 201 (1987). Redaction does not suffice where the jury can deduce the identity of the redacted name. *See Gray v. Maryland*, 523 U.S. 185, 192 (1998). Neither can jury instructions always erase the prejudice. *See Bruton*, 391 U.S. at 132. Accordingly, a defendant's right to confront witnesses prevails over the government's right to joinder when the "defendant may be prejudiced by the admission in evidence against a co-defendant of a statement or confession made by that co-defendant…if the co-defendant does not take the stand." *Id*.

The government has not disclosed what, if any, statements made by co-defendants implicate Ammon or his brothers. If any such statements exist, and the co-defendant who made the statement is not going to testify, severance will be necessary. Ammon will be able to make such arguments with particularity once the government has fulfilled its discovery obligations.

### B. A joint trial will violate Ammon's right to due process given the evidentiary disparities

A "great disparity in proofs may be sufficient to allow a severance in certain cases[.]" *United States v. Monks*, 774 F.2d 945, 949 (9th Cir. 1985). This is because disparity in evidence against joined co-defendants may "prevent the jury from making a reliable judgment about guilt or

3

innocence." *Zafiro*, 506 U.S. at 539 ("When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened") (citing *Kotteakos v. United States*, 328 U.S. 750, 774-775 (1946)). Trying a defendant together with a co-defendant with disparate amounts of evidence against them implicates the defendant's Fifth Amendment due process rights. *See Spencer v. Texas*, 385 U.S. 554, 563-64 (1967).

Here, not all the co-defendants are named in all the counts, and different groups of co-defendants are alleged to have participated in radically different activities. A preliminary review of the available discovery along with Ammon's own investigation confirms that the evidence against some co-defendants differs in both kind and amount from the materials purporting to implicate Ammon. Ammon never possessed, much less brandished, any firearms during the protest. Instead, the evidence will show that Ammon took great measures to dissuade any protestors planning on going to the Bundy Ranch from bringing long guns. Neither did Ammon assume any of the "tactical positions" alleged in the superseding indictment. The evidence will show that Ammon spent the majority of his time cooking for and hosting a large group of sign-holding protestors. When Ammon approached the BLM gate in the Toquop Wash—which is captured on video and attached as Exhibit 1 to Ammon's Objections (ECF No. 365)—he informs the authorities that he merely planned on "staying here until [the BLM officers] are gone," adding, "that's what we're doing." Any evidence against co-defendants that allegedly shows them adopting "tactical positions" or holding long guns would needlessly and unduly prejudice Ammon and deny him his Fifth Amendment right to a fair trial.

Ammon will fully expound upon this ground for severance once a full investigation and review of the government's discovery is completed, but now alerts the Court to this near certainty.

**C.    A joint trial will deny Ammon access to exculpatory testimony**

A defendant's inability to elicit a co-defendant's exculpatory testimony, to the extent the co-defendant invokes his Fifth Amendment right not to testify, is also grounds for severance. *See United States v. Vigil*, 561 F.2d 1316, 1317 (9th Cir. 1977). In such circumstances, the defendant seeking to elicit the exculpatory testimony "must show that he would call the co-defendant at a severed trial, that the co-defendant would in fact testify, and that the testimony would be favorable to the moving defendant." *Id.* (citing *United States v. Wood*, 550 F.2d 435 (9th Cir. 1976). This showing can be

4

made by way of affidavit or proffer. *Id.* at 1317-18. To ensure the availability of the exculpatory testimony after severance, it is incumbent upon courts to try the severed defendant after the co-defendant is convicted or acquitted. *See United States v. Tham*, 948 F.2d 1107 (9th Cir. 1991).

Here, it is certain that Ammon's co-defendants can offer exculpatory testimony. Ammon's investigation has made him aware of multiple recorded statements of his co-defendants that are exculpatory in nature. Ammon's investigation indicates that similar recorded and/or written statements of more co-defendants exist. To comply with the Court's deadline, Ammon notifies the Court now of the existence of the exculpatory testimony. After full investigation and review of discovery, Ammon will seek leave to provide the Court with the necessary showing *Vigil* and *Wood* require.

