1
2
3
4            UNITED STATES DISTRICT COURT
5                 DISTRICT OF NEVADA
6                        * * *
7    UNITED STATES OF AMERICA,              Case No. 2:16-cr-00046-GMN-PAL
8                            Plaintiff,
9            v.                                        **ORDER**
10   CLIVEN BUNDY, et al.,              (Amended Mot. to Intervene – ECF No. 358)
                             Defendants.
11

12          This matter is before the Court on the Motion to Intervene (ECF No. 355) and Amended

13   Motion to Intervene (ECF No. 358)[1] filed by Proposed Intervenors the Las Vegas Review

14   Journal, Battle Born Media, and the Associated Press (jointly, "Proposed Intervenors")

15   requesting leave to file an opposition to the Government's Motion for Protective Order (ECF

16   Nos. 354/357).   The Amended Motion is referred to the undersigned pursuant to 28 U.S.C.

17   § 636(b)(1)(A) and LR IB 1-3 and 1-7 of the Local Rules of Practice.  The Court has considered

18   the Amended Motion, the Government's Opposition (ECF No. 428) and Proposed Intervenor's

19   Reply (ECF No. 464).

20   **I.       THE LOCAL RULES OF PRACTICE AND CM/ECF FILING PROCEDURES**

21          The Proposed Intervenors also filed a "Supplement" (ECF No. 411) to their motion to

22   intervene and proposed opposition on May 13, 2016, after the Government filed its Motion for

23   Protective Order.  The "Supplement" was filed without leave of the Court and in violation of the

24   Local Rules of Practice, which provide that "[a] party may not file supplemental pleadings,

25   briefs, authorities, or evidence without leave of court granted for good cause."  LR 7-2(g).  The

26

27   _____
     [1]   The Amended Motion to Intervene added the Associated Press to the intervention request and
28   terminated the initial Motion to Intervene.  Thus, the Court will only address this amended motion.

                                           1

1   Court will not permit parties and non-parties to circumvent the rules in a never ending attempt to

2   have the last word.  The "Supplement" is stricken.

3        Additionally, the Amended Motion and attached proposed opposition failed to comply

4   with the Local Rules' requirements that: (1) a document be filed as a Portable Document Format

5   (PDF) and word-searchable,[2] *see* LR IC 2-2(a)(1); and (2) exhibits or attachments "be attached

6   as separate files."   LR IC 2-2(a)(3)(A).   Electronic filers are prohibited from combining a

7   motion, memorandum of points and authorities, declaration, and/or exhibits into one PDF

8   document and then filing that single PDF as the "main document" in CM/ECF's document

9   upload screen.  *Id*. (exhibits "must not be filed as part of the base document in the electronic

10  filing system").   This practice makes it impossible for the Clerk of the Court to seal or unseal

11  specific documents as needed because the docketing clerks cannot separate the pages for sealing

12  purposes.  *See* LR IA 10-5(b).  Instead, the Local Rules require litigants to save *each* document

13  or exhibit they want sealed as a separate PDF document and then file each PDF in CM/ECF's

14  document upload screen as "attachments" to a main document.[3]   Counsel are responsible for

15  informing themselves and instructing their staff regarding the correct electronic filing

16  procedures.[4]   The shortcut of filing only one PDF inevitably causes additional work for the

17  Court, docketing clerks, and the parties.   Failure to follow the Local Rules of Practice and

18  CM/ECF filing requirements will further delay and complicate the Court's review of an already

19  voluminous docket.

20  / / /

21  / / /

22

23  [2]  Searchable PDF documents may be created directly from a word processing file or by utilizing optical character recognition (OCR).

24  [3]   The Court is not attempting to nitpick counsel for what may seem, at first blush, a minor non-
25  compliance issue.  Ironically, given the nature of the motion now before the Court, one of the reasons for these rules is to increase public access to judicial records.

26  [4] The parties are encouraged to contact the CM/ECF Helpdesk at (702) 464-5555 prior to filing should
27  they have any technical questions.  For additional direction, the parties may also refer to the updated procedures in *CM/ECF Version 4.0 Enhancements and Changes*, which is available on the Court's website.  The parties are expressly cautioned that the Court may strike from the record any prospective
28  filings that fail to comply with the Local Rules.

## II.    PROPOSED INTERVENORS' AMENDED MOTION TO INTERVENE

The Federal Rules of *Civil* Procedure explicitly provide for intervention, *see* Fed. R. Civ. P. 24; however, the Federal Rules of *Criminal* Procedure do not.  *United States v. Loughner*, 807 F. Supp. 2d 828, 830 (D. Ariz. 2011) (citing *United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008) ("The Federal Rules of Criminal Procedure make no reference to a motion to intervene in a criminal case."); *United States v. Blagojevich*, 612 F.3d 558, 559 (7th Cir. 2010) (same)). Although the general rule is that "the right of a non-party to intervene in a criminal proceeding is doubtful," *In re Globe Newspaper Co.*, 920 F.2d 88, 90 (1st Cir. 1990), federal courts generally have permitted limited intervention by the media for the purpose of pursuing a request for access to material made part of the record during court proceedings.  *See, e.g.*, *Aref*, 533 F.3d at 81; *In re Associated Press*, 162 F.3d 503, 507 (7th Cir. 1998) (collecting cases); *Stephens Media, LLC v. Eighth Jud. Dist. Ct.*, 221 P.3d 1240, 1247 (Nev. 2009) ("[S]everal federal jurisdictions have held that because the First Amendment implicitly guarantees the right to access criminal trials, motions to intervene are procedurally proper when the public or press seeks to intervene for the limited purpose of accessing a criminal proceeding or court documents.").

Intervention is typically linked to the public's presumptive right of access to court documents and records.  *Loughner*, 807 F. Supp. 2d at 830.  In general, the press and the public have a qualified First Amendment right of access to pretrial hearings and documents.  *Seattle Times Co. v. U.S. Dist. Ct.*, 845 F.2d 1513, 1515. (9th Cir. 1988).  The Ninth Circuit has not expressly held the press has a right to intervene to challenge access to judicial proceedings and records in criminal cases; however, it has held that the press has standing to seek review of orders denying access to judicial proceedings or documents by petition for writ of mandamus. *See, e.g.*, *Oregonian Publ'g Co. v. U.S. Dist. Ct.*, 920 F.2d 1462, 1465 (9th Cir. 1990); *Seattle Times*, 845 F.2d at 1515; *United States v. Brooklier*, 685 F.2d 1162, 1165–66 (9th Cir. 1982); *Sacramento Bee v. U.S. Dist. Ct.*, 656 F.2d 477, 480 (9th Cir. 1981)

Here, the Proposed Intervenors' Amended Motion to Intervene (ECF No. 358) requests leave to file an opposition to the Government's Motion for Protective Order.  The Amended Motion argues that the events giving rise to this case have received extensive local and national

media attention. This is particularly so because Defendants have been active critics of the federal government for years. The Proposed Intervenors are media organizations that have reported on this case and will continue to do so because the case is "of vital interest to their readership." *Id*. at 3. The Proposed Intervenors assert that this case is a matter of public interest and they should be allowed to intervene to voice concerns regarding limits to access to information. They recognize that the Federal Rules of Criminal Procedure and the Court's Local Rules do not provide for a motion to intervene in criminal cases, but they argue that, because the First Amendment implicitly guarantees the right to access criminal trials, intervention is procedurally proper when the press seeks to intervene for the limited purpose of accessing a criminal proceeding or court documents. *Id*. (citing *Stephens Media*, 221 P.3d at 1247; *Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 609 n.25 (1982) (holding that the press or the public must be given an opportunity to be heard where a court contemplates excluding them from access to hearings or records in a criminal trial)).

The Government opposes the Amended Motion to Intervene because the documents the Government seeks to protect with a protective order are the fruits of a criminal investigation—not court documents. *See* Gov't Opp'n (ECF No. 428). The Proposed Intervenors and the public at large do not have a right of access to criminal discovery in the same way they do for documents filed with the court or hearings and trials in criminal cases. Therefore, the Government asserts that intervention is improper. The Government's argument primarily addresses the Proposed Intervenors' substantive reasons why a protective order should not be issued rather than the request to intervene.

Here, the Proposed Intervenors are not seeking leave to intervene to gain access to court proceedings or judicial records. Rather, they seek to weigh in on the propriety of a protective order sought by the Government to limit disclosure of pretrial discovery. There is no general right of access to information a government official knows but has not released to the public. *Blagojevitch*, 612 F.3d at 562; *see also Los Angeles Police Dep't v. United Reporting Publ'g Co.*, 528 U.S. 32, 40 (1999) (no First Amendment right to names and addresses of arrested individuals); *Houchins v. KQED, Inc.*, 438 U.S. 1 (1978) (no First Amendment right to enter a

county jail, interview inmates, and take pictures). The Proposed Intervenors have also not shown they have a legitimate interest in the motion for protective order that cannot be protected by the Defendants and their counsel without an opportunity to intervene.

However, the indictment in this case followed a two-year investigation and a decades' long series of disputes between Defendant Cliven Bundy and the federal government over land use restrictions and federal laws and regulations. Mr. Bundy's co-defendants are his family and supporters. Defendants claim they were peacefully protesting government overreaching, some of them while exercising their Second Amendment right to bear arms. The Government claims Bundy and his co-defendants planned and led an armed assault to threaten, intimidate, and extort law enforcement officers from carrying out lawful orders of this Court. It has generated considerable public debate about the Constitutional role of the federal government in owning large amounts of land in the western United States. Additionally, this Court has been accused in documents on file in this case, and elsewhere, of being "corrupt" and doing the bidding of members of the executive and legislative branches, including Nevada's senior Senator and the President of the United States.

As the Second Circuit has eloquently written, "[t]ransparency is pivotal to public perception of the judiciary's legitimacy and independence." *Aref*, 533 F.3d at 83. Federal judges are not elected. We claim legitimacy not by election, but by reason. The Constitution grants the federal judiciary "neither force nor will, but merely judgment." The Federalist No. 78 (Alexander Hamilton). The Court finds that allowing intervention will promote transparency and the integrity of the judicial proceedings in this case. The Court will therefore grant the Amended Motion to Intervene for the limited purpose of opposing the Government's Motion for Protective Order.

**IT IS ORDERED:**

    1. Proposed Intervenors Las Vegas Review Journal, Battle Born Media, and the Associated Press' Amended Motion to Intervene (ECF No. 358) is GRANTED for the limited purpose of opposing the Government's Motion for Protective Order.

2. Intervenors shall separately file the proposed opposition and attached exhibits in compliance with the Court's CM/ECF filing procedures and the Local Rules of Practice.

3. The Clerk of the Court is instructed to STRIKE the Supplement (ECF No. 411) from the docket.

Dated this 1st day of July, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE