UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLIVEN BUNDY, et al.,<br><br>Defendants. | Case No. 2:16-cr-00046-GMN-PAL<br><br>**ORDER**<br><br>(Emerg. Mot. Reconsider – ECF No. 600;<br>Mot. for Joinder – ECF No. 604) |

This matter is before the Court on the Defendant Ryan W. Payne's Emergency Motion to Reconsider (ECF No. 600), filed July 12, 2016. Also before the court is Defendant Ammon E. Bundy's Motion for Joinder (ECF Nos. 604) to Payne's Motion. These motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-7 of the Local Rules of Practice. The Court has considered the motions and the government's Response (ECF No. 614), filed July 26, 2016.

On July 8, 2016, the court entered an Order (ECF No. 590) denying Mr. Payne's Motion to Compel Electronic Access to Legal Materials and the Ability to Communicate Telephonically with Defense Counsel in a Confidential Manner (ECF No. 442).[1] The Order noted that Mr. Payne was in custody pending trial in the District of Oregon in *United States v. Bundy et al.*; Case No. 3:16-cr-00051-BR. The motion asked for numerous forms of relief including an order that be provided with a laptop loaded with all of his Nevada discovery to review CDs/DVDs as well as connection to an external hard drive that holds multiple terabytes of data so that he could review his Nevada discovery. Because the detention facility in Oregon in which he is detained

---

[1] Defendant Ammon Bundy also joined Payne's first motion. *See* Joinder Mot. (ECF No. 457); June 15, 2016 Order (ECF No. 527).

1

was unable to provide electronic access to discovery, Payne asked for an order directed to the USM to transport him to another facility which could provide electronic access. The court found that Payne had not indicated what, if any, steps had been taken to work with the Multonmah County Inverness Jail, Payne's Oregon counsel, the United States Marshal Service ("USM"), or Senior District Judge Robert E. Jones to facilitate access to discovery materials in this case. Order (ECF No. 590) at 2.

On July 12, 2016, Mr. Payne filed the Emergency Motion to Reconsider (ECF No. 600), asking the court to revisit its ruling on various grounds. On July 19, 2016, Mr. Payne entered a guilty plea in the Oregon case before the Honorable Anna J. Brown. *See* Oregon Minute Order (ECF No. 904). The next day, July 20, 2016, Judge Brown issued an order granting Mr. Payne's motion to revoke the order of detention in the Oregon case. *See* Oregon Order (ECF No. 916). Mr. Payne was therefore released to the custody of the USM for transport to the District of Nevada to resolve this case. *Id*.

Mr. Payne's plea in the Oregon case and imminent transport to Nevada renders his current motion moot. As the government pointed out in its Response (ECF No. 614), Mr. Payne's access to discovery and counsel will change upon his transfer to this district.

The court recently addressed similar discovery access issues in its July 8, 2016 Order (ECF No. 588) on Defendant Eric Parker's Motion for Miscellaneous Relief (ECF No. 496), which requested an order allowing possession of thumb and hard drives at the Nevada Southern Detention Center in Pahrump, Nevada. The court's asked the USM to investigate and report on pretrial detainees' access to electronic discovery at the Pahrump detention center. The USM reported that the detention center's policies on access to discovery materials do not require a court order "to allow a detainee to have access to removable media such as an external hard drive or thumb drives." Order (ECF No. 588) at 2. However, the detention center does require prior approval from the USM through Senior Inspector Steven Carpenter to ensure that the requesting party is known to the USM as counsel of record who has a legitimate need to provide a client

/ / /

/ / /

2

1  with discovery via removable media. *Id.*[2]  Although detainees are not allowed to keep
2  removable media in a cell or dormitory, they may access the media on computers in the law
3  library. *Id.* The law library has 17 computers, 13 of which also have access to Lexis/Nexis. *Id.*
4  Detainees are allowed access to the law library 25 hours per week. *Id.* The USM also reported
5  that requests of this nature can be addressed directly by the detention center and/or the USM. *Id.*
6  Co-defendant Parker's motion was granted to the extent that counsel were required to follow the
7  procedure outlined in the order to request USMS written approval. *Id.* Additionally, the court
8  ordered all defense counsel in this case to comply with the following:

> 1. Counsel for the Defendants shall attempt to resolve requests for access to discovery and attorney-client visits directly with [the detention center] and the USMS before filing formal motions. Any motion for relief from this court shall provide a certification that counsel made good faith efforts to resolve issues of this nature without court intervention. The certification shall provide the details of the dates, times, persons contacted, the substance of the discussions, and result.
> 2. Failure to comply with the requirements of this order may result in summary denial of any future motion making requests of this nature.

*Id.*

Defendant Ammon Bundy has requested leave to join in Payne's motion. He is charged in the Oregon case and this case and is currently detained in Oregon. Ammon Bundy asserts that joinder is appropriate because he "is situated identically to Payne as regards the relief sought." Joinder Mot. (ECF No. 604). Mr. Payne's guilty plea has changed the situation as he will soon be transported to this district where he will have access to his counsel and discovery. Ammon Bundy is awaiting trial in Oregon and will be transported here once his Oregon case is resolved. His Nevada lawyer may visit him, communicate with him and discuss this case and the discovery produced in this case with him, and seek accommodation from the detention facility where he is detained in Oregon for access to his Nevada discovery. However, the court will not enter orders in this case potentially disruptive of proceedings in the Oregon case where extraordinary measures have been taken to facilitate the defendants' access to discovery.

---

[2] To obtain written approval for a client's access to removable media (hard drives and thumb drives) loaded with discovery, counsel should contact Senior Inspector Carpenter at 702-388-6355. Court orders are not necessary for routine requests of this nature.

3

Accordingly,

**IT IS ORDERED:**

1. Defendant Ryan W. Payne's Emergency Motion to Reconsider (ECF No. 600) is DENIED.

2. Defendant Ammon E. Bundy's Motion for Joinder (ECF No. 604) is DENIED without prejudice.

3. Defense counsel are instructed to comply with the court's July 8, 2016 Order (ECF No. 588) before filing any future motion for requests of this nature.

Dated this 5th day of August, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE