UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br>v.<br><br>CLIVEN BUNDY, et al.,<br><br>                              defendants. | Case No. 2:16-cr-00046-GMN-PAL<br><br>**ORDER**<br><br>(Mot. Suppl. Resp. – ECF No. 971) |

This matter is before the court on the government's Motion to Supplement its Responses to Defendants' Motions to Sever (ECF No. 971), filed November 13, 2016. This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

In a Case Management Order (ECF No. 321), entered April 26, 2016, the court found that this case is complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii), and set the trial for February 6, 2017. The Case Management Order also established deadlines for discovery and pretrial motions, including severance motions. In May and June 2016, 18 of the 19 defendants filed (or joined in) motions to sever filed by other co-defendants.[1] Most of the defendants seek individual trials. Some defendants have proposed that they be tried in a smaller subset of defendants. The severance motions are based on prejudicial joinder arguments. At the time defendants' filed their motions to sever and joinders, discovery was at an early stage and defense counsel had not yet completed their review of the government's discovery disclosures. The government provided voluminous discovery in early May, 2016, but is withholding Jencks Act material until 30 days before trial.

---

[1] *See* ECF Nos. 429, 451, 456, 460, 462, 465, 467, 469, 470, 472, 474, 477, 493, 550, 561, 566.

The current motion (ECF No. 971) notes that the government filed oppositions to each of the defendants' severance motions, arguing that the nature of the allegations and charges made this case appropriate for joinder and that defendants had not shown a joint trial would manifestly prejudice them. *Id*. at 6. The governments' responses objected to individual trials, and did not propose an alternative to a single 19-defendant trial.[2]  *Id*.  The government states it took this position because, when it filed its oppositions to the motions to sever, it was unclear whether all of the defendants would be available for the February 2017 trial as a number of defendants were also charged in the District of Oregon and awaiting trial. The charges against the defendants who were also charged in the District of Oregon have now been resolved, and all of the remaining 17 defendants will be available for the trial set in February 2017. The government has concluded that there is little likelihood that any more defendants will resolve their case short of trial. The government therefore seeks leave to submit a supplemental response to defendants' severance motions and its own request and proposal for severance.

The government now argues the court should exercise its inherent authority to manage its docket and order severance because a joint trial of all 17 remaining defendants would unreasonably increase the amount of time it takes to try all defendants, result in greater delay, confusion and difficulty in maintaining an orderly and efficient proceeding. It seeks to align defendants into proposed groupings of three-tiers for three separate trials:

- **Tier 1 – Leaders and Organizers**: Defendants Cliven Bundy, Ryan Bundy, Ammon Bundy, Peter Santilli, and Ryan Payne.
- **Tier 2 – Mid-level Leaders and Organizers and Follower-Gunmen**: Defendants Dave Bundy, Mel Bundy, Joseph O'Shaughnessy, Brian Cavalier, Jason Woods and Micah McGuire.
- **Tier 3 – Follower-Gunmen**: Defendants Ricky Lovelien, Todd Engel, Gregory Burleson, Eric Parker, O. Scott Drexler, and Steven Stewart.

---

[2] Two of the 19 defendants, Gerald A. DeLemus and Blaine Cooper, have now resolved their cases by entering guilty pleas.

On November 10, 2016 counsel for Santilli filed an Emergency Motion for a Case Management Conference (ECF No. 960). The motion requested an emergency hearing because there are 17 defendants set for trial "and it is logistically impossible to conduct a trial in our District with so many defendants." The motion requested a list of defendants the court will require to be prepared for trial on February 6, 2016, a discussion of a proposed protective order to assist defense counsel with their calendars in other courts, a sealed CJA budget for expert, jury consultants etc., and a discussion of "other matters" individual defense counsel and the government may raise in supplements. The district judge entered a Minute Order (ECF No. 968) the same day denying the motion as premature "as the court has not yet ruled on pending motions to sever."

The court was in the process of finalizing orders on defendants' pending severance motions when the government's motion to supplement was filed. The parties are advised that the court is not at all inclined to order individual trials of all remaining 17 defendants awaiting trial. Additionally, the parties are advised that the district judge, her staff, and clerk's office staff have done considerable work to examine and address the challenges of a 17 defendant trial. The court has reached the conclusion that it is simply not logistically possible to try all 17 defendants in a single trial. A severance will be ordered. The only remaining questions for the court to decide are how many trials should be ordered, and which defendants are appropriately tried together. As indicated, most of the defendants have asked for separate trials. Cliven Bundy seeks a separate trial. Ammon and Ryan Bundy ask to be tried with their brothers, Mel and Dave. Mel and Dave Bundy want to be tried separately from all of their co-defendants. There are two other defense proposals for separate trials of smaller groups. However, not all of the defendants in the proposed smaller groups want to be tried with the defendants making the proposals.

Most, if not all, of the motions to sever asked for leave to supplement the motions once defendants had an opportunity to review the discovery. The defendants have now had more than six months to review the voluminous discovery produced by the government with enormous assistance and technical support from a court appointed Coordinating Discovery Attorney, Russell Aoki, his technical support staff, and outside vendors. No defendant has filed a request to supplement. To avoid duplicative motion practice and conserve judicial resources, the court grants

1 the government's request to supplement its responses to the severance motions. The court will
2 also grant all of the defendants' requests to supplement their severance motions with more specific
3 arguments supported by their review of the discovery as part of their response to the government's
4 new proposal to sever the defendants into three groups in three separate trials.

5 **IT IS ORDERED:**

6 1. The Government's Motion to Supplement its Responses to defendants' Motions to Sever (ECF No. 971) is GRANTED.
7 2. Each defendant shall have until **November 30, 2016, to file a single response to the government's severance proposal and supplement his motion to sever**.
8 3. The responses and supplements **shall be limited to 20 pages, excluding exhibits**.
9 4. The government shall have until December 7, 2016 to file replies.
10 5. The government's replies **shall be limited to 10 pages, excluding exhibits**.

Dated this 15th day of November, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE