# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA, )
                          )
          Plaintiff,      )    Case No.: 2:16-cr-46-GMN-PAL
   vs.                    )
                          )    **ORDER**
RYAN W. PAYNE,            )
                          )
          Defendant.      )
_____)

Pending before the Court is the Report and Recommendation (ECF No. 589) entered by Magistrate Judge Peggy A. Leen on July 8, 2016, denying Defendant Ryan W. Payne's ("Defendant's") Motion to Dismiss (ECF No. 291). Defendant timely filed his Objection (ECF No. 612), to which the Government filed a Response (ECF No. 627).[1]

## I.     BACKGROUND

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment charging Defendant and eighteen other co-defendants with sixteen counts related to a confrontation with Bureau of Land Management (BLM) Officers in Bunkerville, Nevada, on April 12, 2014. (ECF No. 27). On March 8, 2016, a federal grand jury sitting in the District of Oregon also returned a Superseding Indictment charging Defendant and other co-defendants with three counts[2] related to an occupation of the Malheur National

---

[1] On August 9, 2016, Defendant Ammon E. Bundy ("A. Bundy") filed a Motion for Joinder (ECF No. 628) to Defendant's Objection (ECF No. 612). Pursuant to District of Nevada Local Rule IB 3-2(a), any objections to a magistrate judge's report and recommendation must be filed within 14 days of service. A. Bundy's Motion for Joinder was not filed within the 14-day deadline to be considered as an Objection to Judge Leen's Report and Recommendation. Accordingly, the Court denies A. Bundy's Motion for Joinder (ECF No. 628) as untimely.

[2] The District of Oregon Superseding Indictment included six counts, but Defendant was only charged with three of the counts. (*See* Superseding Indictment, *United States v. Payne*, Case No. 3:16-cr-00051-BR (D. Or. Mar. 8, 2016), ECF No. 250).

1 Wildlife Refuge in Harney County, Oregon, from January 2, 2016, to February 12, 2016.

2 (Superseding Indictment, *United States v. Payne*, Case No. 3:16-cr-00051-BR (D. Or. Mar. 8,

3 2016), ECF No. 250).[3]

In his Motion to Dismiss, Defendant seeks to dismiss his case with prejudice because of "the government's decision to simultaneously pursue two separate federal criminal cases against [him] in two separate federal district courts." (Mot. to Dismiss 3:3–5, ECF No. 291). Specifically, Defendant asserts that his Fifth and Sixth Amendment rights to a speedy trial, effective assistance of counsel, and due process "will be violated if he is forced to litigate both the Oregon and Nevada cases simultaneously." (*Id.* 14:1–2, 17:1–2, 18:13–14). In her Report and Recommendation, Judge Leen rejected these arguments and recommended denial of the Motion. (R. & R. 10:23–11:21, ECF No. 589).

## II. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

## III. DISCUSSION

Defendant asserts several objections to Judge Leen's Report and Recommendation denying his Motion to Dismiss. (Obj., ECF No. 612). Defendant argues that Judge Leen erred by failing to "directly address" his argument that "the government's conduct [in charging him

---

[3] On July 19, 2016, Defendant changed his plea to guilty in the District of Oregon case. (Entry of Plea Hearing, *Payne*, Case No. 3:16-cr-00051-BR (D. Or. July 19, 2016), ECF No. 904). However, Defendant has since filed a Motion to Withdraw Guilty Plea (Mot. to Withdraw, *Payne*, Case No. 3:16-cr-00051-BR (D. Or. Oct. 12, 2016), ECF No. 1421), for which briefing has not yet concluded (*see* Order, *Payne*, Case No. 3:16-cr-00051-BR (D. Or. Nov. 23, 2016), ECF No. 1580).

in two federal district courts] impermissibly forced him to elect between exercising his constitutional rights under the Fifth and Sixth Amendment in the Oregon case or in the Nevada case." (*Id.* 3:9–12). More specifically, Defendant reasserts his arguments from his Motion to Dismiss, arguing that his constitutional rights to a speedy trial, effective assistance of counsel, and due process have been violated. (*Id.* 6:12–12:21). As such, these objections do not present new or rebuttal legal arguments, but rather request that this Court reject Judge Leen's determinations.

Having reviewed the record in this case *de novo*, the Court agrees with the analysis and findings of Judge Leen in her Report and Recommendation (ECF No. 589) denying the Motion to Dismiss and incorporates them by reference in this order. The Court finds that neither Defendant's Motion to Dismiss nor his Objection provide sufficient support for the extreme remedy requested. As Judge Leen explained, Defendant brought these issues before the Ninth Circuit on an interlocutory appeal, alternatively requesting mandamus relief, and the Ninth Circuit "declined to grant . . . [Defendant's] request for mandamus relief finding [he] had not established 'exceptional circumstances amounting to judicial usurpation of power.'" (R. & R. 11:10–12). The Court finds that Defendant's speculation as to prejudice does not amount to ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 688, 687 (1984) (providing the standard for ineffective assistance of counsel, which includes prejudice to the defendant); *see also United States v. Lucas*, 873 F.2d 1279, 1281 (9th Cir. 1989) (distance between counsel and detained defendant did not amount to actual or constructive denial of assistance, thereby still requiring a showing of prejudice for ineffective assistance of counsel). Defendant has similarly failed to support his assertion for a due process violation with any clear factual support beyond vague references to "facts, evidence, and witnesses . . . lay[ing] idle." (Obj. 12:15–17).

The Court also finds that Defendant's speedy trial rights have not been violated, as the time pending trial has been properly excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h). The Court previously overruled a similar objection by one of Defendant's co-defendants, Brian Cavalier ("Cavalier").[4] (*See* Order on Obj., ECF No. 523). Cavalier filed an Objection (ECF No. 314) to Judge Leen's Order vacating the April 25, 2016 calendar call and May 2, 2016 trial date (ECF No. 310). Based on the argument included in the Objection, the Court construed this Objection to also be against Judge Leen's Case Management Order (ECF No. 321). (*See* Order on Obj. 1:11 n.1).[5] Cavalier objected to the designation of the case as complex, along with any continuance of the trial on the basis that it violated his speedy trial rights. (Order on Obj. 2:6–7, 3:8–12). The Court overruled Cavalier's Objection, finding that "Judge Leen did not err in designating this case as complex." (*Id.* 4:5–6). The Court additionally found that the continuance of the trial did not violate Cavalier's speedy trial rights, as Judge Leen properly "made specific factual findings to support her reasons for continuing trial and tolling the Speedy Trial Act," while also "provid[ing] a specific limitation to the continuance." (*Id.* 6:18–21); *see United States v. Lloyd,* 125 F.3d 1263, 1268 (9th Cir. 1997). This same finding—"the ends of justice served . . . outweigh the best interests of the public and the defendant in a speedy trial"—applies to Defendant, whose speedy trial rights have similarly not been violated. *See* 18 U.S.C. § 3161(h)(7)(A).

Accordingly, Defendant's Objections (ECF No. 612) are overruled. The Court accepts and adopts Judge Leen's Report and Recommendation (ECF No. 589) to the extent that it is not inconsistent with this opinion and denies Defendant's Motion to Dismiss (ECF No. 291).

---

[4] At the time of his Objections, Cavalier was similarly situated to Defendant, as he was charged and pending trial pursuant to the same Superseding Indictments as Defendant in the Districts of Nevada and Oregon.

[5] Judge Leen correctly noted in her Report and Recommendation that Defendant did not file an Objection to the Case Management Order (ECF No. 321). (*See* R. & R. 11:18–19). The Court only references Cavalier's Objection to demonstrate that the Court has already found a similarly situated co-defendant's right to a speedy trial was not violated.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 589) is **ACCEPTED and ADOPTED in full**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (ECF No. 291) is **DENIED**.

**IT IS FURTHER ORDERED** that Ammon E. Bundy's Motion for Joinder (ECF No. 628) is **DENIED**.

**DATED** this __12__ day of December, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court