UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br>RYAN W. PAYNE,<br><br>Defendant. | Case No. 2:16-cr-00046-GMN-PAL<br><br>**ORDER**<br>**-AND-**<br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(Mot. Dismiss – ECF No. 711) |

This matter is before the court on Defendant Ryan W. Payne's Motion to Dismiss Counts Three, Six, Nine, and Fifteen Due to Insufficiency of the Superseding Indictment (ECF No. 711), filed October 3, 2016. This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

The court has considered the Motion, the Joinders of Defendants Cliven D. Bundy, Ammon E. Bundy, Mel D. Bundy, Peter T. Santilli Jr., Dave H. Bundy, Eric J. Parker, O. Scott Drexler, Richard R. Lovelien, Steven A. Stewart, Todd C. Engel, Joseph D. O'Shaughnessy, Micah L. McGuire, Jason D. Woods (ECF Nos. 714, 716, 723, 730, 738, 740, 763, 780, 781, 827, 837, 847, 880), the government's Response (ECF No. 931), and Payne's Reply (ECF No. 951).

## BACKGROUND

**I.    THE SUPERSEDING INDICTMENT**

Defendant Ryan Payne and 18 co-defendants are charged in a Superseding Indictment (ECF No. 27) returned March 2, 2016, alleging 16 separate counts. The superseding indictment in this case arises out of a series of events related to a Bureau of Land Management ("BLM") impoundment of Cliven Bundy's cattle following a two-decade-long battle with the federal government. Beginning in 1993, Cliven Bundy continued to graze cattle on land commonly referred to as the "Bunkerville Allotment" without paying required grazing fees or obtaining

1

required permits. The United States initiated civil litigation against Cliven Bundy in 1998 in the United States District Court for the District of Nevada. The court found that Cliven Bundy had engaged in unauthorized and unlawful grazing of his livestock on property owned by the United States and administered by the Department of the Interior through the BLM. The court permanently enjoined Cliven Bundy from grazing his livestock on the Allotment, ordered him to remove them, and authorized the BLM to impound any unauthorized cattle. Bundy did not remove his cattle or comply with the court's order and injunction. The United States went back to court. Subsequent orders were entered in 1999 and 2013 by different judges in this district permanently enjoining Bundy from trespassing on the Allotment and land administered by the National Park Services ("NPS") in the Lake Mead National Recreation Area,[1] ordering Bundy to remove his cattle, and explicitly authorizing the United States to seize, remove, and impound any of Bundy's cattle for future trespasses, provided that written notice was given to Bundy.

On February 17, 2014, the BLM entered into a contract with a civilian contractor in Utah to round up and gather Bundy's trespass cattle. BLM developed an impoundment plan to establish a base of operations on public lands near Bunkerville, Nevada, about seven miles from the Bundy ranch in an area commonly referred to as the Toquop Wash. On March 20, 2014, BLM also entered into a contract with an auctioneer in Utah who was to sell impounded cattle at a public sale. Bundy was formally notified that impoundment operations would take place on March 14, 2014. The following day, Bundy allegedly threatened to interfere with the impoundment operation by stating publicly that he was "ready to do battle" with the BLM, and would "do whatever it takes" to protect "his property." The superseding indictment alleges that after being notified that BLM intended to impound his cattle, Bundy began to threaten to interfere with the impoundment operation, and made public statements he intended to organize people to come to Nevada in a "range war" with BLM and would do whatever it took to protect his cattle and property.

The superseding indictment alleges that, beginning in March 2014, the 19 defendants charged in this case planned, organized, conspired, led and/or participated as followers and

---

[1] By 2012, Bundy's cattle had multiplied and he also began grazing his cattle on land administered by the NPS in the Lake Mead National Recreation Area without obtaining grazing permits or paying grazing fees.

2

gunmen in a massive armed assault against federal law enforcement officers to threaten, intimidate, and extort the officers into abandoning approximately 400 head of cattle owned by Cliven Bundy. The removal and impoundment operation began on April 5, 2014. On April 12, 2014, defendants and hundreds of recruited "followers" executed a plan to recover the cattle by force, threats, and intimidation. Defendants and their followers demanded that officers leave and abandon the cattle and threatened to use force if the officers did not do so. The superseding indictment alleges armed gunmen took sniper positions behind concrete barriers and aimed their assault rifles at the officers. Defendants and their followers outnumbered the officers by more than 4 to 1, and the potential firefight posed a threat to the lives of the officers, as well as unarmed bystanders which included children. Thus, the officers were forced to leave and abandon the impounded cattle.

After the April 12, 2014 confrontation with federal officers, the superseding indictment alleges that the leaders and organizers of the conspiracy organized armed security patrols and check points in and around Cliven Bundy's Bunkerville ranch to deter and prevent any future law enforcement actions against Bundy or his co-conspirators, and to protect Bundy's cattle from future law enforcement actions.

## II.   CHARGES AND STATUTES RELEVANT TO THE CURRENT MOTION

As relevant to the current motion, all 19 defendants are charged in these four counts:

- Count Three – Use and carry of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c) and § 2. This charge arises from conduct that allegedly occurred sometime between March of 2014 and March 2, 2016.
- Count Six – Use and carry of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c) and § 2. This charge arises from conduct that allegedly occurred on April 12, 2014.
- Count Nine – Use and carry of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c) and § 2. This charge arises from conduct that allegedly occurred on April 12, 2014.
- Count Fifteen – Use and carry of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c) and § 2. This charge arises from conduct that allegedly occurred on April 12, 2014.

Counts Three, Six, Nine, and Fifteen (the "§ 924(c) Counts") each allege use and carry of a firearm in relation to a crime of violence pursuant to 18 U.S.C. § 924(c) and § 2.[2] Section 924 provides, in relevant part:

---

[2] 18 U.S.C. § 2 addresses aiding and abetting.

> …any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime– …
>
>> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years.

18 U.S.C. § 924(c)(1)(A). Payne's motion contends that the § 924(c) Counts must be dismissed due to the insufficiency of the Superseding Indictment.

## DISCUSSION

### I. LEGAL STANDARDS

#### A. Rule 12 of the Federal Rules of Civil Procedure[3]

Pursuant to Rule 12, a "party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Rule 12(b)(3) specifies the motions which must be made before trial. Among them is a motion to dismiss for failure to state an offense. Fed. R. Crim. P. 12(b)(3)(v). A pretrial motion to dismiss a criminal case is appropriate when it involves questions of law rather than fact. *United States v. Schulman*, 817 F.2d 1355, 1358 (9th Cir. 1987).

In ruling on a pretrial motion to dismiss, the district court is "bound by the four corners of the indictment." *United States v. Lyle*, 742 F.3d 434, 436 (9th Cir. 2014); *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) ("On a motion to dismiss an indictment for failure to state an offense the court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged."). The court should not consider evidence that does not appear on the face of the indictment. *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996)). Thus, a defendant is not entitled to a pre-trial evidentiary hearing to obtain a preview of the government's evidence and an opportunity to cross-examine its witnesses. *Id.* at 669 ("A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence.").

In determining whether a cognizable offense has been charged, the court does not consider whether the government can *prove* its case, only whether accepting the facts as alleged in the

---

[3] All references to a "Rule" or the "Rules" in this Order refer to the Federal Rules of Criminal Procedure.

4

indictment as true, a crime has been alleged. *United States v. Milovanovic*, 678 F.3d 713, 717 (9th Cir. 2012). Rule 12 motions cannot be used to determine "general issues of guilt or innocence," which "helps ensure that the respective provinces of the judge and jury are respected." *Boren*, 278 F.3d at 914 (citation omitted). A defendant may not challenge a facially-sufficient indictment on the ground that the allegations are not supported by adequate evidence. *Jensen*, 93 F.3d at 669 (citation omitted). However, the court may dismiss an indictment if "it fails to recite an essential element of the charged offense." *United States v. Ezeta*, 752 F.3d 1182, 1184 (9th Cir. 2014) (citing *United States v. Omer*, 395 F.3d 1087, 1088 (9th Cir. 2005)).

### B. Sufficiency of an Indictment

"An indictment 'must be a plain, concise and definite written statement of the essential facts constituting the offense charged'." *United States v. Forrester*, 616 F.3d 929, 940 (9th Cir. 2010) (quoting Fed. R. Crim. P. 7(c)(1)). An indictment is "sufficient if it (1) contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend and (2) enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Lazarenko*, 564 F.3d 1026, 1033 (9th Cir. 2009) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

An indictment is generally sufficient if it sets forth the offense in the words of the statute itself as long as "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all of the elements necessary to constitute the offenses intended to be punished." *Hamling*, 418 U.S. at 117. The test of an indictment's sufficiency "is not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Livingston*, 725 F.3d 1141, 1146–47 (9th Cir. 2013) (citation omitted). The Ninth Circuit has held:

> An indictment will withstand a motion to dismiss "if it contains the elements of the charged offense in sufficient detail (1) to enable the defendant to prepare his defense; (2) to ensure him that he is being prosecuted on the basis of the facts presented to the grand jury; (3) to enable him to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge."

*United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994) (quoting *United States v. Bernhardt*, 840

F.2d 1441, 1445 (9th Cir. 1988)). The sufficiency of an indictment is determined by "whether the indictment adequately alleges the elements of the offense and fairly informs the defendant of the charge, not whether the government can prove its case." *United States v. Blinder*, 10 F.3d 1468, 1471 (9th Cir. 1993) (quoting *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982)). The court will look at the indictment "as a whole, include facts which are necessarily implied, and construe it according to common sense." *United States v. Kaplan*, 836 F.3d 1199, 1216 (9th Cir. 2016) (citing Buckley, 689 F.2d at 899).

## II.   THE PARTIES' POSITIONS

### A. Defendant Payne's Position

The Motion (ECF No. 711) contends that superseding indictment fails to allege all of the elements for the § 924(c) counts because it fails to allege the type of firearm used. Citing *United States v. Perez*, 129 F.3d 1340 (9th Cir. 1997), Payne asserts, "[f]or purposes of § 924(c)(1), the *type* of firearm used, e.g., machine gun as opposed to ordinary handgun, is an element of the offense on which a jury instruction and finding is required." *Id*. at 1342 (emphasis added). Counts Three, Six, Nine, and Fifteen merely allege that defendants "did knowingly use and carry firearms" without identifying the type of firearms. Additionally, the government alleged no facts from which Payne could discern the type of firearm alleged to have been brandished with regard to the § 924(c) Counts. Thus, Payne argues that the grand jury failed to find all the elements of the charged offenses in these counts. The insufficiency of the superseding indictment prevents Payne from invoking the Double Jeopardy clause if a later prosecution is brought for the same alleged conduct.

Because the § 924(c) Counts fail to recite an essential element of the charged offense, Payne contends that the pleading deficiency is fatal and requires the court to dismiss the four counts outright.

### B. The Government's Response

The Response (ECF No. 931) asserts that Payne's motion mistakenly relies upon the wrong statute's language in arguing the § 924(c) Counts are insufficient. Section 924(c)(1)(*B*) addresses special types of weapons, including a "machinegun." 18 U.S.C. § 924(c)(1)(B) (listing a short-barreled rifle, short-barreled shotgun, semiautomatic assault weapon, machinegun, destructive

device, or one equipped with a silencer or muffler).  Unlike the defendants in *Perez*, Payne and his co-defendants are not charged under § 924(c)(1)(*B*).  The defendants in this case are charged under § 924(c)(1)(*A*), which only references a "firearm."  In *Perez*, the Ninth Circuit found that the trial judge failed to properly instruct the jury because a § 924(c)(1)(B) prosecution required a finding that the defendant possessed a "machine gun" as an element of the crime.  129 F.3d at 1342.  Payne cites no legal authority to support his claim that Rules 7(c)(1) and 12(b)(3) require an indictment on a § 924(c)(1)(A)(ii) charge to recite the specific "type" of firearm being brandished, and no such authority exists.  Section 921 defines a "firearm" to include: "*any* weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive."  18 U.S.C. § 921(a)(3) (emphasis added).  The superseding indictment clearly notifies Payne that he is alleged to have brandished a "firearm," not a "machinegun."

### C.  Payne's Reply

The Reply (ECF No. 951) asserts that the problem is not solved with the government's concession that he is not charged under § 924(c)(1)(B) because the model jury instruction requires that a firearm be specified.  He relies on a Ninth Circuit Model Jury Instruction that requires the jury to find that "the defendant knowingly . . . [brandished] the [*specify firearm*] during and in relation to" the crime of violence.  *See* 9th Cir. Model Crim. Jury Instruction 8.71, "Firearms—Using, Carrying, or Brandishing in Commission of Crime of Violence or Drug Trafficking Crime."  The superseding indictment sets forth the alleged crime of violence, but not the firearm.  Therefore, the § 924(c) Counts are deficient for failing to identify all of the elements of the charged offenses.

### III.  ANALYSIS

Applying well established law interpreting Rule 12(b), the court examined the superseding indictment in its entirety, accepted the facts alleged as true, and finds that it is sufficient because it tracks the language of § 924(c)(1)(A).  The superseding indictment contains the elements of the § 924(c) offenses, enables defendants to prepare their defenses, plead double jeopardy as a bar to a subsequent prosecution, and informs the court of the alleged facts so that it can determine the sufficiency of the charge.  *See, e.g.*, *Lazarenko*, 564 F.3d at 1033 (indictment stating statutory language was sufficient because those words set forth essential elements of charges).

The model jury instruction Payne cites does not compel a different result.  Payne will be permitted to offer a jury instruction that is tailored to the § 924(c) Counts with which he is charged.  Model Instruction 8.71 is a broad instruction covering all § 924(c) prosecutions alleging use, carry, or brandishing of a firearm, including those charged under § 924(c)(1)(A), which include any firearm, and those charged under § 924(c)(1)(B), which require a specific finding of a machinegun or another specified weapon.  The government has made it clear that the § 924(c) counts charged in this case are § 924(c)(1)(A), not § 924(c)(1)(B) counts.  As such, the government will be precluded from seeking a jury instruction that asks the jury to make a finding under § 924(c)(1)(B), and will be limited to an instruction that comports with a § 924(c)(1)(A) violation, that defendants brandished a firearm, as defined in 18 U.S.C. § 921(a)(3).

For these reasons,

**IT IS ORDERED**: the Motions for Joinder by Defendants Cliven D. Bundy, Ammon E. Bundy, Mel D. Bundy, Peter T. Santilli Jr., Dave H. Bundy, Eric J. Parker, O. Scott Drexler, Richard R. Lovelien, Steven A. Stewart, Todd C. Engel, Joseph D. O'Shaughnessy, Micah L. McGuire, Jason D. Woods (ECF Nos. 714, 716, 723, 730, 738, 740, 763, 780, 781, 827, 837, 847, 880) are **GRANTED**, in that the defendants are granted leave to join in the substantive arguments.

**IT IS RECOMMENDED** that Defendant Ryan Payne's Motion to Dismiss Counts Three, Six, Nine, and Fifteen Due to Insufficiency of the Superseding Indictment (ECF No. 711) be **DENIED**.

DATED this 4th day of January, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE