UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00046-GMN-PAL |
| Plaintiff, | ORDER |
| v. | (Mot Strike Surplusage – ECF No. 718) |
| RYAN W. PAYNE, | |
| Defendant. | |

Before the court is Defendant Ryan W. Payne's ("Payne") Motion to Strike Surplusage from Superseding Indictment (ECF No. 718) which was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3.   The court has reviewed the motion and Joinders of McGuire, O'Shaughnessy, Mel Bundy, Santilli, Stewart, Woods, Dave Bundy, Lovelien, Engel, Ammon Bundy, and Cliven Bundy (ECF Nos. 719, 725, 726, 732, 742, 747, 765, 783, 827, 839, 849), the government's Opposition (ECF No. 928), and Payne's Reply (ECF No. 953).

## BACKGROUND

Payne is charged in a superseding indictment returned March 2, 2016, with:

- Count One – Conspiracy to commit an offense against the United States in violation of 18 U.S.C. § 371.  This charge arises from conduct that allegedly occurred sometime between March of 2014 and March 2, 2016.

- Count Two – Conspiracy to impede or injure a federal officer in violation of 18 U.S.C. § 372.  This charge arises from conduct that allegedly occurred sometime between March of 2014 and March 2, 2016.

- Count Three – Use and carry of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c) and § 2.  This charge arises from conduct that allegedly occurred sometime between March of 2014 and March 2, 2016.

- Count Four – Assault on a federal officer in violation of 18 U.S.C. § 111(a)(1), (b) and § 2. This charge arises from conduct that allegedly occurred on April 9, 2014.

- Count Five – Assault on a federal officer in violation of 18 U.S.C. § 111(a)(1), (b) and§ 2. This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Six – Use and carry of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c) and § 2.  This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Seven – Threatening a federal law enforcement officer, in violation of 18 U.S.C. § 115(a)(1)(B) and § 2.  This charge arises from conduct that allegedly occurred on April 11, 2014.

- Count Eight – Threatening a federal law enforcement officer in violation of 18 U.S.C. § 115(a)(1)(B) and § 2.  This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Nine – Use and carry of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c) and § 2.  This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Ten – Obstruction of the due administration of justice in violation of 18 U.S.C. § 1503 and § 2.   This charge arises from conduct that allegedly occurred on April 6, 2014.

- Count Eleven – Obstruction of the due administration of justice in violation of 18 U.S.C. § 1503 and § 2.  This charge arises from conduct that allegedly occurred on April 9, 2014.

- Count Twelve – Obstruction of the due administration of justice in violation of 18 U.S.C. § 1503 and § 2.  This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Thirteen – Interference with interstate commerce by extortion in violation of 18 U.S.C. § 1951 and § 2.  This charge arises from conduct that allegedly occurred between April 2, 2014, and April 9, 2014.

- Count Fourteen – Interference with interstate commerce by extortion in violation of 18 U.S.C. § 1951 and § 2.  This charge arises from conduct that allegedly on April 12, 2014.

- Count Fifteen – Use and carry of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c) and § 2.  This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Sixteen – Interstate travel in aid of extortion in violation of 18 U.S.C. § 1952 and § 2.  This charge arises from conduct that allegedly occurred sometime between April 5, 2014 and April 12, 2016.

In the current motion, Payne seeks an order that the court not provide a copy of the 63-page superseding indictment to the jury.  Alternatively, he requests that the court strike portions of the superseding indictment as irrelevant, immaterial, inflammatory, and prejudicial.  Specifically, he argues that the superseding indictment contains 37 pages of text under various headings and subsections which should be stricken.  Payne argues the government appears to have drafted the superseding indictment for a broader purpose than giving notice to the defendants of the charged offenses' elements.  The superseding indictment contains references to the defendants and participants as gunmen and followers.  The indictment uses the term "gunman" 73 times in

the narrative, and the term "Followers" 79 times. It also refers to "gunmen" and "Followers" as "snipers" and persons taking "sniper positions" against officials.

Headings I, IV and V contain allegations that Cliven Bundy violated civil court orders from 1993 to February 2014, which have nothing to do with the conduct that occurred from March 2014, to 2016 as charged in the superseding indictment. Payne also contends that the government's introductory "summary" is surplusage which should be stricken in its entirety. Finally, Payne maintains that many of the superseding indictment's headings contain legal conclusion that the government "has masked as factual allegations." Specifically, headings in Paragraphs IV, V, VI, VII (D)(1), (D)(2), and (D)(3) contain irrelevant, immaterial and unnecessary inflammatory language that do not address elements the government must prove at trial. Payne claims that the government drafted the superseding indictment inundating it with "color" and "background" that has no justifiable purpose other than to prejudice him.

The court has discretion in deciding whether or not to provide the jury with a copy of the indictment and authority under Rule 7(d) of the Federal Rules of Criminal Procedure[1] to strike surplusage from an indictment or information. Payne therefore requests that the court not provide the jury with a copy of the superseding indictment or, alternatively, strike the headings in these sections from the superseding indictment as surplusage.

The government opposes the motion arguing this is a conspiracy case arising from a massive assault against federal officers that occurred near co-defendant Cliven Bundy's ranch in Bunkerville, Nevada on April 12, 2014. The government claims that the indictment generally details the events that led to the April 12, 2014 assault, the assault itself, and describes how Payne was a resident of Montana, affiliated with "Operation Mutual Aid," and a leader and organizer of the conspiracy. The indictment essentially sets the stage for, and chronicles in detail the relevant events undertaken by Payne and his co-conspirators. The government contends that words describing the defendants as "gunmen," "Followers," and "snipers" is entirely appropriate. The government acknowledges that under Rule 7(d), the court has the authority to strike immaterial or irrelevant allegations in an indictment or information that may be prejudicial. However, the

---

[1] All references in this Order to a "Rule" or the "Rules" refer to the Federal Rules of Criminal Procedure.

remedy is available only where the prejudicial allegation is neither relevant, nor material to the charges. Citing *United States v. Urso*, 369 F. Supp. 2d 254, 270 (E.D.N.Y. 2005), the government argues that a motion to strike under Rule 7(d) is not appropriate if evidence of the allegations in the indictment is admissible regardless of how prejudicial the language is.

Payne's motion to strike falls short of the exacting standards required to strike allegations in an indictment. An indictment is not evidence, the jury will be instructed that an indictment is not evidence, and jurors are presumed to follow the court's instructions. Payne's motion overlooks the fact that it is the executive branch, not the defendant, that drafts an indictment and submits it to the grand jury. The motion cites no reported decision striking headings or legal conclusions in a grand jury indictment. The government maintains that the words "gunmen," "Followers," and "snipers" are plainly relevant and material. Additionally, the government intends to prove the propriety of using these terms in the indictment at trial. They collectively form the core of the government's theory of prosecution--that a violent, multi-defendant conspiracy caused a violent armed assault and extortion.

The government disputes that the section of the indictment providing the background information regarding Cliven Bundy's ignoring prior lawful orders of this court is surplusage. The government is entitled to introduce background evidence to put the charged offenses in appropriate context. The government cites a number of out-of-circuit cases holding that the jury is entitled to know the circumstances and background of a criminal charge. This is a complex, multi-defendant trial in which the government intends to introduce volumes of audio and video recordings, dozens of social media postings, photographs, and summary timelines, in addition to testimony for more than 30 percipient witnesses. Given the volume of evidence likely to be introduced at trial, "the notion that the allegations in the Indictment are prejudicial is nonsensical." The government claims the indictment will enhance the efficiency of the trial, serving as a road map to assist the jury in organizing and understanding the evidence likely to be introduced at trial. The government therefore asks that the court deny Payne's motion and all of the joinders in the motion.

Payne replies that the government's response merely provides summary conclusions that do not overcome his legitimate concerns about the contested language he seeks to strike, or in the

4

alternative to prevent from being provided to the jury.  The purpose of an indictment is to give the defendant notice of the charges, not to taint the jury with colorful language designed to inflame jurors. The government's use of "code words" such as "gunmen," "followers," and "snipers" to convey its theory of the case have no place in the superseding indictment.  Similarly, the government should not be permitted to provide the jury with irrelevant background information about crimes Cliven Bundy allegedly committed before the time period alleged in the indictment. Finally, the government will be able to provide a "roadmap" of its case in opening statements and any need to assist the jury in organizing the evidence "cannot suppress Payne's need for a fair trial from start to finish."

**<u>DISCUSSION</u>**

Rule 7(d) provides: "Upon the defendant's motion, the court may strike surplusage from the indictment or information."  The Advisory Committee Notes to Rule 7(d) indicate that the rule "introduces a means of protecting the defendant against immaterial or irrelevant allegations in the indictment or information, which may, however, be prejudicial." The purpose of a motion to strike under Rule 7(d) "is to protect a defendant against prejudicial or inflammatory allegations that are neither relevant nor material to the charges."  *United States v. Laurienti*, 611 F.3d 530, 547 (9th Cir. 2010) (quoting *United States v. Terringno*, 838 F.2d 371, 373 (9th Cir. 1988)).  The Ninth Circuit reviews denial of a motion to strike surplusage for an abuse of discretion.  *Id.*

As the authors of one respected treatise have stated, a motion to strike surplusage from an indictment should not be granted "unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial."  Charles A. Wright & Andrew D. Leopold, *Federal Practice and Procedure* § 128, Amendment of Indictments; Surplusage (4th ed.).  This "is an exacting standard." *Id.*

The superseding indictment in this case charges 19 individual defendants and 16 separate violations for alleged unlawful conduct on 3 specific dates, a course of conduct between March and May 2014 and a continuing conspiracy through the date the superseding indictment was returned. The first three headings consist of heading I "Summary", which describes the background leading up to the BLM impoundment operation; heading II "The Defendants," which identifies

each of the defendants charged, and heading III "Terms and Definitions." Heading IV is entitled "Bundy Trespassed Cattle on Public Land and Refused to Comply with Four Court Orders to Remove Them." Heading V reads "The BLM Planned to Seize and Remove the Cattle from the Public Lands Pursuant to Court Orders." Heading VI is captioned "Bundy Threatened to 'Do Whatever it Takes' to Prevent the Impoundment of his Cattle." Heading VII states "Bundy Carried Out His Threats by Conspiring to Lie, Threaten Force and Violence, and Use Force and Violence." Paragraph VII(D) outlines the overt acts in furtherance of the conspiracy.

Payne objects to the heading allegations contained in Paragraph VII(D)(1) captioned "March 28 to April 11: The Conspirators Interfered with Impoundment Operations and Used Deceit and Deception to Recruit Followers." He also objects to the heading of VII(D)(2) which reads "April 12: The Conspirators Assaulted and Extorted Law Enforcement Officers," and heading VII(D)(3) which states "Continuing Conspiracy—Post-Assault to Indictment: The Conspirators Organized Bodyguards, Patrols, and Checkpoints to Prevent and Deter Future Law Enforcement Actions."

The superseding indictment in this case was returned by the grand jury which found probable cause to charge each of the defendants. It was signed by the foreperson of the grand jury. The superseding indictment represents what the government expects to be able to prove at trial. It is not evidence and the court will so instruct the jury. *See* 9th Cir. Model Crim. Jury Instruction 1.2 ("The indictment simply describes the charge(s) the government brings against the defendant. The indictment is not evidence and does not prove anything.")

Having reviewed and considered the matter, the court will exercise its discretion to strike the word "lie" from the heading of Paragraph VII; a portion of the heading of VII(D)(1) which reads "and Used Deceit and Deception to Recruit Followers;" and the phrase "and ill-gotten gain" from paragraph 146 as surplusage. While these phrases represent the government's theory of the case they are not necessary to establishing context for crimes charged or any element of the offenses charged, and could be perceived as inflammatory.

Having reviewed and considered the matter,

/ / /

6

**IT IS ORDERED** that:

1.  Payne's Motion to Strike Surplusage from Superseding Indictment (ECF No. 718) is **GRANTED** to the limited extent the following portions of the superseding indictment are stricken as surplusage

    a.  The word "Lie" from the heading of Paragraph VII;

    b.  The words "Used Deceit and Deception to Recruit Followers" from the heading of VII(D)(1); and

    c.  The words "and ill-gotten gains" shall be stricken from paragraph 146.

2.  The Motion is **DENIED** in all other respects.

3.  The Joinders (ECF Nos. 719, 725, 726, 732, 742. 747, 765, 783, 827, 839, 849) are **GRANTED**, in that the requests to join Payne's substantive arguments are granted.

DATED this 6th day of January, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE