UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:16-cr-46-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| CLIVEN D. BUNDY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Report and Recommendation (ECF No. 1173) entered by Magistrate Judge Peggy A. Leen on December 20, 2016, denying Defendant Cliven D. Bundy's ("Defendant's") Motion to Dismiss (ECF No. 892). Defendant timely filed his Objection (ECF No. 1226), to which the Government filed a Response (ECF No. 1323).[1]

I. **BACKGROUND**

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment charging Defendant and eighteen other co-defendants with sixteen counts related to a confrontation occurring on April 12, 2014, with Bureau of Land Management ("BLM") Officers in Bunkerville, Nevada. (ECF No. 27).

As detailed thoroughly in Judge Leen's Report and Recommendation, Defendant has been involved in civil litigation with the federal government for the past two decades. (R. & R.

---

[1] On January 5, 2017, Defendants Ryan W. Payne and Ammon E. Bundy each filed Motions for Joinder (ECF Nos. 1235, 1238) to Defendant's Objection (ECF No. 1226). Additionally, on January 9, 2017, Defendants Steven A. Stewart and Richard R. Lovelien each filed Motions for Joinder (ECF Nos. 1258, 1260) to Defendant's Objection (ECF No. 1226). Pursuant to District of Nevada Local Rule IB 3-2(a), any objections to a magistrate judge's report and recommendation must be filed within 14 days of service. None of these Motions for Joinder were filed within the 14-day deadline to be considered as objections to Judge Leen's Report and Recommendation. Accordingly, the Court denies these Motions for Joinder (ECF Nos. 1235, 1238, 1258, 1260) as untimely.

1:27–2:21, ECF No. 1173).  Specifically, the Court previously found, and the Ninth Circuit affirmed, that Defendant engaged in unauthorized and unlawful grazing of his cattle on property owned by the United States. (*See* Order, *United States v. Bundy*, Case No. 2:98-cv-0531-JBR-RJJ, 1998 U.S. Dist. LEXIS 23835 (D. Nev. Nov. 3, 1998), ECF No. 19), *aff'd by* 178 F.3d 1301 (9th Cir. 1999).

In his Motion to Dismiss, Defendant seeks to dismiss his case because "the Federal Government does not have any ownership interest in the Bundy Ranch,[2] depriving this court of jurisdiction over the subject matter of the dispute." (Mot. to Dismiss 2:11–14, ECF No. 892). Further, Defendant asserts that because the Federal Government does not own the land in question, "any activity of Federal Agents on [the land in question] during the time period described within the indictments was illegal, unlawful, and was an aggressive trespass onto lands owned by the people of Nevada." (*Id.* 2:14–19).  As such, because Counts 1(d), 1(e), 1(f), 2, and 4–15 all require proof that federal officers were engaged in lawful duties, these Counts should be dismissed for failure to state a claim.[3] (*Id.* 2:23–3:11).  In her Report and Recommendation, Judge Leen rejected these arguments and recommended denial of the Motion. (R. & R. 11:24–12:2, 18:14–26).

---

[2] As Judge Leen noted in her Report and Recommendation, "Bundy Ranch" is not a clearly defined term. (*See* R. & R. 9:8–19, ECF No. 1173).  This term does not refer to the land actually owned by Defendant, but rather, as used by Defendant, "Bundy Ranch" includes "land within the borders of the State of Nevada that is allegedly owned in fee simple by the Federal Government and controlled by the same with plenary power under Article IV of the United States Constitution." (*Id.* (citing Mot. to Dismiss 2:7–11)).  As such, the Court will refer to this area as "the land in question."

[3] Defendant cites "Rule 12(b)(5)" as the basis for "dismissal as a matter of law for failure to state actionable claims." (*Id.* 13:22–24).  This citation likely refers to the Federal Rules of Civil Procedure; however, in the Federal Rules of Criminal Procedure, such a basis is found under Rule 12(b)(3)(B)(v): "The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits: . . . a defect in the indictment or information, including: . . . failure to state an offense."

## II. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

## III. DISCUSSION

Defendant asserts several objections to Judge Leen's Report and Recommendation denying his Motion to Dismiss. (Obj., ECF No. 1226). Defendant argues that Judge Leen "erred in finding that the land-ownership question is foreclosed by existing law on the subject." (*Id.* 4:10–12). Specifically, Defendant contends that "while these courts have several times expressed the conclusion that the Federal Government absolutely owns all of these lands, that these expressions could not even be categorized as findings of law, but rather were restatements of the unexamined self-serving assumptions of a party to the dispute (the Federal Government)." (*Id.* 3:24–4:1). Defendant's related objections, including Judge Leen's alleged error in finding that 18 U.S.C. § 3231 conveys jurisdiction, stem from Defendant's general premise that "the land is not owned by the United States." (*See id.* 11:11 – 26). Defendant also asserts that Judge Leen erred by "implying that the unilateral stipulation of a former attorney general of Nevada in a collateral case acts as a concession in future cases." (*Id.* 4:13–14). As such, these objections do not present new or rebuttal legal arguments, but rather request that this Court reject Judge Leen's determinations.

Having reviewed the record in this case *de novo*, the Court agrees with the analysis and findings of Judge Leen in her Report and Recommendation (ECF No. 1173) denying the Motion to Dismiss and incorporates them by reference in this order. The Court agrees that

Defendant's arguments against the federal government's land ownership in Nevada are foreclosed by binding precedent. As explained by Judge Leen: "For more than two decades, [Defendant] has argued that the federal government does not have an ownership interest in any land in Nevada. However, this argument has been soundly and consistently rejected by every court to consider the issue." (R. & R. 11:25–27).

As in his original motion, Defendant's Objection attempts to distinguish *United States v. Gardner*, 107 F.3d 1314 (9th Cir. 1997).[4] He argues that "Gardner apparently did not argue that the Federal Government obtained less-than absolute title to land in question through the treaty with Mexico, whereas [Defendant] specifically argued that the treaty never conferred such absolute ownership." (Obj. 6:15–18). However, the Gardners and Defendant are actually making the same argument, as both assert that "the unappropriated lands in the state of Nevada . . . [are] not territory or other property belonging to the United States." *Gardner*, 107 F.3d at 1317. In *Gardner*, the Ninth Circuit analyzed the 1848 Treaty of Guadalupe Hidalgo in conjunction with the question of the "United States' title to federal land in Nevada" to find that the "unappropriated public lands in Nevada" have been "the property of the United States" since 1848. *Id.* at 1317–18. Indeed, the *Gardner* Court explained that "under the Property Clause, the United States can administer its federal lands any way it chooses . . . [and] the federal government was the initial owner of the land from which the state of Nevada was later carved." *Id.* at 1318. Thus, the Court agrees with Judge Leen that *Gardner* dictates that the unappropriated public lands in Nevada are the property of the United States.

As Judge Leen explained, this conclusion is further supported by the Court's prior determinations in Defendant's civil cases. (R. & R. 14:4–10). In the first Order granting Summary Judgment to the United States in *United States v. Bundy*, the Court cited *Gardner* for

---

[4] In Defendant's Motion to Dismiss, he stated: "Defendant is aware that a similar argument was raised in *[Gardner]* wherein it was rejected by the Ninth Circuit. Defendant argues both that *Gardner* was wrongly decided and that it is distinguishable from the argument raised here." (Mot. to Dismiss 19:22–20:2).

this same proposition: "The public lands in Nevada are the property of the United States because the United States has held title to those public lands since 1848, when Mexico ceded the land to the United States." (Order, *United States v. Bundy*, Case No. 2:98-cv-0531-JBR-RJJ, 1998 U.S. Dist. LEXIS 23835, at *14 (D. Nev. Nov. 3, 1998), ECF No. 19), *aff'd by* 178 F.3d 1301 (9th Cir. 1999).  Therein, the Court rejected Defendant's argument that "the federal government cannot have authority over lands 'inside an admitted state,'" *id.* at *12–13, and found that the Court had jurisdiction over the case.

Additionally, Judge Leen found that the Court had subject matter jurisdiction over the crimes charged in the Superseding Indictment under 18 U.S.C. § 3231, which gives the United States district courts "original jurisdiction . . . of all offenses against the laws of the United States." 18 U.S.C. § 3231.  Defendant's objection contends that merely conveying jurisdiction is not sufficient.  Specifically, he asserts that the Superseding Indictment "failed to state actionable claims" because "there must be at minimum a theoretical possibility of proving an offense to keep the defendant in court for trial." (Obj. 11:15–19).  Defendant's underlying premise as to why the crimes fail as a matter of law, however, remains that "the land is not owned by the United States." (*Id.* 11:19–27).  Because the Court finds that the land in question is owned by the United States, this objection necessarily fails.[5]

Accordingly, Defendant's Objection (ECF No. 1226) is overruled.  The Court accepts and adopts Judge Leen's Report and Recommendation (ECF No. 1173) to the extent that it is not inconsistent with this opinion and denies Defendant's Motion to Dismiss (ECF No. 892).

---

[5] Additionally, because the Court otherwise finds that the federal government owns the land in question, giving this Court subject matter jurisdiction, the Court need not address Defendant's objection regarding the effect of the attorney general's stipulation in *United States v. Nye Cty.*, 920 F. Supp. 1108, 1110 (D. Nev. 1996).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 1173) is **ACCEPTED and ADOPTED in full**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (ECF No. 892) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motions for Joinder (ECF Nos. 1235, 1238, 1258, 1260) are **DENIED**.

**DATED** this __18__ day of January, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court