UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:16-cr-46-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| CLIVEN D. BUNDY *et al.*, ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is the Report and Recommendation (ECF No. 1218) entered by Magistrate Judge Peggy A. Leen on December 30, 2016, denying Defendants Peter T. Santilli, Jr.'s ("Santilli's") Motion to Dismiss Count Three (ECF No. 702) and Ryan W. Payne's ("Payne's") Motion to Dismiss Counts Three, Six, Nine, and Fifteen (ECF No. 710), in which both Santilli and Payne (collectively, "Defendants") argued that the Superseding Indictment should be dismissed for failure to allege a crime of violence. Payne timely filed his Objection (ECF No. 1296), to which the Government timely filed a Response (ECF No. 1442).[1] For the reasons stated below, Payne's Objection is sustained in part, overruled in part, and Count Three of the Superseding Indictment is dismissed as to all defendants.

---

[1] On January 13, 2017, Defendant Ricky R. Lovelien ("Lovelien") filed a Motion for Joinder (ECF No. 1297) to Defendant's Objection (ECF No. 1296). Additionally, on January 17, 2017, Defendants Steven A. Stewart ("Stewart") and Melvin D. Bundy ("M. Bundy"), on January 26, 2017, Defendant Jason D. Woods ("Woods"), and on February 1, 2017, Defendant Ammon E. Bundy ("A. Bundy") each filed Motions for Joinder (ECF Nos. 1307, 1309, 1421, 1466) to Defendant's Objection (ECF No. 1296). Pursuant to District of Nevada Local Rule IB 3-2(a), any objections to a magistrate judge's report and recommendation must be filed within 14 days of service. Lovelien's Motion was filed within the 14-day deadline to be considered as an objection to Judge Leen's Report and Recommendation. However, Stewart, M. Bundy, Woods, and A. Bundy's Motions were not filed within the 14-day deadline. Accordingly, Lovelien's Motion for Joinder (ECF No. 1297) is granted, and Stewart, M. Bundy, Woods, and A. Bundy's Motions for Joinder (ECF Nos. 1307, 1309, 1421, 1466) are denied as untimely.

## I. BACKGROUND

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment charging Santilli, Payne, and seventeen other co-defendants with sixteen counts related to a confrontation on April 12, 2014, with Bureau of Land Management ("BLM") Officers in Bunkerville, Nevada. (*See* Superseding Indictment, ECF No. 27). At issue here are Counts Three, Six, Nine, and Fifteen, which all allege "Use and Carry of a Firearm in Relation to a Crime of Violence, Title 18, United States Code, Sections 924(c) and 2." (*Id.* 41:10–42:11, 44:8–45:7, 47:7–48:5, 52:19–53:19). The alleged predicate crimes of violence are the counts directly preceding each of these counts.

In the Motions to Dismiss, Santilli seeks to dismiss Count Three, and Payne seeks to dismiss Counts Three, Six, Nine, and Fifteen because "[a]s a matter of law . . . none of the four underlying offenses alleged in Counts 3, 6, 9, and 15 are categorically 'crimes of violence.'" (Payne Mot. to Dismiss 3:19–20, ECF No. 710); (*see also* Santilli Mot. to Dismiss 3:26–28, ECF No. 702) ("Count 3 alleging a violation of 18 U.S.C. 924c [sic] does not reach the legal definition of a 'crime of violence' and should be dismissed."). In her Report and Recommendation, Judge Leen found all four counts to categorically qualify as crimes of violence and recommended denial of the Motion. (R. & R. 28:17–42:13, ECF No. 1218).

## II. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

## III. **DISCUSSION**

Payne asserts several objections to Judge Leen's Report and Recommendation denying his Motion to Dismiss. (Obj., ECF No. 1296). He argues that the residual clause of Section 924(c) is unconstitutional. (*Id.* 3:21–12:5). Payne then reasserts his argument from his original motion that each of the "predicate offenses alleged in Counts 3, 6, 9, and 15 are not [categorically] crimes of violence." (*Id.* 12:6–22:11). The Court will first describe the applicable law and then consider each predicate offense.

Defendants are charged under § 924(c)(1), which makes it a crime to knowingly possess, use, brandish, and carry a firearm during and in furtherance of a crime of violence. *See* 18 U.S.C. § 924(c)(1)(A)(ii). One element of this crime is that the predicate offense is a crime of violence. Section 924(c)(3) provides the definition for "crime of violence" as used in § 924(c)(1):

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>     (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>     (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The predicate offense can be a crime of violence under either the Section 924(c)(3)(A), also referred to as the "Force Clause" (or "Elements Clause"), or Section 924(c)(3)(B), also referred to as the "Residual Clause." *See id.*; *see also United States v. Bell*, 158 F. Supp. 3d 906, 910 (N.D. Cal. 2016).

To determine if an offense is a crime of violence under § 924(c)(3), the Ninth Circuit applies the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990). *See United States v. Piccolo*, 441 F.3d 1084, 1086–87 (9th Cir. 2006) ("In the context of crime of

violence determinations under § 924(c), our categorical approach applies regardless of whether we review a current or prior crime."). In *United States v. Amparo*, the Ninth Circuit explained:

> [T]his circuit has adopted a categorical approach to determining which offenses are included under section 924(c) as "crimes of violence" obviating the need for fact finding by the jury. The jury must find the facts underlying the charged offense . . . but the court determines whether that category of offense is a crime of violence.

68 F.3d 1222, 1225–26 (9th Cir. 1995); *see also United States v. Mendez*, 992 F.2d 1488, 1490–92 (9th Cir. 1993).

Under the categorical approach, courts "look only to the statutory definitions—*i.e.,* the elements—of a defendant's [offense], and *not* to the particular facts underlying [the charge]." *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013) (internal quotation marks omitted). A crime "qualifies as a crime of violence . . . if and only if the full range of conduct covered by it falls within the meaning of that term." *Valencia v. Gonzales*, 439 F.3d 1046, 1049 (9th Cir. 2006). The court considers whether the elements of the predicate offense criminalizes "a broader swath of conduct" than the conduct covered by § 924(c)'s definition of a crime of violence. *Descamps*, 133 S. Ct. at 2281. If so, then the predicate offense cannot "qualify as a crime of violence, even if the facts underlying [the particular charge] might satisfy [§ 924(c)'s] definition." *United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 920 (9th Cir. 2014).

As part of this analysis, the court must determine if the statute is indivisible or divisible. A statute is "indivisible" if it does not contain alternative elements, while statute is "divisible" if it "sets out one or more elements of the offense in the alternative." *Descamps*, 133 S. Ct. at 2281. If the statute is indivisible, the analysis ends at the categorical approach. "Under the categorical approach, the crime-of-violence determination 'function[s] as an on-off switch': An offense qualifies as a crime of violence 'in all cases or in none.'" *Dominguez-Maroyoqui*, 748 F.3d at 920 (quoting *Descamps*, 133 S. Ct. at 2287). However, if the statute is divisible, then

the court uses the modified categorical approach, in which the court "may look beyond the statutory elements to 'the charging paper and jury instructions' used in a case." *Id.* at 2283 (citing *Taylor v. United States*, 495 U.S. 575, 602 (1990)).  The court consults this "limited class of documents . . . to determine which alternative formed the basis of the defendant's [offense]." *Id.* at 2281.  The court then determines whether the elements of that alternative constitute conduct covered by § 924(c)'s definition of a crime of violence. *See Descamps*, 133 S. Ct. at 2281.

### A.  Conspiracy to Impede and Injure a Federal Officer, 18 U.S.C. § 372

The crime of violence referred to in Count Three is the crime charged in Count Two: Conspiracy to Impede and Injure a Federal Officer, 18 U.S.C. § 372.  Judge Leen found that § 372 has three elements that the Government must prove:

> (1) there was an agreement between two or more persons to commit the crime charged in the indictment (*i.e.*, the object of the conspiracy); (2) the defendant became a member of the conspiracy knowing of its object and intending to help accomplish it; and (3) the object of the conspiracy. *See* 9th Cir. Model Crim. Jury Instructions, 8.20 "Conspiracy – Elements" (2010 ed.) (modified Dec. 2016); *United States v. Alghazouli*, 517 F.3d 1179, 1189 (9th Cir. 2008) (holding that a jury must be instructed "on an element of the crime that is the object of the conspiracy").

(R. & R. 28:27–29:5).  She then found § 372 is divisible because it contains alternate objects of the conspiracy.  Looking at the Superseding Indictment, Judge Leen determined that the allegations refer to the following two alternative elements: (1) "preventing, 'by force, intimidation, or threat,' any officer of the United States from discharging his official duties" and (2) "inducing, 'by like means,' any officer of the United States to leave the place where he is required to perform his official duties." (*Id.* 29:7–9, 30:7); (*see also* Superseding Indictment 41:2–5).  Judge Leen then found that § 372 did not qualify as a crime of violence under § 924(c)'s Force Clause because "it lacks an overt act as an element of the offense . . .

[therefore,] a defendant could be convicted of conspiracy merely for *agreeing* to accomplish the object of the conspiracy." (R. & R. 30:17–31:2). Nevertheless, Judge Leen ultimately found that § 372 qualified as a crime of violence under § 924(c)'s Residual Clause, relying on the Ninth Circuit's reasoning in *United States v. Mendez*, 992 F.2d 1488 (9th Cir. 1993), which held that conspiracy to rob in violation of 18 U.S.C. § 1951 is a crime of violence under the Residual Clause.[2]

First, Payne objects to the use of § 924(c)'s Residual Clause, which he asserts is "unconstitutionally vague." (Obj. 12:9–14). He then objects to Judge Leen's determination that § 372 is divisible and her application of the modified categorical approach. (*Id.* 12:17–13:3). Further, he states that § 372 is not "limited to physical force because its general requirement of 'force, intimidation, or threat' contains no such limitation." (*Id.* 14:6–7). Ultimately, he asserts:

> If the act of impeding or inducing federal officers by means of force, intimidation, or threat is not a crime of violence under the force clause, then the mere act of conspiring to commit such acts prohibited by § 372 cannot be deemed to create a "substantial risk" of physical force under the residual clause.

(*Id.* 14:10–13). In its Response, the Government argues that § 372 qualifies as a crime of violence under § 924(c)'s Residual Clause, which it asserts is still valid.[3]

The Court agrees that § 372 does not qualify as a crime of violence under § 924(c)'s Force Clause. The elements of conspiracy – an agreement to commit a crime and joining the conspiracy knowing of its object – do not require "as an element the use, attempted use, or threatened use of physical force against the person or property of another," which is necessary

---

[2] In her Report and Recommendation, Judge Leen examined § 924(c)'s Residual Clause in light of the recent precedents of *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), and she found these cases do not compel a finding that § 924(c)'s Residual Clause is unconstitutionally vague. (R. & R. 19:3–28:15). As such, Judge Leen found § 924(c)'s Residual Clause to still be valid. (*See id.*).
[3] The Government conceded that it is not arguing § 372 is a crime of violence under § 924(c)'s Force Clause.

to find that an offense qualifies under § 924(c)'s Force Clause.[4]  As such, the Court must consider the constitutionality of § 924(c)'s Residual Clause in light of the recent precedents of *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015).  As discussed below, these cases persuade this Court § 924(c)'s Residual Clause is unconstitutionally void for vagueness.

In *Johnson*, the Supreme Court recently held that the language in the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e), is facially void for vagueness. 135 S. Ct. at 2557.[5]  The ACCA clause at issue in *Johnson* defined the term "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added).  The italicized words of this definition are known as the "residual clause." *Johnson*, 135 S. Ct. at 2555–56.  The *Johnson* Court found that the ACCA's residual clause, "both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id*.  Additionally, the Supreme Court explained that "[t]wo features of the residual clause conspire to make it unconstitutionally vague." *Id*.  First, it "ties the judicial

---

[4] Previously, the Ninth Circuit found that conspiracy statutes qualified as crimes of violence under § 924(c)'s Residual Clause and thereby declined to address whether or not the offense qualified under the Force Clause. *See, e.g.*, *United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993) (holding that conspiracy to rob qualified under § 924(c)'s Residual Clause and specifically declining to address whether it could also qualify as a crime of violence under the Force Clause); *United States v. Juvenile Male*, 118 F.3d 1344, 1350 (9th Cir. 1997) (same).
[5] "[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).

assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Id.* Second, it is unclear from the residual clause "how much risk it takes for a crime to qualify as a violent felony." *Id.* at 2558.

In *Dimaya*, the Ninth Circuit Court of Appeals extended the reasoning in *Johnson* to void a similar definition of "crime of violence." *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015). The statute at issue in *Dimaya* defined "crime of violence" as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. In *Dimaya*, the court determined that § 16(b) "suffers from the same indeterminacy as the ACCA's residual clause" at issue in *Johnson* and, as a result, "is also void for vagueness." *Id.* at 1111.[6]

Here, the language at issue in § 924(c)'s Residual Clause is identical to the language in 18 U.S.C. § 16(b). (*Compare* 18 U.S.C. § 924(c)(3)(B) *with* 18 U.S.C. § 16(b)). Thus, the Ninth Circuit reviewed the exact same language under consideration in this case and found it to be unconstitutionally vague.[7]

---

[6] The Ninth Circuit is not alone in extending the reach of *Johnson*. The Seventh Circuit similarly held that "Section 16(b) is materially indistinguishable from the ACCA's residual clause . . . [and] it too is unconstitutionally vague according to the reasoning of *Johnson*." *United States v. Vivas-Ceja*, 808 F.3d 719, 720 (7th Cir. 2015). The *Vivas-Ceja* Court found that "§ 16(b) requires the identical indeterminate two-step approach" as the ACCA residual clause: the court must first determine what constitutes the "ordinary case" of a crime and then how much risk qualifies as "substantial" without any guidance from the statute. *Id.* at 721–23.

[7] Judge Leen found the dissent in *Dimaya* to be more persuasive. She focused her analysis on the impact of *Leocal v. Ashcroft*, 543 U.S. 1 (2004), specifically noting that the residual clause "inquiry is whether there is a substantial risk that a *defendant* will use physical force against the victim in committing the crime." (R. & R. 25:18–26:5) (citing *Leocal*, 543 U.S. at 10–11). However, the Court declines to adopt her reasoning here, and instead, the Court finds the majority opinion in *Dimaya* more persuasive. These residual clauses (§ 16(b) and § 924(c)(3)(B)) still require the Court to decide what a "usual or ordinary violation of the statute entails and then determine how great a risk of injury that ordinary case presents." *Dimaya*, 803 F.3d at 1115 (quoting *Rodriguez–Castellon v. Holder*, 733 F.3d 847, 854 (9th Cir. 2013); *United States v. Ramos-Medina*, 706 F.3d 932, 938 (9th

*Dimaya* held that 18 U.S.C. § 16(b) is unconstitutionally vague because, like the ACCA residual clause, it "requires courts to (1) measure the risk by an indeterminate standard of a judicially imagined ordinary case, not by real-world facts or statutory elements and (2) determine by vague and uncertain standards when a risk is sufficiently substantial." 803 F.3d at 1120 (internal quotation marks omitted). Here, as in *Dimaya*, the "minor distinctions" between the text of the ACCA's residual clause and that of § 924(c)'s Residual Clause fail to "undermine[ ] the applicability of [*Johnson*'s] fundamental holding to this case." *Id.*

The Ninth Circuit has yet to rule specifically on the constitutionality of § 924(c)'s Residual Clause or the application of *Johnson* and *Dimaya* to that statute. However, the Seventh Circuit recently extended *Vivas-Ceja*, its comparable case to *Dimaya*, to hold that § 924(c)'s Residual Clause is unconstitutionally vague. *United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016). Additionally, all of the district courts in Ninth Circuit to have considered this issue have held that § 924(c)'s Residual Clause cannot stand under *Johnson*. *See, e.g.*, *United States v. Bell*, 158 F. Supp. 3d 906, 922–23 (N.D. Cal. 2016); *see also United States v. Lattanaphom*, 159 F. Supp. 3d 1157, 1161–64 (E.D. Cal. 2016); *United States v. Smith*, Case No. 2:11-cr-00058-JAD-CWH, 2016 WL 2901661, at *5–6 (D. Nev. May 18, 2016); *United States v. Baires-Reyes*, Case No. 15-cr-00122-EMC-2, 2016 WL 3163049, at *5 (N.D. Cal. June 7, 2016). In a well-reasoned decision, the *Bell* Court found that the "core of the [*Johnson*] analysis is focused on the indeterminacy created by application of the categorical approach to the broad language of the ACCA residual clause." *Bell*, 158 F. Supp. 3d at 923. The court concluded that the analysis of *Johnson* and *Dimaya* must be applied "with equal force" to § 924(c)'s Residual Clause, for which the courts apply the same categorical approach. *Id.* (citing *Amparo*, 68 F.3d at 1225–26; *Piccolo*, 441 F.3d at 1086–87).

---

Cir. 2013)). Therefore, § 924(c)'s Residual Clause suffers from the same indeterminacy and vagueness as the ACCA's residual clause.

The Ninth Circuit's decision in *Dimaya* persuades this Court to find § 924(c)'s Residual Clause void for vagueness.[8]  The *Dimaya* Court extended *Johnson* to a statute with language identical to this provision, and it cannot be distinguished.  Therefore, this Court must reach the same conclusion and find § 924(c)'s Residual Clause unconstitutional.  Accordingly, the Court sustains Payne's Objection as to Count Three and dismisses Count Three of the Superseding Indictment as to all defendants.

### B. Assault on a Federal Officer, 18 U.S.C. § 111(a)(1) and (b)

The crime of violence referred to in Count Six is the crime charged in Count Five: Assault on a Federal Officer, 18 U.S.C. § 111(a)(1) and (b).  Judge Leen found that *United States v. Juvenile Female*, 566 F.3d 943 (9th Cir. 2009) "forecloses Payne's argument that the § 111(b) offense does not qualify as a crime of violence under § 924(c)(3)(A)'s force clause."  (R. & R. 34:2–3).  Payne's Objection does not present new or rebuttal legal arguments, but rather requests that this Court reject Judge Leen's determinations.  Payne does not cite to any legal authority or case law to support his objection.  The Court has reviewed this issue *de novo* and agrees with Judge Leen that *Juvenile Female* is controlling law and applicable here.  *See also Bell*, 158 F. Supp. 3d at 913–18.  Accordingly, Payne's Objection as to Count Six is overruled.

### C. Threatening a Federal Law Enforcement Officer, 18 U.S.C. § 115(a)(1)(B)

The crime of violence referred to in Count Nine is the crime charged in Count Eight: Threatening a Federal Law Enforcement Officer, 18 U.S.C. § 115(a)(1)(B).[9]  Judge Leen found

---

[8] The Court acknowledges that *Dimaya* is currently under review before the United States Supreme Court; however, *Dimaya* remains Ninth Circuit precedent unless the Supreme Court decides otherwise.

[9] Section 115(a)(1)(B) states: "Whoever— . . . threatens to assault, kidnap, or murder, a United States official, a United States judge, a Federal law enforcement officer, or an official whose killing would be a crime under such section, with intent to impede, intimidate, or interfere with such official, judge, or law enforcement officer while engaged in the performance of official duties, or with intent to retaliate against such official, judge, or law enforcement officer on account of the performance of official duties, shall be punished as provided in subsection (b)." 18 U.S.C. § 115(a)(1)(B).

that § 115(a) is divisible because it provides different punishments for threats of assault, kidnapping, and murder.[10] (R. & R. 34:15–24); *Mathis v. United States*, 136 S. Ct. 2243, 2256 (2016) ("If statutory alternatives carry different punishments, then . . . they must be elements."). Section 115(a)(1)(B) under the "threat of assault" alternative has four elements: 1) the defendant made a threat to assault, 2) a federal law enforcement officer, 3) with intent to impede, intimidate, interfere with, or retaliate against that officer, 4) while the officer was engaged in or on account of the performance of his official duties. *See United States v. Orozco–Santillan*, 903 F.2d 1262, 1265 (9th Cir. 1990), *overruled in part on other grounds by Planned Parenthood of the Columbia / Willamette, Inc. v. Am. Coal. of Life Activists*, 290 F.3d 1058 (9th Cir. 2002) (en banc), *as amended* (July 10, 2002)). Judge Leen found that while the language in "Section 115(a)(1)(B) does not specifically require that a defendant threaten an official with violent force," in fact, "Ninth Circuit case law interpreting § 115(a)(1)(B) holds that to be convicted of the offense requires proof of a 'true threat,' which meets the physical force requirement of § 924(c)(3)(A)." (R. & R. 35:9–12). She further relied on *United States v. Ladwig*, 432 F.3d 1001 (9th Cir. 2005) and its agreement with the reasoning in *United States v. Bonner*, 85 F.3d 522, 526–27 (11th Cir. 1996), which both found "the use or threatened use of force" was an element of the § 115(a)(1)(B) conviction for making threats, to support her determination that § 115(a)(1)(B) qualifies as a crime of violence under § 924(c)'s Force Clause. (*Id.* 35:27–36:19).

      Payne's Objection argues that Judge Leen erred by not limiting her inquiry to the "statutory definition" of the offense, wherein § 115(a)(1)(B) does not specifically state the requirement of "threaten[ing] an official with *violent* force." (Obj. 16:7–15). He further argues

---

[10] Section 115(b) provides the punishments for § 115(a). Section 115(b)(1) covers assaults, § 115(b)(2) is kidnapping, § 115(b)(3) is murder, and § 115(b)(4), the section applicable here, states: "A threat made in violation of this section shall be punished by a fine under this title or imprisonment for a term of not more than 10 years, or both, except that imprisonment for a *threatened assault* shall not exceed 6 years." 18 U.S.C. § 115(b)(4) (emphasis added).

that case law defining the "true threat" does not dictate that "true threats" only include threats of physical violence. (*Id.* 16:16–17:10).[11] Payne also objects to Judge Leen's reliance on *Bonner* and *Ladwig*, which he states made "errors that were common in lower courts before the Supreme Court's recent clarifications of its 'crime of violence' jurisprudence." (*Id.* 17:13–15). Specifically, he explains that the *Bonner* Court considered the particular facts underlying the defendant's conviction, and in *Ludwig*, the state statute at issue "specifically required proof of an 'intent to kill' during the [harassing] phone call." (*Id.* 17:15–18:7)

The Court agrees with Judge Leen that § 115(a)(1)(B) is divisible, and the Superseding Indictment charges Defendants under the "threat to assault" alternative. As "threat" is not defined in § 115(a)(1)(B), the Court looks to case law for how the Ninth Circuit has defined threat under this or similar statutes. In *Planned Parenthood*, the Ninth Circuit observed that "our settled threats law" defines a "true threat" as "a statement which, in the entire context and under all the circumstances, a reasonable person would foresee [that it] would be interpreted by those to whom the statement is communicated as a serious expression of intent to inflict bodily harm upon that person." 290 F.3d at 1077. Based on this definition, the Court is satisfied that "threat to assault" necessarily includes "as an element the use, attempted use, or threatened use

---

[11] The Court notes that the Government presents an interesting counterargument based on the penalty structure of § 115 to negate Payne's assertion that threatening to commit a simple, nonviolent assault would fall under § 115(a)(1)(B):

> A person can be convicted of actual simple assault under 18 U.S.C. § 115(a)(A) and the penalty is a term of imprisonment of not more than one year. 18 U.S.C. § 115(b)(1)(B)(i). The penalty for threating to assault under § 115(a)(1)(B) is a term of imprisonment of not more than six years. 18 U.S.C. § 115(b)(4). It is illogical that one could receive six times the penalty for threating to commit a simple assault than for committing an actual simple assault.

(Gov't Resp. to Obj. 8:22 – 9:4).

of physical force" to qualify as a crime of violence under § 924(c)'s Force Clause.[12]

Accordingly, Payne's Objection as to Count Nine is overruled.

### D. Interference with Interstate Commerce by Extortion, 18 U.S.C. § 1951

The crime of violence referred to in Count Fifteen is the crime charged in Count Fourteen: Interference with Interstate Commerce by Extortion (or Hobbs Act Extortion), 18 U.S.C. § 1951. Judge Leen found that the elements of Hobbs Act Extortion are (1) extortion and (2) a nexus with interstate commerce. (R. & R. 37:5–6) (citing *United States v. Zemek*, 634 F.2d 1159, 1173 (9th Cir. 1980)). Then, based on the definition of extortion as provided in § 1951,[13] Judge Leen found that the statute is divisible and includes "three alternative elements creating three separate offenses: (1) extortion by public officials under color of official right; (2) extortion by private individuals by force, and (3) extortion by private individuals by non-violent threat." (*Id.* 37:22–24); *see also Mendez*, 992 F.2d at 1491 (finding that § 1951 is a divisible statute); 9th Cir. Model Crim. Jury Instructions 8.142, 8.142A, & 8.143 (2010 ed.) (last modified Dec. 2016) (separating Hobbs Act Extortion into three alternative jury instructions as the alternative elements are described here). Judge Leen then looked to the Superseding Indictment pursuant to the modified categorical approach to determine under which alternative Defendants are charged. Count Fourteen of the Superseding Indictment states that the law enforcement officers were "induced by the wrongful use of force, violence, and fear." (*See* Superseding Indictment 51:15–52:18). Judge Leen found that this count alleges only the alternative element of extortion by private individuals by force. (R. & R. 39:12–15,

---

[12] The Court finds "threat to assault" consistent with definition of physical force as violent force, or "force capable of causing physical pain or injury to another person." *United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 920 (9th Cir. 2014) (quoting *Johnson v. United States,* 559 U.S. 133, 140 (2010)).

[13] Extortion is defined in § 1951 as: "[T]he obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2). Notably, the Ninth Circuit has adopted this definition as the generic extortion definition in analyzing whether state extortion statutes constitute crimes of violence under the ACCA. *United States v. Velasquez-Bosque*, 601 F.3d 955, 959 (9th Cir. 2010) (citing *United States v. Anderson*, 989 F.2d 310, 312–13 (9th Cir. 1993)).

40:19–41:4). As such, the Government must prove, *inter alia*, that the defendant induced a victim to part with property by the wrongful use of actual or threatened force, violence, or fear. Judge Leen then rejected Payne's argument that "'fear' cannot satisfy the physical force requirement because fear does not require physical harm or injury and can be accomplished by creating fear of economic loss," finding that the Ninth Circuit has already rejected such an argument in the context of Hobbs Act robbery and federal bank robbery. (*Id.* 41:14–42:8) (citing *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. May 23, 2016) (unpublished), *as amended* (June 24, 2016); *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990)). As such, Judge Leen found that Hobbs Act Extortion by force "includes the wrongful use of actual or threatened force, violence, or fear as an element . . . [and therefore,] qualifies as a predicate crime of violence to support a § 924(c) offense" under the Force Clause. (R. & R. 42:9–13).

Payne's Objection first asserts that Judge Leen erred in finding the Hobbs Act to be divisible and in setting forth the alternative elements. (Obj. 18:18–20:9). His Objection then contends that because the Hobbs Act is indivisible, and "extortion plainly encompasses acts that do not involve the use of violence or even force, it cannot satisfy [§ 924(c)'s] force clause." (*Id.* 20:10–14).[14] Finally, Payne asserts that extortion by wrongful use of "force, violence, or fear" can still be accomplished by "fear of economic loss," differentiating it from Hobbs Act Robbery, which "is inherently a more dangerous offense than extortion." (*Id.* 21:7–22:6).

The Court agrees with Judge Leen that § 1951 is a divisible statute. *See Mendez*, 992 F.2d at 1491 (finding that § 1951 is a divisible statute). To determine the alternative elements, the Court finds the Ninth Circuit's explanation in *Dixon* instructive:

---

[14] Payne further contends that even if the statute is divisible, the Superseding Indictment does not specify which alternative element. (Obj. 20:15–23). Although not expressly stated, this argument appears to be based on the fact that the title of the charge does not specify "Extortion by Force." However, because the allegations in the Superseding Indictment track the force language in the statute, the Court finds that the title of the charge is not determinative and this contention is without merit.

> [I]f a statute contains alternative elements, a prosecutor must generally select the relevant element from its list of alternatives. And the jury, as instructions in the case will make clear, must then find that element, unanimously and beyond a reasonable doubt. But if a statute contains only alternative means, a jury need not agree as to *how* the statute was violated, only that it was.

*United States v. Dixon*, 805 F.3d 1193, 1198 (9th Cir. 2015) (internal citations and quotation marks omitted). As the Supreme Court has explained, Hobbs Act Extortion is both "an offense committed by a public official who took 'by colour of his office' money that was not due to him for the performance of his official duties . . . [and] acts by private individuals pursuant to which property is obtained by means of force, fear, or threats." *Evans v. United States*, 504 U.S. 255, 260–61 (1992). Therefore, conduct by private individuals as opposed to public officials creates alternative elements. Additionally, the Ninth Circuit Model Jury Instructions further separate the conduct of private individuals into Hobbs Act Extortion by force (Instruction 8.142) and Hobbs Act Extortion by nonviolent threat (Instruction 8.142A).[15] The Court finds this distinction instructive that "by force" and "by nonviolent threat" are two alternative elements, rather than alternative means. *See Dixon*, 805 F.3d at 1198.

The Ninth Circuit case cited by Payne to support that extortion can be accomplished by fear of economic loss specifically refers to "economic extortion," which actually supports Judge Leen's determination that the alternative elements include one alternative by force and one by nonviolent threats (or economic extortion). *See United States v. Marsh*, 26 F.3d 1496, 1501 (9th Cir. 1994); *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1130–33 (9th Cir. 2014). Further, the *Marsh* Court examined the sufficiency of the evidence to support a conviction for *economic* extortion. *Id.* As such, the Court finds that these cases would be applicable only to Hobbs Act Extortion by nonviolent threat, not by force. Additionally, any argument that Hobbs Act Extortion by "force, violence, or fear" is insufficient because "fear" cannot qualify as a crime

---

[15] Conduct of a public official similarly maintains a separate Ninth Circuit Model Jury Instruction: Hobbs Act Extortion under color of official right (Instruction 8.143).

of violence has been readily rejected by the Ninth Circuit. *Selfa*, 918 F.2d at 751 (holding that federal bank robbery by intimidation qualifies as a crime of violence); *Howard*, No. 15-10042, 2016 WL 2961978, at *1 (relying on *Selfa* in holding that Hobbs Act Robbery by placing someone in fear of injury also qualifies as a crime of violence). Accordingly, Payne's Objection as to Count Fifteen is overruled.

The Court adopts in part Judge Leen's Report and Recommendation (ECF No. 1218) to the extent that it is not inconsistent with this opinion. Santilli and Payne's Motions to Dismiss (ECF Nos. 702, 710) are granted in part and denied in part, and Count Three is dismissed as to all defendants.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 1218) is **ADOPTED in part**, consistent with this Order.

**IT IS FURTHER ORDERED** that Santilli's Motion to Dismiss (ECF No. 702) and Payne's Motion to Dismiss (ECF No. 710) are **GRANTED in part, DENIED in part**.

**IT IS FURTHER ORDERED** that Count Three of the Superseding Indictment is dismissed as to all defendants.

**IT IS FURTHER ORDERED** that Lovelien's Motion for Joinder (ECF No. 1297) is **GRANTED**.

**IT IS FURTHER ORDERED** that Stewart, M. Bundy, Woods, and A. Bundy's Motions for Joinder (ECF Nos. 1307, 1309, 1421, 1466) are **DENIED** as untimely.

**DATED** this ___2___ day of February, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court