# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:16-cr-46-GMN-PAL |
| vs. | ) | |
| | ) | **ORDER** |
| AMMON E. BUNDY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court is the Report and Recommendation (ECF No. 1216) entered by Magistrate Judge Peggy A. Leen on December 30, 2016, denying Defendant Ammon E. Bundy's ("Defendant's") Motion to Dismiss for Destruction of Evidence (ECF No. 833). Defendant timely filed his Objection (ECF No. 1293), to which the Government timely filed a Response (ECF No. 1437).[1]

## I.    BACKGROUND

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment charging Defendant and eighteen other co-defendants with sixteen counts related to a confrontation on April 12, 2014, with Bureau of Land Management ("BLM") officers in Bunkerville, Nevada. (ECF No. 27).

In his Motion to Dismiss, Defendant seeks to dismiss his case, or in the alternative, receive a remedial jury instruction, based on the destruction of evidence, specifically

---

[1] On January 17, 2017, Defendants Steven A. Stewart and Melvin D. Bundy, and on January 27, 2017, Defendant Ryan W. Payne all filed Motions for Joinder (ECF Nos. 1308, 1310, 1443) to Defendant's Objection (ECF No. 1293). Pursuant to District of Nevada Local Rule IB 3-2(a), any objections to a magistrate judge's report and recommendation must be filed within 14 days of service. None of these motions for joinder were filed within the 14-day deadline to be considered as objections to Judge Leen's Report and Recommendation. Accordingly, the Court denies these Motions for Joinder (ECF Nos. 1308, 1310, 1443) as untimely.

documents shredded by the BLM officers prior to leaving Bunkerville on April 12, 2014.[2]

Defendant argues that "because the government knew charges were coming," they

"intentionally destroyed documents that could have exonerated [him]." (Mot. to Dismiss 3:12–

13, ECF No. 833).  He contends that this shredding was done in bad faith, and because of the

documents' potential use to him, either as exculpatory or impeachment evidence, it was a

violation of his due process rights requiring the dismissal of the Superseding Indictment. (*See

id.* 1:20–22, 3:27–4:1).

        In her Report and Recommendation, Judge Leen rejected these arguments and

recommended denial of the Motion. (R. & R. 13:25–18:6, ECF No. 1218).  Specifically, Judge

Leen found that Defendant did not show "the documents that were shredded were potentially

useful to his defense, or that he is unable to obtain comparable evidence by other reasonable

means." (*Id.* 14:26–27).  She also found that Defendant did not establish contested issues of

fact to warrant an evidentiary hearing, nor did he establish prejudice to warrant a remedial jury

instruction. (*Id.* 15:6–10, 17:26–18:6).

## II.     **LEGAL STANDARD**

        A party may file specific written objections to the findings and recommendations of a

United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B);

D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo*

determination of those portions of the Report to which objections are made. *Id.*  The Court may

accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate

Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

---

[2] Defendant's Motion is supported by several photographs of trash bags full of thoroughly shredded documents. (Photographs, Ex. A to Mot. to Dismiss, ECF No. 833).  In its Response, the Government confirmed that, based on the remnants of identifiable words within the shredded documents, these shredded documents appear to have previously belonged to the BLM officers from the Bunkerville area. (*See* Kleman Decl. ¶¶ 5–6, Ex. A to Gov't Resp., ECF No. 948-1).

III.    **DISCUSSION**

Defendant asserts several objections to Judge Leen's Report and Recommendation denying his Motion to Dismiss. (Obj., ECF No. 1293). Defendant argues that Judge Leen erred by "cit[ing] to the 'potentially useful' analysis," while "actually employ[ing] the higher 'materially exculpatory' standard by faulting [Defendant] for not demonstrating, definitively, the exculpatory nature of the shredded documents." (*Id.* 2:14–16). Defendant contends that Judge Leen failed to "consider the *potential* use to [Defendant] of destroyed handwritten notes of likely witnesses and alleged victims." (*Id.* 3:1–2). Defendant further argues that an evidentiary hearing is necessary because a factual dispute exists as to "what was contained in the shredded handwritten notes," which Agent Kleman "does not and cannot identify." (*Id.* 3:11–4:3).[3] Ultimately, Defendant contends that "[Judge Leen] improperly conclude[d] that all of the documents have been identified as non-useful to [Defendant's] defense," "the government agents were aware, by virtue of their training, of the potential use of the shredded documents before they shredded them," and "the handwritten notes are not reasonably available by any other means." (*Id.* 4:15–5:7). Defendant claims that he should at least be entitled to an "adverse jury instruction" because that he "lost untold impeachment material . . . of handwritten notes generated by the very government actors claiming to be victimized by the protest," potentially impeding his "right to vigorously cross examine all witnesses with their prior statements." (*Id.* 5:18–7:1).

"The mere failure [of officers] to preserve evidence which could have been subjected to tests which might have exonerated the defendant does not constitute a due process violation." *Phillips v. Woodford*, 267 F.3d 966, 987 (9th Cir. 2001) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1455 (9th Cir. 1997)). Rather, the government's duty to preserve evidence is limited to material evidence, the exculpatory value of which is apparent at the time of its

---

[3] Defendant does not contest the veracity of Agent Kleman's Declaration. (Obj. 3:23–25).

destruction and is of such a nature that the defendant cannot obtain comparable evidence from other sources. *California v. Trombetta*, 467 U.S. 479, 489 (1984).  Furthermore, "unless a criminal defendant can show bad faith on the part of the [officers], failure to preserve *potentially useful evidence* does not constitute a denial of due process of law." *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988) (emphasis added).  "The presence or absence of bad faith by the [officers] for purposes of the Due Process Clause must necessarily turn on the [officers'] knowledge of the exculpatory value of the evidence at the time it was lost or destroyed." *Id.* at 56 n.1; *United States v. Sivilla*, 714 F.3d 1168,1172 (9th Cir. 2013).  Even negligence in failing to preserve potentially useful evidence is not sufficient to constitute bad faith and does not violate due process. *See Grisby v. Blodgett*, 130 F.3d 365, 371–72 (9th Cir. 1997); *see also United States v. Flyer*, 633 F.3d 911, 916 (9th Cir. 2011) ("Bad faith requires more than mere negligence or recklessness.").

Having reviewed the record in this case *de novo*, the Court agrees with the analysis and findings of Judge Leen in her Report and Recommendation (ECF No. 1216) denying the Motion to Dismiss and incorporates them by reference in this order.  First, the Court agrees with Judge Leen that Defendant failed to demonstrate bad faith on the part of the BLM officers. The Court is not persuaded by Defendant's insistence that "by virtue of their training" alone, the BLM officers were aware of the potential usefulness of the documents.  Rather, as explained by Agent Kleman, "[t]he shredding was done pursuant to long-established policies regarding protection of law enforcement sensitive information." (Kleman Decl. ¶ 12, Ex. A to Gov't Resp., ECF No. 948-1).  As Judge Leen explained, Defendant's argument is that "because the documents that were shredded were authored by BLM agents and therefore are necessarily witness statements that might be exculpatory in that they might contain evidence of the state of mind of government officials." (R. & R. 17:28–18:2).  Similar to unpreserved evidence that could have been tested and might then have exonerated a defendant, here,

Defendant's assertion is likewise based on multiple contingencies and speculation. *See Phillips*, 267 F.3d at 987.  As such, the Court finds that Defendant has not met his burden of demonstrating bad faith in that the BLM officers knew of the potential useful value of the documents at the time they were shredded. *See Youngblood*, 488 U.S. at 58.

The Court further agrees with Judge Leen that Defendant has failed to establish contested issues of fact sufficient to warrant an evidentiary hearing.  The Court cannot give much weight to Defendant's investigator's "information and belief" that the bags of shredded documents were "carefully and securely stored under lock and key since April of 2012 [sic], and remain in the same state as when they were recovered," as the investigator only reviewed the material over two years later and does not have personal knowledge of its whereabouts prior to his review.  The limited shreds of paper that appear to have handwriting do not warrant an evidentiary hearing, and Defendant does not provide any legal basis to demonstrate otherwise. (*See* Obj. 3:11–4:3).

Lastly, as to the remedial jury instruction, such a decision requires the Court to "balance the quality of the Government's conduct against the degree of prejudice to the accused, where the government bears the burden of justifying its conduct and the accused of demonstrating prejudice." *Sivilla*, 714 F.at 1172 (internal quotation marks omitted).  The Court has examined the *Sivilla* factors for both the justification of the Government's conduct and the prejudice to Defendant.[4] *Sivilla*, 714 F.3d at 1173–74; (*see also* R. & R. 16:8–17:2).  The Court finds that

---

[4] The factors in *Sivilla* as to the Government's conduct include: "[W]hether the evidence was lost or destroyed while in its custody, whether the Government acted in disregard for the interests of the accused, whether it was negligent in failing to adhere to established and reasonable standards of care for police and prosecutorial functions, and, if the acts were deliberate, whether they were taken in good faith or with reasonable justification.... It is relevant also to inquire whether the government attorneys prosecuting the case have participated in the events leading to loss or destruction of the evidence, for prosecutorial action may bear upon existence of a motive to harm the accused." *Sivilla*, 714 F.3d at 1173.

Then, with regard to prejudice to the defendant, the *Sivilla* court examined the following factors: "[T]he centrality of the evidence to the case and its importance in establishing the elements of the crime or the motive or intent of the defendant; the probative value and reliability of the secondary or substitute evidence; the nature and probable weight of factual inferences or other demonstrations and kinds of proof allegedly lost to the accused;

the Government's conduct was reasonably justified as part of protocol to protect confidential information. (*See* Kleman Decl. ¶¶ 4, 8–12). Although Defendant asserts that "at least one Assistant United States Attorney [was] present with the BLM [officers] in Bunkerville" (Obj. 4:18–19), Defendant does not assert that any of the Government's attorneys actually prosecuting this case were involved. Further, the Court finds that Defendant failed to meet his burden of establishing prejudice. Defendant has not demonstrated that the evidence is central to the case, important to establish the elements of the crime or his own motive, or that its absence presents a danger of unfounded speculation by the jury. Defendant's belief that he has irreparably lost impeachment evidence is speculative and without sufficient foundation. The Court agrees with Judge Leen that the substitute evidence of cross-examination of witnesses is sufficient, especially as the other prejudice factors do not weigh in Defendant's favor.[5] Accordingly, the Court denies without prejudice Defendant's request for a remedial jury instruction.

Accordingly, Defendant's Objection (ECF No. 1293) is overruled. The Court accepts and adopts Judge Leen's Report and Recommendation (ECF No. 1216) to the extent that it is not inconsistent with this opinion and denies Defendant's Motion to Dismiss (ECF No. 833).

**IV.    CONCLUSION**

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 1216) is **ACCEPTED and ADOPTED in full**.

///

///

---

the probable effect on the jury from absence of the evidence, including dangers of unfounded speculation and bias that might result to the defendant if adequate presentation of the case requires explanation about the missing evidence." *Id.* at 1173–74.

[5] Defendant is insistent that he "potentially lost witness statements" (*see* Obj. 6:27–28), but he demonstrates no concrete basis for such speculation other than the few scraps of handwritten letters that he concludes must have been witness statements. The Court does not find this likely based on the photographic evidence provided.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (ECF No. 833) is **DENIED**.

IT IS FURTHER ORDERED that the Motions for Joinder (ECF Nos. 1308, 1310, 1443) are **DENIED**.

**DATED** this ____2____ day of February, 2017.

_____

Gloria M. Navarro, Chief Judge
United States District Court