UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br>v.<br><br>AMMON E. BUNDY,<br><br>                         Defendant. | Case No. 2:16-cr-00046-GMN-PAL<br><br>**ORDER**<br><br>(Mot. Custody Conditions – ECF No. 1743) |

This matter is before the court on Defendant Ammon E. Bundy's ("Ammon Bundy") Ex Parte Motion for Hearing Regarding Custody Conditions (ECF No. 1743), filed March 22, 2017. This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-7 of the Local Rules of Practice. The court has considered the Motion, Defendants Ryan C. Bundy, Ryan W. Payne, Cliven D. Bundy's Motions for Joinder (ECF Nos. 1745, 1746, 1749), and Payne's Sealed Supplement (ECF No. 1779).

**BACKGROUND**

Ammon Bundy filed an ex parte motion for a hearing asserting the conditions of his detention do not concern the government, and he anticipates the government would take no position with respect to his request. Because the motion was filed ex parte, the government and public have not access to this motion. Although the court agrees, based on a series of similar defense requests, the government is unlikely to take a position on the issue at hand, neither Bundy, nor those joining have established good cause for sealing this order.

Citing *Strickland v. Washington*, 466 U.S. 668 (1984) Bundy argues he has the Sixth Amendment right to effective assistance of counsel. The motion represents that appointed counsel was informed by staff of Nevada Southern Detention Center ("NSDC") that after communicating with the United States Marshal Service ("USMS") "the next time Ammon, Ryan Bundy, or Ryan

1

Payne were placed in segregation, they would not be allowed to meet with their lawyers." Ammon Bundy therefore requests that the court "conduct a brief ex parte hearing to address the conditions of his custody." The motion requested that the district judge set the matter for hearing with the ex parte hearing on Morgan Philpot's pro hac vice application. However, the district judge referred it to the undersigned.

Standby counsel for Ryan C. Bundy filed an ex parte Joinder (ECF No. 1745). Standby counsel shares the same concerns raised by attorney Daniel Hill on behalf of Ammon Bundy "insofar as there appears to be a potential/future denial of the ability to meet with any/all counsel, including presumably standby counsel." Additionally, because of the length of Ryan Bundy's administrative detention, he has Eighth Amendment concerns. On March 17, 2017, standby counsel was preparing to visit with Ryan Bundy when she was informed in the interview room at NSDC that Ryan Bundy was in the administrative segregation area and could not visit counsel without being handcuffed for the walk to the attorney interview room. Ryan Bundy refused to be handcuffed for the visit and so it did not occur. The motion argues that there appears to be no identifiable legitimate penological interest in requiring an inmate in administrative segregation to be handcuffed for a walk, inside the facility, from the cell to the interview room. The motion acknowledges that the burden is on the inmate to show that the challenged regulation is unreasonable. Ryan states that "if allowed to answer he will be able to demonstrate the unreasonableness of being handcuffed for a walk from his cell to the attorney interview room."

Bundy also argues that he has been denied reasonable access to other counsel without standby counsel being present. Specifically, following the regular defense Tuesday group meeting in the chapel at NSDC he was denied the ability to meet with other counsel and their clients without standby counsel also being present although Ryan Bundy is representing himself. Standby counsel's presence and/or absence should not stand in the way of Ryan Bundy's ability to represent himself and/or prepare his case with other counsel, and standby counsel "should not have to be made to act as a hall monitor and/or minder" for Ryan Bundy to have reasonable and legitimate access to defense resources and/or counsel.

Ryan Payne filed an Emergency Sealed Ex Parte Supplement to Ryan Payne's Joinder (ECF No. 1779). It states that counsel for Ryan Payne has been unable to meet with the client in Pahrump for almost 2 weeks and the issues preventing contact "appear to be similar to those raised by Ammon Bundy in his motion." On March 23, 2017, counsel went to visit Payne in Pahrump. Counsel was initially told that a meeting would not be permitted because of Payne's past alleged failure to follow rules at jail. However, after further inquiry, jail officials indicated that Payne would be allowed to meet with his attorney. Payne was not brought out, purportedly because he failed to comply with the jail's rules for transporting him to and from his cell. Payne has been in telephonic contact with his counsel and made it clear that he wishes to meet with his counsel to prepare for trial and believes that an in person conference is necessary. However, Payne asserts that the jail's rules for transporting to and from the cell are an unreasonable infringement of both his Sixth Amendment right to the assistance of counsel, and his fundamental rights to due process and liberty. He therefore requests a prompt hearing to resolve these issues.

The court requested a report from the USMS regarding these defendants' complaints about access to counsel. The USMS advised that the defendants in administrative segregation are not advised that they will not be allowed to see their lawyers. Inmates in administrative segregation have the same access to counsel as detainees in general population. Pretrial detainees in administrative segregation are allowed to visit with their lawyers one-on-one although they are not permitted to take part in group meetings with other inmates from whom they are segregated. Detainees in administrative segregation are required to follow facility policy for visitation that includes being strip searched each time they go in or out of the segregation unit. Pretrial detainees in administrative segregation are restrained when transported to attorney meetings pursuant to NSDC policy because they may come in contact with unrestrained inmates. Pretrial detainees housed in NSDC can meet with their lawyers any day of the week, however, NSDC requests 24 hours' notice for scheduling purposes. Inmates in administrative segregation are transported to the attorney client interview room handcuffed behind their back. Their handcuffs are moved to the front during the attorney/client visit.

Until recently, the defendants in this case who were housed in Pahrump have been having group meetings on Tuesday in the chapel in accordance with the court's request that the facility accommodate group meetings. However, some of the lawyers and defendants have not been attending the meetings. On April 10, 2017, counsel for Peter Santilli, the attorney who requested a court order allowing for group meetings, sent a letter to NSDC staff stating: "[we] will no longer be convening for group meetings. Please delete the Tuesday group meeting from your calendar." The week before this letter was sent, only two lawyers attended the group meeting, and in prior weeks, only 5 lawyers attended.

The week prior to the court's inquiry, Ryan and Ammon Bundy refused to follow facility rules by refusing to submit to a strip search and put on handcuffs prior to leaving segregation for movement to the lawyer visitation room. As a result, they were not transported to the interview room. At the time of the court's inquiry, Payne was no longer in administrative segregation.

## DISCUSSION

The motion and joinders do not provide an offer of proof or any indication about what evidence would be presented if the court granted a hearing. It is clear that the movants vigorously object to being detained, and to a number of NSDC policies and procedures with which they disagree. They do not want to be transported to attorney client visits in handcuffs. Ammon Bundy wants a hearing because counsel was told if Bundy and/or some of his co-defendants were again placed in administrative segregation they would not be allowed to meet with their lawyers, and later the same day Ammon was placed in administrative segregation. Based on the report received from the USMS, Ryan Bundy and Payne were not taken to meet with their lawyers because they refused to comply with NSDC rules that apply to all detainees in administrative segregation.

Ordinarily, a civil rights action is the appropriate remedy for an inmate to challenge the conditions of his confinement on constitutional grounds. See, e.g., *Clutchette v Procunier*, 497 F 2d 809, 812 (9th Cir. 1974); *Bivens v Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). However, 18 U.S.C. Section 3142(i)(3), which governs the content of detention orders requires the court to direct that a person detained "be afforded reasonable opportunity for private consultation with counsel."

4

The court has worked with the USMS to make arrangements to allow counsel to have contact visits with their clients having laptops to view discovery, made arrangements to allow additional access to the law library and computers and computer media on which these defendants and their co-defendants can review the discovery. The court has also made arrangements through the USMS for weekly group defense meetings at NSDC. In prior orders the court has directed counsel to attempt to resolve requests for access to discovery and attorney/client visits directly with CCA and the USMS before filing formal motions. *See, e.g.,* Order (ECF No. 588) granting defendant Parker's motion for miscellaneous relief to allow possession of external storage devices at CCA. The order advised counsel for all of the defendants that failure to comply with the requirements to attempt to resolve requests for access to discovery and attorney/client visits directly with CCA and the USMS may result in summary denial of any future motion. Yet, these motions continue.

Ammon and Ryan Bundy's objection to being transported in handcuffs to and from their attorney visits is not a new complaint. At a joint pretrial conference on December 9, 2016, the court set a number of pretrial motions for hearing. All 17 defendants were transported to court for the hearing. However, Ammon Bundy and Ryan Bundy refused to leave the holding cell to come to court. At the request of Ammon Bundy's counsel, and Ryan Bundy's standby counsel, the court permitted counsel to confer with their clients before proceeding with the hearing. Both counsel entered the holding cell, conferred with their clients, and returned to court. Counsel for Ammon Bundy indicated that Ammon Bundy was in the holding cell, capable of walking into the courtroom, but was declining to do so. It was Ammon Bundy's position that it was the USMS' responsibility to bring him to court. When the court inquired whether counsel for Ammon Bundy was requesting that the court order the USMS to use physical force to bring his client into court, counsel responded "his position is a little more nuanced than that" without further explanation. Standby counsel for Ryan Bundy advised the court that Ryan Bundy took the same position. The court declined to order the USMS to use physical force to bring these defendants into the courtroom, made sure that the court proceedings were audible in the Marshal's holding cell, and indicated that if either or both defendants changed their mind they could come into court at any

time. Ammon and Ryan Bundy declined to do so and the hearing was held while they listened to the audio from the holding cell. Two days after this motion was filed Ammon Bundy refused to dress for court and was transported in his underwear for the ex parte hearing on attorney Philpot's pro hac vice application. The district judge addressed his conduct during the hearing.

These defendants' behavior in custody has also been noted by more than one of their co-defendants. Most recently, counsel for Santilli filed a second emergency motion to sever Santilli from being tried with his "protesting" co-defendants, and requested a hearing to canvass them, presumably about their behavior, which Santilli believes is prejudicing him. (ECF No. 1833). The court will enter a separate order addressing Santill's motion on the merits. However, in it, counsel for Santilli represents to the court that Santilli's trial defendants, except for Cliven Bundy, "have decided it is more important to protest jail procedures they feel violate their rights instead of preparing for a defense in the upcoming case in which they are facing life in prison." Santilli's motion states that although he has focused his defense preparation on the facts of the case, "the timing of the Bundy jail protests have eliminated their contact with counsel during crucial trial preparation." Santilli does not want to go to trial with his co-defendants because he believes they will not be adequately prepared for trial "unless they immediately come to their senses and start preparing for the trial with counsel."

In the absence of an offer of proof or affidavit establishing a concrete claim that anything other than the defendants' refusal to comply with NSDC procedures is preventing access to their counsel the court will not conduct an ex parte hearing. Based on the report received from the USMS the moving defendants have access to their lawyers on the same basis as other inmates housed in general population, and on the same terms as inmates housed in administrative segregation.

In short, it seems clear that these defendants have made decisions not to meet with their counsel if required to comply with facility rules that they be transported to and from attorney visits in handcuffs. If they choose to visit with their attorneys, they may do so. The choice not to visit with counsel is unwise, but not one the court will interfere with.

Accordingly,

**IT IS ORDERED:**

1. Defendants Ryan C. Bundy, Ryan W. Payne, Cliven D. Bundy's Motions for Joinder (ECF Nos. 1745, 1746, 1749) are **GRANTED**, in that their requests to join in Ammon Bundy's substantive arguments are granted.

2. Defendant Ammon E. Bundy's Ex Parte Motion for Hearing Regarding Custody Conditions (ECF No. 1743) is **DENIED**.

Dated this 24th day of April, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

7