UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br>CLIVEN D. BUNDY,<br><br>Defendant. | Case No. 2:16-cr-00046-GMN-PAL<br><br>**ORDER**<br><br>(Mot for Discovery – ECF Nos. 1971) |

Before the court is Defendant Cliven D. Bundy's Motion for Discovery (ECF No. 1971). The court has considered the motion, the joinders to the motion (ECF Nos. 1977, 1987, 1993, 1994, 1995), the government's Response (ECF No. 2030) and Bundy's Reply (ECF No. 2039).

In the current motion, Cliven Bundy seeks discovery related to co-defendant Greg Burleson's service as an informant for the FBI. This information came to light during the first trial. Bundy requested the government provide discovery, but the government responded it would not provide an answer believing the information is irrelevant to Mr. Bundy's case. Bundy therefore seeks an order compelling the United States to disclose:

1. All 302s related to Mr. Burleson, including any contacts and/or interviews with Burleson and his handlers;
2. All investigations or cases in which Mr. Burleson has assisted the FBI or the Department of Justice or the Department of Homeland Security;
3. Any prior testimony provided by Mr. Burleson, including grand jury testimony;
4. Any payment records indicating amounts which have been paid to Mr. Burleson;
5. The agreement or agreements between Mr. Burleson and the FBI: including When Mr. Burleson's relationship with the FBI began, when it ended; and all

documents indicating or relating to where and when this relationship began and ended.

During the first trial, it was revealed that Burleson was an FBI informant prior to the Bundy standoff, i.e., the events leading to the counts charged in the superseding indictment. The government claims that Burleson's prior history as an FBI informant is irrelevant and not exculpatory has he was only an informant on a case which did not involve the events underlying this case. However, Bundy argues that because Burleson's statements were introduced in the first trial as statements of a co-conspirator in furtherance of the conspiracy, his statements are essentially also criminal accusations against Bundy. Burleson was convicted of eight counts in the superseding indictment. This was more than any other defendant and it is therefore clear that the jury in the first trial felt Burleson was the most culpable man on trial who committed the most egregious acts. Burleson's statements are clearly prejudicial and his history as an FBI informant is therefore relevant to Bundy's defenses.

Two of Burleson's "ex-handlers" testified at the first trial. Their history with Burleson is evidence of the agents' possible bias in their testimony, as well as evidence of their motive to testify in a particular matter. The defense has the right to impeach and counter government evidence with evidence of Burleson's involvement with the FBI under the theory that Burleson was purposely lying and/or exaggerating and/or instigating extreme "and possibly criminal" behavior at Bunkerville and after Bunkerville for the purpose of collecting incriminating information about other individuals that he could later provide to the FBI in exchange for financial compensation or some other benefit. The court should therefore compel the United States to turn over the discovery Bundy seeks.

The government filed a Response (ECF No. 2030) opposing Bundy's motion and the joinders of co-defendants Mel Bundy, Steven Stewart, Eric Parker, O. Scott Drexler, Dave Bundy, Ryan Payne and Ammon Bundy. The government affirmatively represents that is has produced all information related to Burleson and his involvement in the events leading to the superseding indictment, including any 302s documenting any interaction between Burleson and the FBI during, or in the course of, the investigation of those events. Bundy's request for discovery seeks

information relating to other investigations that occurred before the Bunkerville incident which are unrelated. Bundy has not met his burden of establishing the discovery he seeks is material. His conclusory allegations are insufficient. The Ninth Circuit requires a showing of specific facts relating to the materiality of the proposed discovery. Bundy's speculation and conclusions do not suffice. The motion fails to articulate which, if any, of Burleson's statements are supposedly false or exaggerated, or how any supposedly false statement is related to Burleson's involvement in other investigations. Bundy does not claim that any of Burleson's "ex-handlers" will be called by the government to testify in the second trial. The government states they will not be called. Rule 16 does not allow for general fishing expeditions and requires specific facts in support of a discovery request. The court should therefore deny the motion.

Bundy replies that pursuant to Rule 16 he need only make a prima facie showing of materiality, citing *United States v. Little*, 753 F.2d 1420, 1445 (9th Cir. 1984) and *United States v. Cadet*, 727 F.2d 1453, 1468 (9th Cir. 1984). In his motion to compel discovery, Bundy has alleged that Burleson was an FBI informant. The government does not dispute this. Evidence confirming Burleson was an informant was produced under oath during the first trial. The defense is therefore not speculating about what evidence might exist. The only question for the court is whether Bundy has advanced a prima facie argument demonstrating how the requested materials would be helpful for the defense, that is, facts that would tend to show that the government is in possession of information helpful to him.

The discovery he seeks is helpful because the jury in the first trial found Burleson was the most culpable of the defendants that were tried and Burleson's statements were clearly prejudicial to Bundy. Bundy argues that "the weight and meaning" of Burleson's statements during and after the events at Bunkerville "are impacted by his history as a paid FBI informant." If Burleson was purposefully lying or exaggerating or instigating extreme behavior to collect incriminating information about other individuals that he could later exchange for financial compensation or some other evidence, it is relevant to explaining Burleson's statements before and after Bunkerville to the jury. Burleson's history as an FBI asset would support an argument that the jury infer a non-conspiratorial intent underlying Burleson's conduct and statements from his history with the FBI.

3

The defense does not need to demonstrate that the requested discovery will prove the defendant's theory. Rather, the defense need only establish that Burleson was an FBI informant, documentation describing the specific nature of his status as an informant is in the possession of the United States, and the documents may be helpful to his defense theory. Bundy does not need to pin down exactly how he will use the evidence at trial once he receives it. He plainly cannot do so at this juncture as the United States maintains exclusive control over the evidence. Bundy has zero access to Burleson's FBI related files in the government's possession, and no access to interview FBI agents. The FBI agents are unlikely to voluntarily divulge additional and potential confidential information to the defendants without a court order compelling them to do so. Thus, the United States' unilateral control of the relevant documents creates a disparity of access to information which only bolsters Bundy's need for the documents requested. The court should therefore order the documents he seeks produced as information in the government's possession helpful to the defense.

Bundy's motion does not identify the statements Burleson made that were admitted at the first trial. He also does not describe the testimony of Burleson's "ex-handlers" that was admitted at trial. He does not state what defense theory would be supported by the discovery he seeks. The court is aware, because counsel for Burleson filed two motion s to suppress (ECF Nos. 876 & 982), that Burleson gave a videotaped interview October 27, 2014 to Longbow Productions, a company he thought was doing a documentary about the Bundy ranch/Bunkerville events, but which turned out to be an FBI undercover operation. The government produced this videotaped interview in discovery. The court is also aware an FBI agent returned Burleson's call in January 2015 during which Burleson bragged about his actions at the Bundy ranch and made incriminating and prejudicial statements describing his version of what happened while he was there. This telephone conversation was recorded and also produced in discovery. Assuming these are the statements the motion is referring to, Bundy does not explain how the discovery he seeks in an attempt to discredit Burleson would support any of his own defenses.

It is undisputed that evidence was adduced at the first trial that Burleson served as an FBI informant prior to the events leading up to his indictment in this case. However, there is nothing

in the record to suggest that Burleson was acting as a government informant in any manner related to this case. There is also no suggestion that he received any benefit from the government in this case as a result of his prior role as a paid FBI informant. To the contrary, he was prosecuted, tried and convicted of 8 counts related to his involvement in the events charged in the indictment. Burleson did not testify at the first trial, and there is no indication he will testify in any subsequent trial. The government affirmatively represents that it has no intention of calling Burleson's "ex-handlers" as witnesses in Bundy's trial.

In short, Bundy has not met his burden of showing the discovery he and his joining co-defendants seek would be helpful to any defense theory. At most, he suggests Burleson may have been motivated to exaggerate his involvement in the events at the Bundy ranch, or may have instigated some unidentified conduct in hopes of receiving some benefit from the FBI. The court will require the government to explicitly inform Bundy and the co-defendants who have joined in this motion, in writing, whether that Burleson was offered, received, or will receive any form of concession or benefit from the government for providing statements or information related to this case.

**IT IS ORDERED** that the Motion for Discovery (ECF No. 1971) is **GRANTED** to the limited extent that the government must inform the defendants, in writing, whether Burleson was offered, received or will receive any benefit or concession from the government for providing statement related to this case, and **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that the Motions for Joinder (ECF Nos. 1977, 1987, 1993, 1994, 1995) are **GRANTED.**

DATED this 14th day of July, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE