UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00146-GMN-PAL |
| Plaintiff, | |
| v. | **ORDER** |
| AMMON BUNDY, | (Ex Parte Mot for Access – ECF No. 2276) |
| Defendant. | |

Before the court is Ammon Bundy's Emergency Ex Parte Motion for Additional Computer/Law Library Access (ECF No. 2276). The motion requests access to a computer in the law library for a total of eight hours a day. It also asks that he "be permitted to have access to the discovery at the same time and same location as some other Bundy defendants, at least part of the time, to facilitate greater efficiency in discovery review."

The court directed the United States Marshal Service ("USMS") to contact the appropriate personnel at the detention facility, the Nevada Southern Detention Center in Pahrump, and report back what access Mr. Bundy currently has to the law library and computer equipment and whether his request for a court order would interfere with the ability of other pretrial and other pro se detainees to have law library access. The USMS Detention Management Inspector reported that Ammon Bundy is currently housed in the AA unit because of his disruptive behavior. Individuals in the AA unit have access to the law library four hours a day for a total of 28 hours a week. Granting Ammon Bundy the amount of time requested would have the undesirable effect of taking library time away from other units and other detainees who want to use the law library and have access to computers.

The court frankly does not understand his second request. The court facilitated group defense meetings at the Pahrump facility to allow the defendants to prepare their defense nearly a

year ago. *See* Sept. 28, 2016 Order (ECF No. 687) (granting Mot. to Conduct Group Meeting (ECF No. 679)) . Ammon Bundy did not join in the request to participate in joint defense meetings. *See id.* A subsequent motion was filed for an order allowing counsel and clients housed at the Pahrump facility to conduct group meetings. *See* Mot. to Conduct Group Meeting (ECF No. 914). Ammon Bundy was listed as one of the defendants requesting an order. The court entered and Order (ECF No. 917) granting the request October 28, 2016. The court was advised that certain defendants and/or their counsel stopped attending group defense meetings. On April 6, 2017, co-defendant Peter Santilli filed a second Motion to Sever (ECF No. 1833) arguing he did not want to be tried with co-defendants in Tier 1 because "other trial defendants except Cliven Bundy have decided it is more important to protest jail procedures they feel violate their rights instead of preparing for a defense in the upcoming case in which they are facing life in prison." *Id* at 2. Under these circumstances Bundy's request for access to discovery at the same time and place as other unnamed Bundy co-defendants is denied as vague and unintelligible.

Although the current motion does not explicitly say so, Bundy may be claiming he has not had access to the work product of the Coordinating Discovery Attorney. In April 2016, the court granted the request of 13 of the 19 defendants in this case to appoint a Coordinating Discovery Attorney ("CDA") "to facilitate the efficient production of evidence, assist in resolving accessibility of digitally stored data, and provide expertise in dealing with copying issues or corrupted file issues and the like." Ammon Bundy did not take a position with respect to whether a CDA should be appointed. At least two of the defendants who either disagreed that a CDA was needed or took no position subsequently requested and received an order allowing access to the work product and assistance of the CDA. Ammon Bundy has never requested access to the CDA's enormously helpful searchable database. The CDA and his extensive, highly-skilled staff have been assisting all counsel for defendants who have requested his assistance, and pro se defendant Ryan Bundy, since the beginning of this case. The court has no idea why Bundy and his counsel have declined to take advantage of the CDA's resources to date. However, to the extent Ammon Bundy's counsel now wants access to the searchable database set up by the CDA and his staff, the court will grant his request.

1        Having reviewed and considered the matter,

2        **IT IS ORDERED** that Ammon Bundy's Emergency Ex Parte Motion for Additional

3 Computer/Law Library Access (ECF No. 2276) is:

4        1.  **DENIED to** the extent he is requesting access for more than four hours a day for a total

5           of 28 hours a week.

6        2.  **GRANTED** to the extent the CDA or his designee shall, upon request, provide counsel

7           for Ammon Bundy with access to the searchable database, and a user name and

8           password, as expeditiously as possible.

9        DATED this 1st day of September, 2017.

11                                  _____

                                   PEGGY A. LEEN

12                                  UNITED STATES MAGISTRATE JUDGE