**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                                                     )<br>                          Plaintiff,    )<br>         vs.                                         )<br>                                                     )<br>CLIVEN D. BUNDY *et al.*,          )<br>                                                     )<br>                          Defendants.  )<br>_____)  | Case No.: 2:16-cr-46-GMN-PAL<br><br>**ORDER** |

Pending before the Court is the Motion in Limine, (ECF No. 1928), filed by Defendant Cliven Bundy ("Defendant") to preclude prejudicial hearsay for effect on the listener. Co-defendants David H. Bundy and Melvin D. Bundy filed Motions for Joinder. (ECF Nos. 1929, 1934). The Government timely filed a Response. (ECF No. 1982). For the reasons discussed below, the Court **DENIES** Defendant's Motion.

**I.    BACKGROUND**

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment charging nineteen defendants with sixteen counts related to a confrontation on April 12, 2014, with Bureau of Land Management ("BLM") Officers in Bunkerville, Nevada. (ECF No. 27).

**II.    LEGAL STANDARD**

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a). In order to satisfy the burden of proof for Federal Rule of Evidence 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987) ("We have traditionally required that these matters [regarding admissibility

determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

"Although the [Federal Rules of Evidence] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)). In limine rulings "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also Luce*, 469 U.S. at 41 (noting that in limine rulings are always "subject to change," especially if the evidence unfolds in an unanticipated manner).

## III.   DISCUSSION

In the instant Motion, Defendant seeks to exclude "highly prejudicial hearsay statements to be admitted to demonstrate their effect on the listener." (*See* Def. Mot. 2:4–5, ECF No. 1928). For example, Defendant argues that "witnesses have been permitted to testify as to 'statements where they were told a defendant committed a crime in furtherance of the conspiracy for effect on listener.'" (*Id.* 2:5–8). Defendant requests that the Court "put on the record the basis for the relevance of each 'effect on the listener' and/or 'course of the investigation' piece of evidence, and explain how it could possibly outweigh the defendants' interests in not having the jury prejudiced by *criminal accusations* being introduced through hearsay." (*Id.* 12:27–13:2).

The Government explains that it cannot properly respond to Defendant's Motion because it "fails to identify the speaker, what the speaker said, the premises under which the testimony was offered and/or why the testimony is hearsay and/or irrelevant. Thus, the government can only speculate as to what [Defendant] means[.]" (Gov't Resp. 2:8–12).

The Court agrees that Defendant has failed to identify the statements that he seeks excluded. Further, out-of-court statements introduced to show the effect on the listener are not

hearsay. *See United States v. Payne*, 944 F.2d 1458, 1472 (9th Cir. 1991) ("We find that the statement properly was treated as non-hearsay because it was not introduced for the truth of the matter asserted. The statement was introduced . . . to show the effect on the listener[.]"); *see also United States v. Connelly*, 395 F. App'x 407, 408 (9th Cir. 2010). Defendant may raise specific objections to testimony during trial when the testimony is offered. Accordingly, the Court denies Defendant's Motion in Limine.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion in Limine, (ECF No. 1928), is **DENIED**.

**IT IS FURTHER ORDERED** that the Motions for Joinder, (ECF Nos. 1929, 1934), are **GRANTED**.

**DATED** this  13  day of October, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court