# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CLIVEN D. BUNDY *et al.*, )<br>)<br>Defendants. )<br>———————————————————) | Case No.: 2:16-cr-46-GMN-PAL<br><br>**ORDER** |

Pending before the Court is the Motion in Limine, (ECF No. 2532), filed by Defendant Ryan W. Payne ("Defendant") to prohibit argument tying Eric Parker ("Parker") and O. Scott Drexler ("Drexler") to the conspiracy count against Defendant. Co-defendants Ammon E. Bundy and Cliven D. Bundy filed Motions for Joinder. (ECF Nos. 2540, 2545). The Government timely filed a Response, (ECF No. 2644), and Defendant filed a Reply, (ECF No. 2679). For the reasons discussed below, the Court **DENIES** Defendant's Motion.

## I.      BACKGROUND

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment charging nineteen defendants with sixteen counts related to a confrontation on April 12, 2014, with Bureau of Land Management ("BLM") Officers in Bunkerville, Nevada. (ECF No. 27).

## II.     LEGAL STANDARD

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a). In order to satisfy the burden of proof for Federal Rule of Evidence 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175–76

(1987) ("We have traditionally required that these matters [regarding admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

"Although the [Federal Rules of Evidence] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)). In limine rulings "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also Luce*, 469 U.S. at 41 (noting that in limine rulings are always "subject to change," especially if the evidence unfolds in an unanticipated manner).

## III.    DISCUSSION

In the instant Motion, Defendant moves to prohibit the Government from arguing that Parker or Drexler were involved in the conspiracy charge against Defendant in Count One under Title 18 U.S.C. § 371 of the Superseding Indictment. (Def. Mot. 3:8–10, ECF No. 2532); (*see* Superseding Indictment, ECF No. 27). Defendant argues that "whether Mr. Parker and Mr. Drexler joined a conspiracy with the others charged in the superseding indictment, including Mr. Payne, has already been resolved by the [Tier Three] trial." (*Id*. 3:20–22). Defendant claims that as a result of the Tier Three trial, the criteria for issue preclusion are met. (*Id*.). The Government responds that Defendant "misunderstands or misrepresents 'issue preclusion'" because "[t]here is no preclusive effect of Parker [or] Drexler's acquittal of conspiracy as to [Defendant] at all." (Gov't. Resp. 3:14, 4:7–8, ECF No. 2644). Defendant replies that "non-mutual issue preclusion" applies, and the Government should be prevented from "relitigating an issue it previously litigated unsuccessfully against a different party." (Def. Reply 4:3–5, ECF No. 2679).

"In criminal prosecutions, as in civil litigation, the issue-preclusion principle means that 'when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" *Bravo-Fernandez v. United States*, 137 S. Ct. 352, 356 (2016) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)).  That is, "the Double Jeopardy Clause precludes the Government from relitigating any issue that was necessarily decided by a jury's acquittal in a prior trial." *Yeager v. United States*, 557 U.S. 110, 119 (2009); *Sivak v. Hardison*, 658 F.3d 898, 918 (9th Cir. 2011).  "The burden is 'on the defendant to demonstrate that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding.'" *Schiro v. Farley*, 510 U.S. 222, 233 (1994) (quoting *Dowling v. United States*, 493 U.S. 342, 350 (1990)).

"Nonmutual collateral estoppel refers to use of collateral estoppel [also known as issue preclusion] by a nonparty to a previous action to preclude a party to that action from relitigating a previously determined issue in a subsequent lawsuit against the nonparty." *State of Idaho Potato Comm'n v. G & T Terminal Packaging, Inc.*, 425 F.3d 708, 714 n.3 (9th Cir. 2005). "Defensive use of collateral estoppel occurs when a defendant seeks to prevent a plaintiff from relitigating an issue the plaintiff has previously litigated unsuccessfully in another action against the same or a different party." *United States v. Mendoza*, 464 U.S. 154, 159 n.4 (1984). "The application of nonmutual estoppel in criminal cases is also complicated by the existence of rules of evidence and exclusion unique to our criminal law." *Standefer v. United States*, 447 U.S. 10, 23 (1980).

Here, the Court entered a Judgment of Acquittal on Count One for Parker and Drexler. (*See* ECF Nos. 2293, 2294).  Defendant, however, was not a party to the Tier Three trial  of Parker and Drexler. (*See* Severance Order, ECF No. 1098).  Defendant is an alleged co-conspirator with Parker and Drexler; he is not the same party from prior litigation.  Further, Defendant can be held liable for the acts of an acquitted co-conspirator. *See United States v.*

*Ching Tang Lo*, 447 F.3d 1212, 1226 (9th Cir. 2006) ("It is well established that a person may be convicted of conspiring with a co-defendant even when the jury acquits that co-defendant of conspiracy."). Therefore, Defendant's alleged involvement in the conspiracy is still at issue. The Government will not be relitigating the conspiracy charge against Parker and Drexler, but will be arguing with regard to Defendant's liability for conspiring with co-defendants who were acquitted. As such, Defendant has not met his burden to demonstrate that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding.

Accordingly, the Court DENIES Defendant's Motion in Limine.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion in Limine, (ECF No. 2532), is **DENIED**.

**IT IS FURTHER ORDERED** that the Motions for Joinder, (ECF Nos. 2540, 2545), are **GRANTED**.

**DATED** this _18_ day of October, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court