UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:16-cr-46-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| CLIVEN D. BUNDY *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Motion in Limine, (ECF No. 1715), filed by Defendant Ryan W. Payne ("Defendant") to preclude three Court Orders entered on November 3, 1998, July 9, 2013, and October 8, 2013 (the "Court Orders").[1] Co-defendants Ammon E. Bundy and Micah L. McGuire filed Motions for Joinder. (ECF Nos. 1722, 1762). The Government timely filed a Response, (ECF No. 1788).[2] For the reasons discussed below, the Court **DENIES** Defendant's Motion.

I. **LEGAL STANDARD**

In general, "[t]he court must decide any preliminary question about whether . . .evidence is admissible." Fed. R. Evid. 104(a). In order to satisfy the burden of proof for Federal Rule of Evidence 104(a), a party must show that the requirements for admissibility are met by a

---

[1] Defendant's Motion in Limine is filed under seal, however, Defendant does not provide an explanation as to why the Motion was filed under seal. Pursuant to District of Nevada Local Rules: "[u]nless otherwise permitted by statute, rule, or prior court order, papers filed with the court under seal must be accompanied by a motion for leave to file those documents under seal." (D. Nev. LR 10-5(a)). Defendant has not requested leave to file under seal, nor do the contents of the Motion or any attachments appear to be covered by the Court's Protective Order. (*See* Protective Order, ECF No. 609). As such, the Motion will be unsealed in three days unless Defendant can show good cause why the Motion should be sealed.

[2] On April 7, 2017, Defendant filed a Reply. (ECF No. 1843). Pursuant to the District of Nevada Local Rules: "Replies [to motions in limine] will be allowed only with leave of the court." (D. Nev. LR 16-3(a)). Defendant has not requested leave to file his Reply. As such, the Court will not consider Defendant's Reply.

preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987) ("We have traditionally required that these matters [regarding admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof."). "Although the [Federal Rules of Evidence] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)).  In limine rulings "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also Luce*, 469 U.S. at 41 (noting that in limine rulings are always "subject to change," especially if the evidence unfolds in an unanticipated manner).

## II. DISCUSSION

In the instant Motion, Defendant seeks to exclude the three Court Orders entered between 1998 and 2013 finding that co-defendant Cliven Bundy had been grazing cattle on federal government without authorization and ordering him to remove his cattle from the land. (*See* Def. Mot. 4:2–5, ECF No. 1715), (*see also* Court Orders, Ex. A–C to Def. Mot., ECF No. 1715-1).  Defendant claims these Court Orders are inadmissible under Federal Rules of Evidence ("FRE") 401, 403, 802, and 805. (*Id*. 4:10–11).  The Court will address each argument in turn.

### a. FRE Rules 802 and 805

First, Defendant argues that "the court orders from the underlying civil litigation are out-of-court statements that the government presumably intends to introduce for the truth of the matter asserted." (*Id.* 5:11–12).  Further, Defendant claims that the Court Orders "contain numerous double-hearsay statements that do not fall into any of the hearsay exceptions." (*Id.* 6:2–3).  The Government responds that the Court Orders are not hearsay because they "set out legally operative facts that form the basis for several counts in the Indictment." (Resp. 6:12–

13). Further, the Government avers that "legally operative words, such as a court order" are excluded from the definition of hearsay. (*Id.* 9:1–3). To the extent that the Court Orders contain hearsay, the Government claims that they fall within an exception under FRE 803(15). (*Id.* 6:14–15). Specifically, the Government claims that the Court Orders "'affect an interest in property[,]' . . . the 'statements' in the Court Orders are relevant to the issues lying at the heart of the present case[,] . . . [and] the government has never acted in a manner inconsistent with the Court Orders." (*Id.* 11:14–12:7).

"The [FRE] define hearsay as 'a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement.'" *United States v. Orm Hieng*, 679 F.3d 1131, 1141 (9th Cir. 2012) (quoting Fed. R. Evid. 801(c)). Hearsay statements are not admissible at trial unless they "fit within an exception to the rule against hearsay." *Id*. (citing Fed. R. Evid. 802, 805). Hearsay within hearsay is admissible only if "each link in the hearsay chain conforms to a separate hearsay exception." *Padilla v. Terhune*, 309 F.3d 614, 621 (9th Cir. 2002) (citing Fed. R. Evid. 805). "A prior judgment is therefore hearsay to the extent that it is offered to prove the truth of the matters asserted in the judgment. A prior judgment is not hearsay, however, to the extent that it is offered as legally operative verbal conduct that determined the rights and duties of the parties." *United States v. Boulware*, 384 F.3d 794, 806 (9th Cir. 2004).

Here, the Court finds that the Court Orders are being offered to show that Defendants conspired to obstruct justice and interfere with officials' authorized actions. (*See* Resp. 9:23–10:3). Specifically, the Government is offering the Court Orders to prove that BLM was acting pursuant to the Court's lawful authorization and to explain the BLM's course of conduct. For example, the Court Orders demonstrate why officials chose to pursue impoundment, why the BLM believed law enforcement participation was necessary, and how state and local officials came to be involved. (*Id.* 13:12–17). Moreover, Defendant provides four statements from the

1  Court Orders that he alleges are double hearsay because they reference statements made by the
2  BLM, the Clark County Sheriff, and the Government in its capacity as the Plaintiff in the civil
3  case. (*See* Def. Mot. 6:3–18).  In order for these statements to qualify as double hearsay, they
4  must be offered to prove the truth of the matter asserted. *See Orm Hieng*, 679 F.3d at 1141.
5  However, as the Government has shown, these statements are not being offered for the truth of
6  the matter asserted, but rather, they are offered as legally operative verbal conduct that
7  determined the rights and duties of the parties. *See Boulware*, 384 F.3d at 806.  Accordingly,
8  the Court holds that the Court Orders are not hearsay or double hearsay.

      **b.  FRE Rules 401 and 403**

Defendant claims that the Court Orders and their contents are "irrelevant and unduly prejudicial." (Def. Mot. 7:10).  Specifically, Defendant seeks to exclude "the factual background and legal analysis" of the three Court Orders because they "have no bearing on whether Defendants conspired to impede enforcement of those orders during the time period charged in the indictment, i.e., from March 2014 through the date of the superseding indictment." (*Id.* 10:17–20).  Moreover, Defendant claims that "the jury need know only that a court order exists; it need not know how or why that order was entered." (*Id.* 11:9–10). Defendant argues that the only portions of the Court Orders relevant to his guilt or innocence are the conclusions that establish that Cliven Bundy was under court order to remove his cattle from federal land, otherwise they are unduly prejudicial because they are likely to elicit an emotional response from the jury. (*Id.* 16:3, 10–12).

The Government responds that the Court orders are relevant to proving:

> 1) that the officers at the impoundment site were enforcing those Orders and were, therefore, 'discharging' their duties in 'the place where their duties were required to be performed,' 18 U.S.C. § 372 (Count 2); 2) that they were engaged in 'the performance of official duties,' 18 U.S.C. § 115 (Count 8); and 3) that named defendants, including [Defendant], interfered with 'the due administration of justice,' 18 U.S.C. § 1503 (Counts 10-12).

(*Id.* 7:18–8:1).  Therefore, the Government asserts that the conclusions of the Court Orders are not the only relevant portions because the Court Orders provide "careful analyses" and "relevant background to the issuance of the permanent injunctions" critical for the Government to establish that the actions taken were pursuant to lawful Court Orders. (*Id.* 8:6–11).  Further, the Court Orders are not "unfairly prejudicial evidence that outweighs the obvious probative value" because they are "highly probative of [Defendant's] motive and intent in joining the conspiracy with reference to the information available to him." (*Id.* 15:23–16:1, 16:7–8).

Only relevant evidence is admissible. *See United States v. Vallejo*, 237 F.3d 1008, 1015 (9th Cir. 2001) ("Evidence may not be admitted at trial unless it is relevant, as defined by Rule 401 of the Federal Rules of Evidence.").  Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FRE 401.  The court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403.

The Court finds that the Court Orders are relevant because they provide reasoning and background as to why the prior courts ordered permanent injunctions and the behavior the courts intended to enjoin.  Additionally, the Court agrees that the Court Orders are relevant to the counts charged, several of which explicitly rely on the Court Orders, including the obstruction of justice charges of Counts Two, Eight, Ten, Eleven, and Twelve. (*See* Superseding Indictment ¶¶ 158, 170, 174, 176, 178, ECF No. 27).   Any alleged prejudicial emotional response from the jury[3] is substantially outweighed by the high probative value of

---

[3] The Court notes its skepticism that the Court Orders would elicit an emotional response from the jury.  With the extensive video and photographic evidence likely to be presented in this case, these written Court Orders seem to be some of the evidence least likely to elicit an emotional response. "Although the statement possibly incited

the Court Orders. Therefore, the Court holds that the evidence is relevant and should not be excluded under Rule 403.

Accordingly, the Court denies Defendant's Motion in Limine.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion in Limine, (ECF No. 1715), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant shall have three days to provide justification for the sealing of Defendant's Motion in Limine, (ECF No. 1715), if no justification is provided the Motion will be automatically unsealed.

**IT IS FURTHER ORDERED** that the Motions for Joinder (ECF Nos. 1722, 1762) are **GRANTED**.

**DATED** this 19 day of October, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

*some* emotional response in the jurors, [FRE] 403 only forbids introduction of evidence that 'tends to affect adversely the jury's attitude toward the defendant *wholly apart* from its judgment as to his guilt or innocence of the crime charged.'" *United States v. Long*, 83 F. App'x 174, 175 (9th Cir. 2003) (quoting *United States v. Johnson*, 820 F.2d 1065, 1069 (9th Cir.1987)) (emphasis added).