UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:16-cr-46-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| CLIVEN D. BUNDY *et al.*, ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is the Motion in Limine, (ECF No. 2513), filed by Defendants Eric Parker ("Parker") and O. Scott Drexler ("Drexler") (collectively "Defendants") to exclude irrelevant and prejudicial evidence. Co-defendant Cliven D. Bundy filed a Motion for Joinder. (ECF No. 2546).[1] The Government filed a Response. (ECF No. 2654).[2] For the reasons discussed below, the Court **DENIES** Defendant's Motion.

I.  **BACKGROUND**

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment charging nineteen defendants with sixteen counts related to a confrontation on April 12, 2014, with Bureau of Land Management ("BLM") Officers in Bunkerville, Nevada. (ECF No. 27).

---

[1] On October 23, 2017, Defendants entered guilty pleas in this case. (*See* Minutes of Proceedings, ECF Nos. 2765, 2766). Despite Defendants' pleas, the Court will address the instant Motion to provide a finding for Cliven Bundy who has joined the Motion in Limine.

[2] On October 10, 2017, Defendants filed a Reply. (ECF No. 2721). Pursuant to the District of Nevada Local Rules: "Replies [to motions in limine] will be allowed only with leave of the court." (D. Nev. LR 16-3(a)). Defendants have not requested leave to file a Reply. As such, the Court will not consider Defendants' Reply.

In the instant Motion, Defendants seek to exclude evidence that they are affiliated with Idaho III%, and their involvement in Sugar Pine Mine: Operation Gold Rush ("Sugar Pine") and White Hope Mine: Operation Big Sky ("White Hope") (collectively the "operations"). (Def. Mot. 3:9, ECF No. 2513). The Sugar Pine incident occurred in April 2015, in Oregon, where Defendants traveled to a mining site on BLM-administered land, "conducted armed patrols[,] and presented as a show of force in order to prevent federal officers from entering the property and taking any regulatory efforts with respect to the mine." (Resp. 3:9–11, ECF No. 2654). The White Hope incident occurred in August 2015, at a mining site in Montana administered by the United States Forest Service, where Defendants allegedly participated in similar show of force actions. (Resp. 3:12–20).

During the retrial of Defendants that commenced on July 10, 2017, the Court admitted this evidence over Defendants' objection. (*See* Order, ECF No. 2137) (holding that the evidence of Defendants participation in the Idaho III% and their involvement in the operations are inextricably intertwined with the charged conspiracy under 18 U.S.C. § 372). At the conclusion of the retrial, the jury returned no verdict for Parker and Drexler on Count Five: assault on a federal officer and Count Six: use and carry of a firearm in relation to a crime of violence. (*See* Jury Verdict, ECF No. 2290). The jury also returned no verdict for Parker on Count Eight: threatening a federal officer and Count Nine: use and carry of a firearm in relation to a crime of violence. (*Id.*). Both Defendants were acquitted on the remaining counts, including Counts One and Two related to the conspiracy charges. (*See* Judgment of Acquittal, ECF Nos. 2293, 2294). Trial on the remaining counts is set to commence on October 30, 2017.

## II. LEGAL STANDARD

### A. Motion in Limine

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a). In order to satisfy the burden of proof for

Federal Rule of Evidence ("FRE") 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987) ("We have traditionally required that these matters [regarding admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

"Although the [FRE] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)). In limine rulings "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also Luce*, 469 U.S. at 41 (noting that in limine rulings are always "subject to change," especially if the evidence unfolds in an unanticipated manner).

**B. Applicable Rules of Evidence**

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1028 (9th Cir. 2015).

FRE 403 requires the Court to determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993); *see* Fed. R. Evid. 403. "[P]rejudice alone is insufficient; unfair prejudice is required." *United States v. Skillman*, 922 F.2d 1370, 1374 (9th Cir. 1990) (citing *United States v. Bailleaux*, 685 F.2d 1105, 1111 & n. 2 (9th Cir. 1982)). Unfair prejudice "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may

cause a jury to base its decision on something other than the established propositions in the case." *Id.* (internal quotation marks and citation omitted).

As to FRE 404(b), evidence of crimes, wrongs, or other acts is not admissible to prove the character of an accused in order to show action in conformity with that character. *Arambula-Ruiz*, 987 F.2d at 602; Fed. R. Evid. 404(b)(1). However, this evidence can be admitted under FRE 404(b) if the evidence is used to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b)(2). In order to be properly admitted under FRE 404(b), evidence must satisfy four requirements: "(1) it must prove a material element of the offense for which the defendant is now charged; (2) in certain cases [where knowledge or intent are at issue], the prior conduct must be similar to the charged conduct; (3) proof of the prior conduct must be based upon sufficient evidence; and (4) the prior conduct must not be too remote in time." *United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993).

Nevertheless, the FRE 404(b) analysis is not required for "other acts" evidence if such evidence is actually "inextricably intertwined" with the charged offense. *United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987). Evidence is "inextricably intertwined" when it (1) may constitute a portion of the transaction giving rise to the criminal charge; or (2) may be necessary to allow the prosecution "to offer a coherent and comprehensible story regarding the commission of the crime." *United States v. Vizcarra–Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995). Courts look to both temporal proximity and substantive similarly when determining that evidence is inextricably intertwined. *See United States v. Rrapi*, 175 F.3d 742, 750 (9th Cir. 1999) (evidence of prior uncharged burglaries was "inextricably intertwined" with charged crimes where uncharged burglaries were obtained during period of government surveillance, involved similar pattern of conduct, and occurred close in time to charged crimes); *see United States v. Berkman*, 298 F.3d 788, 794 (9th Cir. 2002) (finding that evidence regarding drug

1  mule's prior drug run was necessary to show why mule was later entrusted with more than $1
2  million worth of drugs).

### III. DISCUSSION

In the instant Motion, Defendants argue that "[t]he government's evidence regarding Idaho III%, Sugar Pine, and White Hope is not relevant, nor inextricably intertwined with the remaining charged offenses." (Def. Mot. 3:9–10). Defendants claim that these three pieces of evidence are not relevant based on their timing in relation to the the charges against them that allegedly took place on April 14, 2014. (*Id.* 4:10–13). Specifically, Defendants "were not members of the Idaho III% until after the events in Bunkerville took place[,]" and "any participation in Sugar Pine or White Hope did not transpire until over a year after the Bunkerville standoff." (*Id.* 4:8–10). Defendant avers that "taking into account the significant gap in time between [the evidence and the alleged crimes], they can hardly be said to shed any light on the probability of facts or charges at hand, and thus cannot be of any relevance at all." (*Id.* 4:11–13). Defendants alternatively argue that "informing the jury of defendants joining a militia and participating in two separate protests after the fact, is more prejudicial than probative." (*Id.* 4:14–15). Additionally, Defendants claim that this evidence is not permissible under FRE 404(b) because the evidence is not "'prior bad acts', but rather future acts." (*Id.* 5:20).

The Government responds that Defendants' "conduct at these other events thus tend to prove [Defendants'] intent, motive, knowledge and the absence of mistake on April 12 regardless of whether they acted individually or as part of a conspiracy." (Resp. 9:17–19, ECF No. 2654). The Government claims that it may present this evidence "under a theory of aiding and abetting or based on direct liability" to prove that Defendants are guilty of threatening and assaulting officers. (*Id.* 9:7–9). Further, the Government asserts that "[u]nder either theory, evidence that the April 2014 events were part of a greater 'movement' that [Defendants] joined

and pushed forward is relevant, probative and inextricably intertwined with the crimes charged." (*Id.* 9:9–12).

The Court finds that the evidence regarding Idaho III%, Sugar Pine, and White Hope is relevant because it has a tendency to make the alleged fact that Defendants threatened or assaulted officers more or less probable than it would be without the evidence. *See Velazquez*, 793 F.3d at 1028. Further, the Court agrees that evidence concerning Idaho III%, Sugar Pine, and White Hope tends to prove Defendants' intent, motive, knowledge and the absence of mistake on April 12, 2014.

First, the evidence is material of the elements of the counts charged, including the assault and threating charges of Counts Five, Six, Eight, and Nine because the other acts tend to show motive. (*See* Superseding Indictment ¶¶ 164, 166, 170, 172). Second there are similarities between the other acts and the charged conduct because both include showing force against federal agents to prevent those agents from accomplishing their lawful actions. As alleged in the Superseding Indictment, the Defendants traveled to Nevada with their firearms to prevent the BLM from executing lawful court orders. Similarly, as alleged in the Government's Notice, both the Sugar Pine and White Hope incidents involved Defendants traveling to another state to prevent federal officers from enforcing federal mining regulations through a "show of force." (*See* Gov't 404(b) Notice 2:13–3:5, ECF No. 1983).

Third, the prior conduct is based on sufficient evidence, and this is not a point that Defendants contests. *Id.* Fourth, the other acts are not too remote in time. "This circuit has not adopted a bright line rule concerning remoteness in time, . . . where the prior acts were similar to those charged, [however,] previous decisions have upheld admission of evidence of acts up to twelve years old." *United States v. Rude*, 88 F.3d 1538, 1550 (9th Cir. 1996), *as amended on denial of reh'g* (Sept. 10, 1996). Defendants claim that more than a year between Defendant's participation in Sugar Pine or White Hope and the charged conduct. (Def. Mot. 6:22–22). This

timing however is relatively close in time to the charged conduct, and supports the "movement" that the Government alleges Defendants joined. (Gov't. Resp. 9:9–12). Further, the prior conduct need not occur before the charged conduct. *See United States v. Bosby*, No. 1:16-CR-171-LJO-SKO, 2017 WL 3118006, at *3 (E.D. Cal. July 21, 2017) (finding "that the evidence is admissible under FRE 404(b) because it proves a material point, *occurred very shortly after the charged conduct*, and is sufficient to show that Defendant committed the acts charged.") (emphasis added). For these reasons, the Government has established a permissible reason for this evidence of "other acts" to be admitted under FRE 404(b).

Defendants also argue that because militias have a negative connotation the evidence about their involvement with the Idaho III%, Sugar Pine, and White Hope is more prejudicial than probative. (Def. Mot. 4:18–20). The Court disagrees. The probative value of the evidence as motive, intent, or plan is not substantially outweighed by the danger of unfair prejudice. *See Arambula-Ruiz*, 987 F.2d at 602. Defendant's alleged involvement may invoke prejudice in the jury, but does not raise to the level of the required "unfair prejudice." *See Skillman*, 922 F.2d at 1374. Defendants involvement or lack thereof goes to the weight of the evidence, as to be determined by the jury, not to the admissibility of the evidence.

Accordingly, the Court DENIES Defendants' Motion in Limine.

///

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Motion in Limine, (ECF No. 2513), is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Joinder, (ECF No. 2546), is **GRANTED**.

**DATED** this   24   day of October, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court