UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:16-cr-46-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| CLIVEN D. BUNDY *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Motion in Limine, (ECF No. 2557), filed by Defendant Cliven Bundy ("Defendant") to compel the appearance and availability of Dan Love ("Love") as a witness. Co-defendant Ryan W. Payne filed a Motion for Joinder. (ECF No. 2572). The Government timely filed a Response. (ECF No. 2669). For the reasons discussed below, the Court **DENIES** Defendant's Motion.

**I.    BACKGROUND**

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment charging nineteen defendants with sixteen counts related to a confrontation on April 12, 2014, with Bureau of Land Management ("BLM") Officers in Bunkerville, Nevada. (ECF No. 27).

**II.    LEGAL STANDARD**

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a). In order to satisfy the burden of proof for Federal Rule of Evidence 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987) ("We have traditionally required that these matters [regarding admissibility

determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

"Although the [Federal Rules of Evidence] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)). In limine rulings "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also Luce*, 469 U.S. at 41 (noting that in limine rulings are always "subject to change," especially if the evidence unfolds in an unanticipated manner).

## III.  DISCUSSION

In the instant Motion, Defendant argues that "this trial court's denial of the Tier 3 defendants' motion to compel Dan Love to testify improperly applied the federal rules of evidence." (Def. Mot. 7:1–2, ECF No. 2557). Consequently, Defendant moves the Court to "order that Dan Love be made available to call as a witness for the defense, either by requiring the United States to make him available to accept a subpoena, or if necessary, through a material witness warrant." (*Id*. 7:9–11). The reasoning Defendant provides for the Court to grant this Motion is that "Dan Love is one of the primary eye-witnesses to this case, and compulsory process requires his availability." (*Id.* 7:4–5).

The Government responds that "[D]efendant's Motion fails to demonstrate the need for an order to compel – he fails to show that Mr. Love has been served with a subpoena and that he refuses to either appear or testify." (Gov't. Resp. 5:14–16, ECF No. 2669). Additionally, the Government argues that the Motion does not "make any offer of proof about the expected testimony the defendant seeks to adduce such that the Court can determine whether Mr. Love's testimony is at all relevant to any issue in the trial or whether Mr. Love is likely to assert any privilege at trial." (*Id.* 5:16–21).

The Court agrees that Defendant's Motion does not describe the testimony the he seeks to introduce, other than to say that Love is a primary eye-witness. (Def. Mot. 7:4). Based on the current information provided by Defendant, the only reason this evidence is discoverable is to impeach Love if he testifies. However, Defendant is not permitted to call Love for the purposes of impeaching him. (*See* Trial 1 Day 23 Tr. 47:4–5, ECF No. 1889) ("Unless there is testimony provided, there is no right to impeach."); *see also United States v. Highsmith*, 21 F. App'x 657, 658 (9th Cir. 2001) (allowing the Government to call a witness to impeach a portion of her testimony, because the Government did not appear to have called the witness for the primary purpose of impeaching her.); *see also United States v. Gomez-Gallardo*, 915 F.2d 553, 555 (9th Cir. 1990) ("[T]he maximum legitimate effect of the impeaching testimony can never be more than the cancellation of the adverse answer by which the party is surprised." (quoting *United States v. Crouch*, 731 F.2d 621, 623 (9th Cir.1984), *cert. denied*, 469 U.S. 1105 (1985) (internal quotations omitted)); *see also United States v. Peterman*, 841 F.2d 1474, 1479 (10th Cir. 1988) (finding that impeachment is not permitted where it is employed "as a guise for submitting to the jury substantive evidence that is otherwise unavailable." (quoting *United States v. Silverstein*, 737 F.2d 864, 868 (10th Cir.1984)). The Court finds that the relevance of Love's testimony for a non-impeachment purpose has not been established. *See Velazquez v. City of Long Beach*, 793 F.3d 1010, 1028 (9th Cir. 2015).

It is therefore too premature to determine if a motion to compel is appropriate. Accordingly, Defendant's Motion is DENIED.

///

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion in Limine, (ECF No. 2557), is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Joinder, (ECF No. 2572), is **GRANTED**.

**DATED** this __24__ day of October, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court