# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

CLIVEN D. BUNDY, et al.,

        Defendants.

Case No.: 2:16-cr-046-GMN-PAL

**ORDER**

        Pending before the Court is Las Vegas Review-Journal and Battle Born Media's ("Proposed Intervenors'") Emergency Motion to Intervene. (ECF No. 2999).

        Intervention is typically linked to the public's presumptive right of access to court documents and records. *See United States v. Loughner*, 807 F. Supp. 2d 828, 830 (D. Ariz. 2011). In general, the press and the public have a qualified First Amendment right of access to pretrial hearings and documents. *See Seattle Times Co. v. U.S. Dist. Ct.*, 845 F.2d 1513, 1515. (9th Cir. 1988). The Ninth Circuit has not expressly held the press has a right to intervene to challenge access to judicial proceedings and records in criminal cases; however, it has held that the press has standing to seek review of orders denying access to judicial proceedings or documents by petition for writ of mandamus. *See, e.g.*, *Oregonian Publ'g Co. v. U.S. Dist. Ct.*, 920 F.2d 1462, 1465 (9th Cir. 1990); *Seattle Times*, 845 F.2d at 1515; *United States v. Brooklier*, 685 F.2d 1162, 1165–66 (9th Cir. 1982); *Sacramento Bee v. U.S. Dist. Ct.*, 656 F.2d 477, 480 (9th Cir. 1981).

        Although the general rule is that "the right of a non-party to intervene in a criminal proceeding is doubtful," *In re Globe Newspaper Co.*, 920 F.2d 88, 90 (1st Cir. 1990), federal courts generally have permitted limited intervention by the media for the purpose of pursuing a

request for access to material made part of the record during court proceedings. *See, e.g.*, *United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008); *In re Associated Press*, 162 F.3d 503, 507 (7th Cir. 1998) (collecting cases); *Stephens Media, LLC v. Eighth Jud. Dist. Ct.*, 221 P.3d 1240, 1247 (Nev. 2009) ("[S]everal federal jurisdictions have held that because the First Amendment implicitly guarantees the right to access criminal trials, motions to intervene are procedurally proper when the public or press seeks to intervene for the limited purpose of accessing a criminal proceeding or court documents.").

In the instant Motion, Proposed Intervenors seek leave to file their proposed Motion to Unseal Court Documents. (*See* Mot. to Intervene 4:27–28, ECF No. 2999). Proposed Intervenors are media organizations that "have reported and will continue to report on several of the defendants in this case, which is of vital interest to their readership." (*Id.* 3:9–10). Proposed Intervenors seek to inform their readers about material made part of the record in this case, specifically, the Government's investigation mentioned in sealed documents on the Court's docket. (*Id.* 3:10–11). On May 3, 2016, a similar Motion to Intervene, (ECF No. 358), was filed requesting leave to file an opposition to the Government's Motion for Protective Order. Judge Leen found that "allowing intervention will promote transparency and the integrity of the judicial proceedings in this case." (Order Granting Mot. to Intervene 5:20–21, ECF No. 569). For these same reasons, the Court GRANTS Proposed Intervenors' Emergency Motion to Intervene.

///

Accordingly,

**IT IS HEREBY ORDERED** that Proposed Intervenors' Emergency Motion to Intervene, (ECF No. 2999), is **GRANTED** for the limited purpose of filing their proposed Motion to Unseal Court Documents.

**IT IS FURTHER ORDERED** that Intervenors shall separately file the proposed Motion to Unseal Court Documents in compliance with the Court's CM/ECF filing procedures and the Local Rules of Practice.

**DATED** this 14 day of December, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court