UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No.: 2:16-cr-046-GMN-PAL |
| vs. | ) |
| | ) **ORDER** |
| CLIVEN D. BUNDY, RYAN C. BUNDY, AMMON E. BUNDY, and RYAN W. PAYNE, | ) ) ) ) |
| Defendants. | ) ) |

Pending before the Court is the Government's Motion to Reconsider Order Dismissing Indictment with Prejudice, (ECF No. 3175). Defendants Ryan Bundy ("R. Bundy"), Ryan Payne ("Payne"), and Cliven Bundy ("C. Bundy") (collectively "Defendants") filed Responses, (ECF Nos. 3192, 3194, 3195).[1] The Government filed a Reply, (ECF No. 3199). For the reasons discussed below, the Government's Motion to Reconsider is **DENIED**.

I. **BACKGROUND**

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment charging nineteen defendants with sixteen counts related to a confrontation on April 12, 2014, with Bureau of Land Management ("BLM") Officers in Bunkerville, Nevada. (ECF No. 27).

On December 20, 2017, the Court granted a motion for mistrial, (ECF No. 2856), finding that the Government's failure to disclose evidence resulted in numerous *Brady*

---

[1] Defendant Ammon Bundy filed a Motion for Joinder, (ECF No. 3197), to Ryan Payne's Response, (ECF No. 3194). For good cause appearing, the Court **GRANTS** Ammon Bundy's Motion for Joinder, (ECF No. 3197).

violations. (Mins. of Proceedings, ECF No. 3041). Specifically, the Court found that the Government willfully failed to disclose potentially exculpatory, favorable and material information including, but not limited to, the following documents and their contents: (1) the Federal Bureau of Investigation's ("FBI's") Law Enforcement Operation Order; (2) the FBI Burke 302 about Egbert; (3) the FBI 302 about BLM Delmolino authored by Special Agent Willis; (4) the FBI 302 about BLM Special Agent Felix observing the listening post/observation posts ("LPOPs"); (5) the FBI 302 about BLM Racker assignment to LPOP; (6) the unredacted FBI TOC log; and (7) the various threat assessments by different agencies including the FBI and BLM. (*See generally* Tr., ECF No. 3049); (*see also* Tr. 13:7–22, ECF No. 3122).

Following the Court's declaration of mistrial, the Court ordered a hearing on the issue of whether dismissal should be granted with or without prejudice and provided additional time for briefing on the issue. (Mins. of Proceedings, ECF No. 3041). On January 8, 2018, the Court granted Defendants' motions to dismiss with prejudice, (ECF Nos. 2883, 2906, 3082, 3085 [public documents 3057, 3058, 3087 and 3088 respectively]). (Mins. of Proceedings, ECF No. 3116). The Court found that dismissal with prejudice was necessary for two reasons. First, the Government's outrageous conduct amounted to a due process violation. (Tr. 21:8–11, ECF No. 3122). Second, the Court determined that the Government's flagrant misconduct resulted in substantial prejudice to Defendants. (*Id.* 21:14–15). Due to the Government's flagrant misconduct and the resulting prejudice, the Court found that dismissal with prejudice was proper under its supervisory powers to: (1) remedy the constitutional violation, (2) protect judicial integrity by ensuring that a conviction rests only on appropriate considerations validly before a jury, and (3) deter future illegal conduct. (*Id.* 21:20–24).

In the instant Motion, the Government requests that the Court reconsider its Order, (ECF No. 3116), dismissing the indictment with prejudice. (Mot. to Reconsider 1:20–24, ECF No. 3175).

## II. LEGAL STANDARD

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). Reconsideration is appropriate where: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

A motion for reconsideration is not a mechanism for rearguing issues presented in the original filings. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); *see also* D. Nev. LR 59-1(b) ("Motions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions."). Furthermore, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945.

## III. DISCUSSION

In the instant Motion, the Government claims that the Court's ruling dismissing the indictment with prejudice is clearly erroneous for two reasons: (1) the dismissal was "predicated on the government's failure to disclose certain documents that could be used only to support the legally non-cognizable and unsupportable defenses of self-defense, 'provocation,' and 'intimidation'; [sic] or arguably to rebut three overt acts . . . in furtherance of the alleged conspiracy;" and (2) "the Court failed to consider less drastic remedies or tailor

the remedy to the violations, as required." (Mot. to Reconsider 2:1–8, ECF No. 3175). Additionally, the Government argues that dismissal with prejudice is "unwarranted and unjust." (*Id.* 26:3). The Court will address each argument in turn.

### A. Defenses and Overt Acts

#### 1. *Self-Defense and Duplicative Evidence*

The Government argues that "[t]o the extent the Court's dismissal with prejudice is predicated on the materiality of the late-disclosed evidence to defendant's theories of 'self-defense, provocation, and intimidation,' it is in error. Because these theories are not cognizable on the undisputed facts, they cannot form the basis of a *Brady* violation." (Mot. to Reconsider 19:3–6). Further, the Government claims that its "'failure' to produce information to help the defendants develop a 'defense' they had no right to make does not violate *Brady*." (*Id.* 21:6–7).

Payne responds that "[t]his argument is nothing new—the government has repeatedly made this argument, and Payne has repeatedly addressed it." (Resp. 6:5–7, ECF No. 3194).

The Court agrees with Payne that the Government is repeating an argument it presented in previous filings. (*See e.g.* ECF Nos. 2064, 2514). The Court expressed in a prior order that evidence of self-defense is "irrelevant at trial unless Defendants can provide an offer of proof outside the presence of the jury that the defense instruction should apply." (Order 5:3–5, ECF No. 2770). In that same order, the Court found that

> at least some of the subject matter pertaining to perceived government misconduct is relevant to defending against these charges. In particular, such evidence and testimony supports a defense to Count Sixteen, Interstate Travel in Aid of Extortion pursuant to 18 U.S.C. § 1952; Count Twelve, Obstruction pursuant to 18 U.S.C. § 1503; and Count Five, Assault on a Federal Officer pursuant to 18 U.S.C. § 111(a)(1) and (b). (*See* Superseding Indictment, ECF No. 27). Further, some of this evidence may be relevant to an excessive use of force defense to Count Five. *See United States v. Span*, 75 F.3d 1383, 1389 (9th Cir. 1996).

This order did not permit the Government to withhold evidence that would allow Defendants to make a proffer of self-defense. In fact, the order's language placed the Government on notice that evidence that could bolster a theory of self-defense might become relevant at trial. Thus, in the interest of justice, evidence that could support a theory of self-defense should have been turned over to the defense.

Additionally, the Government cites *United States v. Ross*, 372 F.3d 1097, 1109 (9th Cir. 2004), *on reh'g in part* (9th Cir. 2005), to strengthen its position that if there are no facts to support a theory of self-defense then there has been no *Brady* violation. (Mot. to Reconsider 21:5–22). In *Ross*, the court found that the government failed to disclose evidence that had "little probative value" for an entrapment defense because it required "several additional inferences, unfounded in the evidence, to conclude that the government actually induced Ross to participate in the cocaine deal." *Id.* 372 F.3d at 1109. Ultimately, the *Ross* court affirmed the district court's finding that the evidence was immaterial for a *Brady* violation where the undisclosed evidence only addressed inducement and presented no facts to refute predisposition for their entrapment defense. *Id.*

Here, unlike *Ross*, the undisclosed evidence is more closely aligned with a theory of self-defense. The evidence that the Government failed to disclose, such as the insertion and positioning of snipers and cameras surveilling the Bundy home, is evidence of provocation. *United States v. Moore*, 483 F.2d 1361, 1385 (9th Cir. 1973), provides the rule that "an individual has a limited right to offer reasonable resistance to an arrest that is the product of an officer's personal frolic . . . That right is not triggered by the absence of probable cause, but rather by the officer's *bad faith or provocative conduct*." *United States v. Span*, 970 F.2d 573, 580 (9th Cir. 1992) (emphasis added). The Government's theory of prosecution relies on the fact that Defendants were acting offensively instead of defensively. The evidence that the Government failed to disclose could have assisted Defendants in showing that the officers were

engaging in provocative conduct and that Defendants were not the aggressors. Therefore, the undisclosed evidence might have supported a theory of self-defense.

Furthermore, *Ross* relies on the definition of materiality as applied to appellate review and is not appropriate in this context where Defendants have not been convicted and the trial was never completed. *Ross* is not persuasive because generally in most cases, a court cannot determine mid-trial if the prosecution's failure to disclose evidence favorable to a theory of self-defense would have materially affected a jury verdict in the future.

Self-defense has been at issue for each tier of defendants that has gone to trial in this case, as evidenced by motions in limine and trial briefs filed by the Government. (*See e.g.* ECF Nos. 1799, 2064, 2514). The claim that the Government did not need to provide evidence of provocation, intimidation, and self-defense is outrageous given that this defense was at issue in the previous trials, and the Court instructed that it would hear an offer of proof for the theory of self-defense outside the presence of the jury. Because some evidence pertaining to perceived government misconduct is relevant to defending against Counts Five, Twelve, and Sixteen, and because the possibility of a self-defense theory exists, the Court finds that it did not err in finding that evidence of this nature amounted to a *Brady* violation and should have been disclosed.

With respect to the Government's argument that the evidence it failed to disclosed was duplicative, the Court rejects this argument. The Government claims its "untimely disclosure of mostly duplicative information regarding law enforcement's preparation for the impoundment and security activities during the impoundment did not hamper the defendants' ability to 'develop' any valid claim of self-defense, 'provocation,' or 'intimidation.'" (Mot. to Reconsider 24:3–6). However, in the instant filing, the Government is admitting that it "previously explained, *see* ECF No. 3081, most of the information the government subsequently produced was duplicative." (Mot. to Reconsider 23:14–16).

The Government is correct that it is repeating its pervious arguments. Because a motion for reconsideration is not a mechanism for rearguing issues already presented, this argument fails. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); *see also* D. Nev. LR 59-1(b).

2. *Overt Acts*

The Government argues that "[d]ismissal with prejudice is an inappropriate sanction" for *Brady* violations "based on the Government's failure to produce evidence potentially relevant to rebut the overt acts alleged in paragraphs 84, 88, and 92 of the superseding indictment" because the Government's "conduct was neither shocking nor flagrant." (Mot. to Reconsider 22:19–23, 23:17). Specifically, the Government claims that Defendants "did not suggest (and the Court did not accept) that basis for the information's relevance or materiality until November 8, 2017." (*Id.* 23:1–3). Additionally, the Government avers that "the overt acts in question were but three of the 78 charged overt acts, and were unnecessary to establish the elements of any of the charged offenses." (*Id.* 23:3–4). Lastly, the Government argues that "the Court itself explicitly found that this potential value of the information [regarding the surveillance camera] was not readily apparent until the defendants identified that new basis." (*Id.* 23:4–6). The Government contends that once Defendants "articulated the potential value of the material to rebut those three overt acts" regarding Defendants' alleged false representations about the BLM "the government quickly began reviewing its database and disclosing additional information to comply with that order." (*Id.* 23: 11–14).

Payne argues the Government's claim that "Defendants needed to tell the government what its own indictment said to establish the relevancy of their defenses and discovery requests is baseless . . . The government's continuing claim that the relevance of such evidence was somehow a mystery until November 8, 2017 was and remains 'grossly shocking.'" (Resp. 8:11–14, ECF No. 3194).

C. Bundy states that the Government is suggesting it "had no idea they should have disclosed evidence which rebutted factual allegations made in their own indictment." (Resp. 6:10–11, ECF No. 3195). C. Bundy contends that "[n]o prosecutor can be so naive as to believe he has the authority to subject a citizen to criminal jeopardy on a specific factual charge while simultaneously hiding evidence which squarely rebuts that factual charge." (*Id.* 6:12–14).

The Court's finding of outrageous government conduct was not in error. The duty to disclose *Brady* material "is applicable even though there has been no request by the accused." *Strickler v. Greene*, 527 U.S. 263, 280 (1999). Defendants are not responsible for articulating the value of material that the Government conceded in its Motion is "arguably relevant to rebut three of the 78 overt acts in furtherance of the conspiracy alleged in the superseding indictment." (Mot. to Reconsider 2:15–18).

Further, the notion that the Government did not become aware of Defendants' theory to rebut any of the overt acts listed in the superseding indictment until November 8 2017, is unconvincing. As Payne mentions in his response, the Government "has based its theory of prosecution in every trial on an allegation that the Defendants' claims about the BLM and other federal agencies were knowingly false. *See, e.g.*, ECF 3027, pp. 9-16." (Resp. 7:4–6, ECF No. 3194). The Government has a duty to disclose evidence that negates Defendants' guilt, including evidence that is useful to rebut the three overt acts in the indictment. (*See* Tr. 13:7–10, ECF No. 3122) ("The Court found previously that there had been multiple *Brady* violations because the government failed to produce evidence that bolstered the defense and was useful to rebut the government's theory.").

The Court cannot determine the potential value of evidence, and Defendants cannot use evidence that is favorable to its theory, unless it is disclosed by the Government. Because the Court gains understanding of the case throughout the trial process the prosecutor is tasked with making the determination of what is material and favorable to the accused before trial begins.

*See United States v. Bagley*, 473 U.S. 667, 674 (1985). The evidence disclosed need not be admissible so long as it is reasonably likely to lead to discoverable evidence. *See US v. Price*, 566 F.3d 900, 913 n.14 (9th Cir. 2009). Therefore, the Court's recognition of the potential value of the information at trial is not necessary to trigger the Government's duty to disclose under *Brady*. "[W]here doubt exists as to the usefulness of evidence," the Government "should resolve such doubts in favor of full disclosure." *United States v. Van Brandy*, 726 F.2d 548, 552 (9th Cir. 1984) (citing *United States v. Goldberg*, 582 F.2d 483, 489 (9th Cir. 1978). Accordingly, the Court did not commit clear error when it determined that the Government's conduct was outrageous and flagrant for failing to disclose documents that could be used to rebut overt acts in the superseding indictment.

**B. Lesser Remedial Action**

The Government claims that the Court erred by failing to consider lesser sanctions. (Mot. to Reconsider 23:18). In the instant Motion, the Government provides alternative sanctions the Court should have considered in order to "'neutralize the taint' of the misconduct." (*Id.* 25:23). First, the Government suggests that striking the three alleged overt acts in paragraphs 84, 88, and 92 of the superseding indictment and precluding evidence to support those claims is an adequate remedy. (Mot. to Reconsider 24:12–15). Second, the Government contends that the Court "could have considered dismissing Count 1, the conspiracy count which requires proof of an overt act" and "Count 16, which makes reference to the defendants' use of the internet in aid of extortion" to remedy any prejudice to Defendants. (*Id.* 24:19–20, 25:1). Lastly, the Government claims that the Court "could have dismissed the case against these defendants without prejudice as a sanction." (*Id.* 25:12–13).

The Government's claim that the Court failed to consider lesser sanctions is incorrect. The Court stated in its dismissal Order that "it is the Court's position that *none of the alternative sanctions available* are as certain to impress the government with the Court's

resoluteness in holding prosecutors and their investigative agencies to the ethical standards which regulate the legal profession as a whole." (Tr. 21:2–7, ECF No. 3122) (emphasis added). The Court considered the option for retrial suggested by the Government, along with other lesser sanctions. (*Id.* 20:22–23). However, the Court found that no lesser sanction would adequately deter future investigatory and prosecutorial misconduct. (*Id.* 20:20–21). Therefore, the Court did not fail to consider lesser remedial sanctions that would adequately remedy the harm done.

Furthermore, it was incumbent upon the Government to present the Court with these lesser sanctions earlier in the litigation at the time when its brief opposing dismissal with prejudice was filed. *See Carroll*, 342 F.3d at 945 (a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."). The Government presents these lesser sanction options for the first time in its Motion to Reconsider. As Payne states in his Response, the Government "filed an over-sized, 48-page Brief Opposing Dismissal With Prejudice," and "[t]he only 'appropriate remedy' the government sought, in a one-page section at the end of its brief, was simply to proceed with a retrial on the indictment." (Response 10:12–17, ECF No. 3194). The Court finds that the appropriate time to argue whether the counts were severable to remedy the prejudice to Defendants has past.[2] Accordingly, the Government's argument that the Court erred because it did not consider lesser sanctions fails.

**C. Unjust Dismissal**

The Government claims that dismissal with prejudice is unjust because it "would encourage the defendants, their supporters, and the public to disrespect the law and the lawful

---

[2] Despite the Government's untimely argument, the Court has again reviewed each count in the superseding indictment, (ECF No. 27), and still does not find that any count could survive and not be affected by the Government's *Brady* violations.

orders of the courts," and "increases the risk of danger to federal officers executing their duties, subjecting them to assaults and threats." (Mot. to Reconsider 27:3–6, 27:10–11).

The Court does not find that its Order dismissing this case with prejudice was manifestly unjust. On the contrary, a universal sense of justice was violated by the Government's failure to provide evidence that is potentially exculpatory. The Court gave somber consideration to the ramifications of its Order and found that it was in the interest of justice to dismiss the case with prejudice. A motion for reconsideration should not be "used to ask the Court to rethink what it has already thought." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003); *see also Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). The Court finds that the Government has failed to provide the Court with a reason that would warrant reconsideration.

The Court has reviewed its prior Order, (ECF No. 3116), and the arguments presented by the Government in its Motion and has not found any reason to overturn the Court's previous Order. The Court finds neither clear error nor manifest injustice in the reasoning of its previous Order. Additionally, Defendant cites no newly discovered evidence or intervening change in controlling law. For these reasons, the Court adheres to the ruling in its previous Order, (ECF No. 3116), and denies the Government's Motion to Reconsider.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Government's Motion to Reconsider, (ECF No. 3175), is **DENIED**.

**IT IF FURTHER ORDERED** that Ammon Bundy's Motion for Joinder, (ECF No. 3197), is **GRANTED**.

**DATED** this \_\_\_3\_\_\_ day of July, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court