### D. A joint trial may expose the jury to mutually antagonistic defenses

When joined co-defendants intend to present antagonistic or mutually-exclusive defenses, due process may require severance. *United States v. Tootick*, 952 F.2d 1078, 1080-82 (9th Cir. 1991). When co-defendants have antagonistic defenses, the jury often cannot assess the guilt or innocence of the co-defendants on an individual and independent basis. *Id.* at 1082. Co-defendants "who accuse each other bring the effect of a second prosecutor into the case with respect to their co-defendant." *Id.*

At this time, Ammon expects his defense at trial will be innocence. It is impossible at this stage in the case to discern what the co-defendants' theories will be. For the sake of preserving this ground for severance, Ammon raises it now. Ammon will supplement and finalize his position as regards co-defendant defenses once he completes his review of all discovery and fully analyzes the case.

### E. The Bundy brothers can be tried together

This Court has wide discretion to sever and try groups of co-defendants as it sees fit under due process. To serve judicial economy, Ammon proposes that the Bundy brothers be tried together. Ammon, by way of undersigned counsel, has conferred with Defendants Ryan and Davey Bundy, and they agree to this grouping. The undersigned continues to confer with Defendant Mel Bundy on the issue.

The Bundy brothers participated in the subject protest in largely the same ways, times, and places. It appears then that the government would offer many of the same witnesses against all four brothers. Furthermore, it is Ammon's position at this time that none of the foregoing grounds for

severance will apply to the brothers. Such is not the case with any of the other co-defendants with respect to the brothers. Ammon also anticipates that the exculpatory testimony noted above will likewise apply to all four brothers. Therefore, Ammon proposes that trying the Bundy brothers as their own group will both conserve judicial resources and alleviate prejudicial joinder concerns. Of course, this position is contingent upon review of the rest of the discovery, but Ammon does not anticipate any issues among the brothers at this time. Upon full review and analysis, Ammon will detail further the substantial factual similarities of the brothers' participation in the protest.

### III. CONCLUSION

If Ammon is tried with everyone else, prejudicial disparities in evidence and inability to access exculpatory testimony are certainties. *Bruton* issues and prejudicially antagonistic defenses are possibilities—undersigned counsel and Ammon need to review all of the discovery in this case before determining whether they exist. Because at least two grounds for severance are certain to arise, as detailed above, due process requires severance. At this time, to serve judicial economy, Ammon proposes that he be tried with Ryan Bundy, Mel Bundy, and Davey Bundy.

Respectfully submitted this 27th day of May 2016.

**WOLF, RIFKIN, SHAPIRO,**
**SCHULMAN & RABKIN, LLP**

By: */s/ Daniel J. Hill*
DANIEL J. HILL, ESQ.
Nevada Bar No. 12773
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
*Attorney for Defendant Ammon E. Bundy*

//
//
//
//
//
//

Defendant Ryan Bundy ("R. Bundy"), *pro se*, is in a substantially similar factual and legal position as Ammon Bundy in this case, adopts the foregoing arguments, and for the same reasons moves for severance. R. Bundy also agrees that due process and judicial economy support the severance of R. Bundy, Ammon Bundy, Mel Bundy, and Davey Bundy to be tried as a group. R. Bundy reserves the right to amend this position after a full review of all the discovery, but does not anticipate any issues arising among the Bundy brothers. To the extent that the Court requires a motion for joinder in lieu of this joint motion to preserve R. Bundy's standing, R. Bundy moves to join Ammon's foregoing arguments.

Respectfully submitted this 27th day of May 2016.

By: */s/ Ryan Bundy*
RYAN BUNDY, *pro se*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of May 2016, a true and correct copy of **DEFENDANT AMMON E. BUNDY AND DEFENDANT RYAN BUNDY'S JOINT MOTION TO SEVER** was served via the United States District Court CM/ECF system on all parties or persons requiring notice

By  */s/ Jennifer Finley*
Jennifer Finley, an Employee of
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP